UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| LEON KHASIN, individually and on behalf of all others similarly situated,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>THE HERSHEY COMPANY,<br><br>　　　　Defendant. | Case No.: 5:12-CV-01862 EJD<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS; DENYING DEFENDANT'S MOTION TO STRIKE**<br><br>**[Re: Docket No. 30]** |

　　　　Presently before the Court is Defendant The Hershey Company's ("Defendant") Motion to Dismiss the Amended Complaint filed by Plaintiff Leon Khasin ("Plaintiff"). See Docket Item No. 30. Defendant has also filed, in the alternative, a Motion to Strike several allegations in the Complaint as "immaterial." Id. Having fully reviewed the parties' papers the Court will grant in part and deny in part Defendant's Motion to Dismiss. The Court will deny Defendant's Motion to Strike.

1

Case No.: 5:12-CV-01862 EJD
ORDER GRANTING IN PART AND DENYING IN PARTY DEFENDANT'S MOTION TO DISMISS; DENYING DEFENDANT'S MOTION TO STRIKE

**1. Background**

Plaintiff has filed this putative class action under several California laws including the Unfair Competition Law (UCL), Bus. & Prof. Code § 17200 et seq.; Consumers Legal Remedies Act, Cal. Civ. Code § 1750 et seq.; and the Beverly-Song Act, Cal. Civ. Code § 1790 et seq. Plaintiff has also alleged state-law claims of restitution based on common law theories of unjust enrichment and quasi-contract and a federal claim for breach of warranty arising out of the Magnuson-Moss Act, 15 U.S.C. § 2301.

Plaintiff alleges that Defendant engaged in misleading conduct by advertising and labeling several of its products in violation of the aforementioned laws and labeling requirements. Plaintiff alleges that these violations include the following:

> (1) making unlawful nutrient content claims on the labels of food products that fail to meet the minimum nutritional requirements legally required for the nutrient content claims being made; (2) making unlawful antioxidant claims on the labels of food products that fail to meet the minimum nutritional requirements legally required for the antioxidant claims being made; (3) failing to abide by the standards of identities for its chocolate and cocoa products; (4) failing to utilize the common or usual names of ingredients on its product labels; (5) making unlawful sugar free claims and utilizing improper serving sizes; (6) making unlawful and unapproved "healthy" claims about its products that are prohibited by law, and (7) making unlawful and unapproved health claims about its products that are prohibited by law.

Pl.'s Opp'n to Def.'s Mot. to Dismiss the Am. Compl. at 1.

Defendant moves to dismiss the Amended Complaint for several reasons. First, Defendant argues that Plaintiff's causes of action are preempted by the Food and Drug Administration ("FDA") regulations promulgated pursuant to the federal Food, Drug, and Cosmetic Act ("FDCA") and the Nutrition Labeling and Education Act ("NLEA"). Second, Defendant contends that Plaintiff lacks standing under Article III of the U.S. Constitution to bring suit of this nature. And third, Defendant argues that the Amended Complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) because Plaintiff fails to state a claim upon which relief could be granted.

As an alternative to its Motion to Dismiss, Defendant has filed a Motion to Strike all claims and allegations that involve statements published by Defendant that Plaintiff does not allege to have seen and Hershey products Plaintiff does not allege to have purchased.

## 2. Motion to Dismiss

### 2.1 Legal Standards

Defendant has moved to dismiss the Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief could be granted as well as pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction.

#### 2.1.1 Standard for 12(b)(6) Motion to Dismiss for Failure to State a Claim

Federal Rule of Civil Procedure 8(a) requires a plaintiff to plead each claim with sufficient specificity to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotations omitted). A complaint which falls short of the Rule 8(a) standard may be dismissed if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir. 2008). Moreover, the factual allegations "must be enough to raise a right to relief above the speculative level" such that the claim "is plausible on its face." Twombly, 550 U.S. at 556–57.

When deciding whether to grant a motion to dismiss, the court generally "may not consider any material beyond the pleadings." Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1555 n.19 (9th Cir. 1990). The court must accept as true all "well-pleaded factual allegations." Ashcroft v. Iqbal, 556 U.S. 662 (2009). The court must also construe the alleged facts in the light most favorable to the plaintiff. Love v. United States, 915 F.2d 1242, 1245 (9th Cir.

1988). "[M]aterial which is properly submitted as part of the complaint may be considered." Twombly, 550 U.S. at 555. But "courts are not bound to accept as true a legal conclusion couched as a factual allegation." Id.

Fraud-based claims are subject to heightened pleading requirements under Federal Rule of Civil Procedure 9(b). In that regard, a plaintiff alleging fraud "must state with particularity the circumstances constituting fraud." Fed. R. Civ. Proc. 9(b). The allegations must be "specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." Semegen v. Weidner, 780 F.2d 727, 731 (9th Cir. 1985). To that end, the allegations must contain "an account of the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations." Swartz v. KPMG LLP, 476 F.3d 756, 764 (9th Cir. 2007). Averments of fraud must be accompanied by the "who, what, when, where, and how" of the misconduct charged. Vess v. Ciba–Geigy Corp. USA, 317 F.3d 1097, 1106 (9th Cir. 2003) (citation omitted). Additionally, "the plaintiff must plead facts explaining why the statement was false when it was made." Smith v. Allstate Ins. Co., 160 F. Supp. 2d 1150, 1152 (S.D. Cal. 2001) (citation omitted); see also In re GlenFed, Inc. Sec. Litig., 42 F.3d 1541, 1549 (9th Cir. 1994) (en banc) (superseded by statute on other grounds).

### 2.1.2 Standard for 12(b)(1) Motion to Dismiss for Lack of Subject Matter Jurisdiction

A party may file a motion to dismiss with the Court for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). A Rule 12(b)(1) motion may be either facial or factual. Wolfe v. Strankman, 392 F.3d 358, 362 (9th Cir. 2004). A facial 12(b)(1) motion involves an inquiry confined to the allegations in the complaint, whereas a factual 12(b)(1) motion permits the court to look beyond the complaint to extrinsic evidence. Id. When a defendant makes a facial challenge, all material allegations in the complaint are assumed true, and the court must determine whether lack

4

Case No.: 5:12-CV-01862 EJD
ORDER GRANTING IN PART AND DENYING IN PARTY DEFENDANT'S MOTION TO DISMISS; DENYING DEFENDANT'S MOTION TO STRIKE

of federal jurisdiction appears from the face of the complaint itself. Thornhill Publ'g Co. v. General Tel. Elec., 594 F.2d 730, 733 (9th Cir. 1979).

On a factual challenge, the party opposing the motion must produce affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction. Safe Air For Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004). Under a factual attack, the court need not presume the plaintiff's allegations as true. White v. Lee, 227 F.3d 1214, 1242 (9th Cir. 2000); accord Augustine v. United States, 704 F.2d 1074, 1077 (9th Cir. 1983). In the absence of a full-fledged evidentiary hearing, however, disputed facts pertinent to subject matter jurisdiction are viewed in the light most favorable to the nonmoving party. Dreier v. United States, 106 F.3d 844, 847 (9th Cir. 1996). The disputed facts related to subject matter should be treated as they would in a motion for summary judgment. Id.

An Article III federal court must ask whether a plaintiff has suffered sufficient injury to satisfy the "case or controversy" requirement of Article III of the U.S. Constitution. To satisfy Article III standing, plaintiff must allege: (1) an injury in fact that is concrete and particularized, as well as actual and imminent; (2) that the injury is fairly traceable to the challenged action of the defendant; and (3) that it is likely (not merely speculative) that injury will be redressed by a favorable decision. Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc., 528 U.S. 167, 180–81, 120 S.Ct. 693, 145 L.Ed.2d 610 (2000); Lujan v. Defenders of Wildlife, 504 U.S. 555, 561–62, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992). A suit brought by a plaintiff without Article III standing is not a "case or controversy," and an Article III federal court therefore lacks subject matter jurisdiction over the suit. Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 101, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998). In that event, the suit should be dismissed under Rule 12(b)(1). See id. at 109–10. At least one named plaintiff must have suffered an injury in fact. See Lierboe v. State Farm Mut. Auto. Ins. Co., 350 F.3d 1018, 1022 (9th Cir. 2003) ("[I]f none of the named plaintiffs purporting to represent a class establishes the requisite of a case or controversy with the defendants, none may seek relief on behalf of himself or any other member of the class.").

The party seeking to invoke federal court jurisdiction has the burden of establishing the constitutional elements of standing. See Lujan, 504 U.S. at 561.

### 2.2 Discussion

Defendant offers several arguments supporting its Motion to Dismiss. Each will be addressed below.

#### 2.2.1 Preemption

Defendant first argues that each of Plaintiffs' causes of action predicated upon state law is preempted by federal law, namely the Food, Drug, and Cosmetic Act ("FDCA"), 21 U.S.C. § 301 et seq., as amended by the 1990 Nutrition Labeling and Education Act ("NLEA"). Defendant contends that language in the federal law explicitly precludes Plaintiff, a private actor, from enforcing this federal law and the FDA regulations. Defendant further argues that such enforcement is precluded by the doctrine of preemption because a judgment in Plaintiff's favor would impose requirements different from or in addition to the exhaustive federal laws and regulations.

The preemption doctrine stems from the Supremacy Clause of Article VI of the U.S. Constitution, under which federal law is deemed the "supreme law of the land." Federal law preempts state law where any of the three forms of preemption are found: (1) express preemption; (2) field preemption; and (3) and implied preemption. Hillsborough County, Florida v. Automated Med. Labs. Inc., 471 U.S. 707, 713, 105 S.Ct. 2371, 85 L.Ed.2d 714 (1985). In other words, federal preemption occurs when Congress enacts a statute that explicitly preempts state law; when state law actually conflicts with federal law; or when federal law occupies a legislative field to such an extent that it is reasonable to conclude that Congress left no room for state regulation in the field. Chae v. SLM Corp., 593 F.3d 936, 941 (9th Cir. 2010).

Defendant's first argument for preemption—that a private right of action to enforce labeling requirements is barred by the FDCA—stems from the following FDCA provision: "Except as provided in subsection (b) of this section, all such proceedings for the enforcement, or to restrain violations, of this chapter shall be by and in the name of the United States." 21 U.S.C. § 337(a). Defendant argues that this language explicitly prevents Plaintiff from bringing forth his cause of action.

This argument is inapposite. In this case, Plaintiff has not brought suit to enforce the federal statute; rather, Plaintiff's action is based on parallel state laws that mirror the relevant sections of the FDCA and the NLEA. Plaintiff's multiple claims are predicated upon state laws, such as the Sherman Food, Drug and Cosmetic Law, which prescribes labeling requirements that are similar, if not identical to, the requirements under FDCA and NLEA. In such cases, courts have refused to find that preemption precludes the private, state-based causes of action. Chacanaca v. Quaker Oats Co., 752 F. Supp. 2d 1111, 1118 (N.D. Cal. 2010); Chavez v. Blue Sky Natural Beverage Co., 268 F.R.D. 365, 371 (2010); see also Hughes v. Boston Scientific Corp., 631 F.3d 762 (5th Cir. 2011).

Rationale for this conclusion stems from decisions by the United States Supreme Court that have held that similar provisions of the FDCA "do[ ] not prevent a State from providing a damages remedy for claims premised on a violation of FDA regulations; the state duties in such a case 'parallel,' rather than add to, federal requirements." Riegel v. Medtronic, Inc., 552 U.S. 312, 330 (2008); see also Wyeth, 555 U.S. at 574 (allowing a state-based consumer product liability suit to proceed in the face of the FDCA's failure to provide for a federal private right of action).

Defendant attempts to bolster its argument by pointing to the Ninth Circuit's recent decision in Pom Wonderful LLC v. Coca-Cola Co., 679 F.3d 1170 (2012). In Pom Wonderful, a pomegranate juice beverage manufacturer brought suit against Coca-Cola under the federal Lanham Act alleging false and deceptive labeling. Id. The plaintiff also brought state law claims under California's Unfair Competition Law and False Advertising Law alleging deceptive and misleading advertising practices. Id. The Ninth Circuit faced the issue as to whether these claims

7
Case No.: 5:12-CV-01862 EJD
ORDER GRANTING IN PART AND DENYING IN PARTY DEFENDANT'S MOTION TO DISMISS; DENYING DEFENDANT'S MOTION TO STRIKE

were preempted by the FDCA. The court held that a plaintiff could not bring federal Lanham Act claims where doing so would require litigating whether the conduct in question violates the FDCA. Id. at 1176. Regarding the state law claims, the court did not make a determination on the preemption question, but rather remanded to the district court to decide a question of standing. Id. at 1179. In sum, contrary to Defendant's contention, the Pom Wonderful court only held that the FDCA bars causes of actions brought under the federal Lanham Act where doing so would implicate the rules and regulations set forth under the FDCA. Id.; see also Delacruz v. Cytosport, Inc., No. 11-3532, at 16 n.3 (N.D. Cal. June 28, 2012) ("[T]he Ninth Circuit did not rule on whether the FDCA expressly preempted Pom's state law claims under the UCL and FAL. . . . The Ninth Circuit's preemption ruling was limited to a finding that the FDCA preempted Pom's claims under the Lanham Act."). In this case, as noted, Plaintiff does not bring a cause of action based on the federal FDCA or NLEA but rather based on state laws; as such, the Pom Wonderful holding is inapplicable as to whether section 337(a) preempts the claims based upon California state law.

Defendant next argues that express preemption language from the FDCA acts as a bar to Plaintiff's state-based claims. The relevant preemption language of the FDCA is as follows: "[N]o State or political subdivision of a State may directly or indirectly establish under any authority or continue in effect as to any food in interstate commerce any requirement for nutrition labeling of food that is not identical to the requirement of section 343(q) of this title." 21 U.S.C. § 343-1(a)(4). Section 343(q), which provides rules and regulations regarding food labeling and nutrition information, was part of the NLEA Congress enacted to amend the FDCA in 1990. Pursuant to the NLEA, the FDA has promulgated regulations with respect to food labeling. See, e.g., 21 C.F.R. §§ 101.1–101.18. Defendant contends that Plaintiff's claims are preempted because Plaintiff is seeking to impose requirements that are "not identical" to the language of the FDCA statute and the rules and regulations imposed by the FDA.

State consumer protection laws are preempted if they seek to impose requirements that contravene the requirements set forth by federal law. See Wyeth v. Levine, 555 U.S. 555, 129 S.Ct.

8
Case No.: 5:12-CV-01862 EJD
ORDER GRANTING IN PART AND DENYING IN PARTY DEFENDANT'S MOTION TO DISMISS; DENYING DEFENDANT'S MOTION TO STRIKE

1187, 1200, 173 L.Ed.2d 51 (2009); see also Astiana v. Ben & Jerry's Homemade, Inc., Nos. C 10-4387, C 10-4937, 2011 WL 2111796 (N.D. Cal. May 26, 2011). Even if a federal law contains an express preemption clause, it does not immediately end the inquiry because the question of the substance and scope of Congress' displacement of state law still remains. Altria Group, Inc. v. Good, 555 U.S. 70, 129 S.Ct. 538, 543, 172 L.Ed.2d 398 (2008). When determining the existence and scope of preemption, courts are guided by two major principles. First, the purpose of Congress "is the ultimate touchstone" in every preemption case; second, in areas of traditional state regulation, the court assumes that a federal law does not supplant state law unless Congress has made such an intention clear and manifest. Wyeth, 129 S.Ct. at 1194–95 (citations and quotations omitted). Accordingly, Defendant's preemption arguments must overcome the presumption against preemption because food labeling has been an area historically governed by state law. See Plumley v. Massachusetts, 155 U.S. 461, 472, 15 S.Ct. 154, 39 L.Ed. 223 (1894).

Underlying Plaintiff's cause of action is the allegation that Defendant's practices have violated California state law provisions that govern the types of representations made on food labels. Plaintiff also contends that these provisions mirror the FDCA and federal regulations. As such, contrary to Defendant's contention, complying with the demand requested by Plaintiff in this cause of action would not require that Defendant undertake food labeling or representation different from the provisions of the FDCA or the rules and regulations promulgated by the FDA. For these reasons, the Court cannot conclude that Plaintiff's claims are expressly preempted. See Astiana, Nos. C 10-4387, C 10-4937, 2011 WL 2111796 at *10 (finding that the same section of the FDCA does not preempt state-based UCL claims that would not impose requirements upon the defendant that differ from the federal requirements); Lockwood v. Conagra Foods, Inc., 597 F. Supp. 2d 1028, 1031 (N.D. Cal. 2009) (same).

9
Case No.: 5:12-CV-01862 EJD
ORDER GRANTING IN PART AND DENYING IN PARTY DEFENDANT'S MOTION TO DISMISS; DENYING DEFENDANT'S MOTION TO STRIKE

### 2.2.2 Standing

Defendant next argues that that Plaintiff's claims must be dismissed because Plaintiff has failed to plead facts sufficient to establish constitutional standing. As noted, to establish Article III standing, a plaintiff must allege facts showing an "injury-in-fact," causation, and redressability such that the injury will be likely redressed by a decision in the plaintiff's favor. Lujan, 504 U.S. at 561–62. An "injury in fact" requires showing "an invasion of a legally protected interest which is concrete and particularized and actual or imminent, not conjectural or hypothetical." Id. at 560 (citations and internal quotation marks omitted).

In this case, Defendant asserts that Plaintiff's alleged injury is "a legal construct" insufficient to satisfy the injury-in-fact requirement of Article III standing. Defendant supports this by pointing to the fact that Plaintiff has not alleged a bodily injury after purchasing and consuming products in question. Additionally, Defendant appears to argue that the connection between an alleged violation of labeling regulations on the labeling materials and an economic injury is too tenuous to show an injury-in-fact.

The Court rejects these arguments and concludes that Plaintiff alleges facts sufficient for Article III standing. In the Amended Complaint, Plaintiff asserts that he would not have purchased the products in question had he known the truth about these products and had they been properly labeled in compliance with the labeling regulations. Further, Plaintiff alleges that he had cheaper product alternatives for purchase at his disposal. Notwithstanding whether this type of economic injury is merely a "legal construct" as Defendant contends, courts have found it to be an adequate allegation to satisfy the injury-in-fact prong of Article III standing. See Chavez v. Blue Sky Natural Beverage Co., 340 Fed. App'x 359, 360–61 (9th Cir. 2009) (finding a sufficient pleading of injury-in-fact where a plaintiff alleged that he would not have paid for allegedly mislabeled products had he known the truth about the products' geographic origins); Astiana, Nos. C 10-4387, C 10-4937, 2011 WL 2111796 at *10 (finding standing where plaintiffs alleged that they would not have purchased ice cream labeled "all natural" had they known that the product contained a synthetic

10

Case No.: 5:12-CV-01862 EJD
ORDER GRANTING IN PART AND DENYING IN PARTY DEFENDANT'S MOTION TO DISMISS; DENYING DEFENDANT'S MOTION TO STRIKE

substance); Carrea v. Dreyer's Grand Ice Cream, Inc., No. 10-01044, 2011 WL 159380, at *2–3 (N.D. Cal. Jan. 10, 2011) ("Because Plaintiff alleges that the Drumstick products cost more than similar products without the alleged misrepresentations, the SAC sufficiently alleges some economic injury . . . ."). Furthermore, Plaintiff alleges that he has lost money or property when he purchased the products in question because he did not receive the full value of those products as advertised and labeled due to the alleged misrepresentation. As the Ninth Circuit in Chavez v. Blue Sky Natural Beverage Co. noted, this too is sufficient to establish injury-in-fact for the purposes of standing. 340 Fed. App'x at 361.

Plaintiff has satisfied the UCL's statutory injury-in-fact requirement for similar reasons. Under the statute, a plaintiff must allege that he or she "has suffered injury in fact and has lost money or property as a result of the unfair competition." See Cal. Bus. & Prof. Code §§ 17204, 17535; Cal. Civ. Code § 1780(a). As noted in the discussion regarding constitutional standing, Plaintiff has alleged that he would not have purchased the products but for Defendants' allegedly misleading conduct; in that regard Plaintiff contends that he did not receive the full value for his purchases because he did not obtain the products as advertised and described by the labeling. As such, Plaintiff has made a showing of an injury in fact and loss of money or property, thus satisfying the requirement for statutory standing under the UCL. See Kwikset Corp. v. Superior Court, 51 Cal.4th 310 (2011) ("A consumer who relies on a product label and challenges a misrepresentation contained therein can satisfy the standing requirement of section 17204 by alleging . . . that he or she would not have bought the product but for the misrepresentation."); Chavez v. Blue Sky Natural Beverage Co., 340 Fed. App'x at 361–62; Carrea, No. 10-01044, 2011 WL 159380, at *2.

### 2.2.3 Plausibility of Plaintiff's Claims

Regarding the substance of the claims, Defendant contends that Plaintiff fails to plead a plausible legal theory in satisfaction of Rule 8's pleading requirement. As an example to support

11

Case No.: 5:12-CV-01862 EJD
ORDER GRANTING IN PART AND DENYING IN PARTY DEFENDANT'S MOTION TO DISMISS; DENYING DEFENDANT'S MOTION TO STRIKE

this premise, Defendant points to Plaintiff's claims that the Hershey labels stating that its products are sources of antioxidants were misleading and in violation of the FDA regulations. Defendant contends that in order to actually have been misled by this allegedly non-compliant labeling, Plaintiff would have had to (i) have been familiar with the FDA regulations regarding the use of phrases like "excellent source" and "good source"; (ii) have believed that Hershey's use of the word "source" without a modifying adjective was the legal equivalent of the claim that the products were a "good source" or "excellent source" of antioxidants; and (iii) have concluded based on the "source of antioxidants" labeling alone that the products contained more antioxidants than they actually do contain. Defendant argues that the notion that a "reasonable consumer," as Plaintiff purports to be, had this knowledge and reached these conclusions is legally implausible under the standards set forth in Iqbal and Twombly.

The Court rejects this argument simply because the issues Defendant raise ultimately involve questions of fact as to whether Plaintiff was or was not deceived by the labeling; this argument is therefore beyond the scope of this Rule 12(b)(6) motion. See Williams v. Gerber Products Co., 552 F.3d 934, 938–39 (9th Cir. 2008); Astiana, Nos. C 10-4387, C 10-4937, 2011 WL 2111796 at *4.

### 2.2.4 Particularity of the Fraud Claims

Defendant also argues that Plaintiff's claims fail to meet Rule 9(b)'s specificity and particularity requirements for claims that involve allegations of fraud or misrepresentation. As noted above, averments of fraud must be accompanied by the "who, what, when, where, and how" of the misconduct charged. Vess, 317 F.3d at 1106 (citation omitted). Plaintiff contends that the Amended Complaint does give sufficiently particularized and specific allegations so as to satisfy Rule 9(b): the "who" is Defendant The Hershey Company; the "what" is the seven discrete statements that Plaintiff asserts are in violation of the labeling rules and regulations; the "when" is since 2008 and throughout the Class Period; the "where" is on the package labels of the products in

12

Case No.: 5:12-CV-01862 EJD
ORDER GRANTING IN PART AND DENYING IN PARTY DEFENDANT'S MOTION TO DISMISS; DENYING DEFENDANT'S MOTION TO STRIKE

question and on Defendant's website; and the "how the statements were misleading" is Plaintiff's allegation that but for Defendant's misrepresentations he would not have purchased the products, and thus he was deceived.

The Court agrees with Plaintiff and rejects Defendant's argument that the Amended Complaint's showing of misrepresentation falls short of the Rule 9(b) requirement. The Court also notes that the existence of questions of fact with regards to Plaintiff's allegations of fraud or misrepresentation does not render the pleadings inadequate for the purposes of this Motion to Dismiss.

### 2.2.5   Breach of Warranty Claims

Defendant moves to dismiss Plaintiff's breach of warranty claims brought under the California Song-Beverly Consumer Warranty Act, Cal. Civ. Code § 1790 et seq., and the federal Magnuson-Moss Warranty Act, 15 U.S.C. § 2301 et seq.

The Song-Beverly Act provides a right of action for a buyer of consumer goods who is harmed by the manufacturer or seller's failure to comply under an express or implied warranty or service contract. Cal. Civ. Code § 1794. The Act defines "consumer goods" as "any new product or part thereof that is used, bought, or leased for use primarily for personal, family, or household purposes, except for . . . consumables." Id. at § 1791(a) (emphasis added). The Act defines "consumables" as "any product that is intended for consumption by individuals, or use by individuals for purposes of personal care or in the performance of services ordinarily rendered within the household, and that usually is consumed or expended in the course of consumption or use." Id. at 1791(d). Because the Court agrees with Defendant that the products in question fall under the definition of the exempted "consumables," Plaintiff's claims predicated upon the Song-Beverly Act are dismissed.

The federal Magnuson-Moss Warranty Act creates a civil cause of action for consumers to enforce the terms of implied or express warranties. 15 U.S.C. § 2310(d). However, the Court's

13

Case No.: 5:12-CV-01862 EJD
ORDER GRANTING IN PART AND DENYING IN PARTY DEFENDANT'S MOTION TO DISMISS; DENYING DEFENDANT'S MOTION TO STRIKE

jurisdiction with regards to claims brought under the Act is limited: a federal court cannot hear such claims brought as part of a class action if "the number of named plaintiffs is less than one hundred." Id. at § 2310(d)(3)(C). For that reason, the Court grants Defendant's Motion to Dismiss the claims predicated upon the Magnuson-Moss Warranty Act. See Alsup v. 3-Day Blinds, Inc., 435 F. Supp. 2d 838, 844 n.2 (S.D. Ill. 2006).

#### 2.2.6 Unjust Enrichment

Defendant's final argument is that Plaintiff's claim for "unjust enrichment" must be dismissed because California does not recognize "unjust enrichment" as a cause of action. The Court rejects this contention. Unjust enrichment has been recognized as an allegation akin to "quasi-contract": a restitution claim brought forth so as to avoid unjustly conferring a benefit upon a defendant in the absence of a valid and enforceable contract. See Vicuna v. Alexia Foods, Inc., No. 11-6119, 2012 WL 1497507, at *3 (N.D. Cal. Apr. 27, 2012) (finding that plaintiffs may proceed with claims of "unjust enrichment" in fraud-related claims as a claim for restitution); Astiana, Nos. C 10-4387, C 10-4937, 2011 WL 2111796 at *11 (denying a motion to dismiss an "unjust enrichment" claim in a similar cause of action for misrepresentation in food product labeling).

### 3. Motion to Strike

As an alternative to its Motion to Dismiss, Defendant asserts a Motion to Strike all claims predicated on statements Plaintiff did not see and that concern products that Plaintiff did not purchase.

#### 3.1 Standard for 12(f) Motion to Strike

The Court may strike "from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Because such motions are

14

Case No.: 5:12-CV-01862 EJD
ORDER GRANTING IN PART AND DENYING IN PARTY DEFENDANT'S MOTION TO DISMISS; DENYING DEFENDANT'S MOTION TO STRIKE

disfavored, a motion to strike will generally not be granted unless it is clear the matter to be stricken could not have any possible bearing on the subject matter of the litigation. See RDF Media Ltd. v. Fox Broad. Co., 372 F. Supp. 2d 556, 566 (C.D. Cal. 2005); see also LeDuc v. Ky. Cent. Life Ins. Co., 814 F. Supp. 820, 830 (N.D. Cal. 1992).

When the court considers a motion to strike, it "must view the pleading in a light most favorable to the pleading party." In re 2TheMart.com, Inc. Sec Litig., 114 F. Supp. 2d 955, 965 (C.D. Cal. 2000). A motion to strike should be denied if there is any doubt whether the allegations in the pleadings might be relevant in the action. Id. Material that is redundant, immaterial, impertinent or scandalous is properly stricken. Id.

### 3.2 Discussion

In support of its Motion to Strike, Defendant argues that any claims predicated on alleged misrepresentation on Defendant's website should be stricken because Plaintiff never states that he visited the website. On the contrary, immediately after describing the health claims on Defendant's website and arguing that such claims were misleading, Plaintiff alleges that he "saw such health related claims and relied on the Hershey's health claims which influenced his decision to purchase Defendant's products. Plaintiff would not have bought the products had he known Hershey's claims were unapproved and that the products were thus misbranded." Am. Compl. ¶¶ 98–99.

Defendant also argues that Plaintiff's claims involving misleading labeling on products he does not allege he purchased should be stricken. In response, Plaintiff asserts that such claims should not be stricken from his class action complaint because there is sufficient similarity between the products which he claims he did purchase and those which he did not. The Court will deny Defendant's motion to strike in that regard as any concerns about the differences among the products are better addressed at the class certification stage rather than at the present stage. See Astiana v. Dreyer's Grand Ice Cream, Inc., Nos. C-11-2910, C-11-3164, 2012 WL 2990766, at *13 (N.D. Cal. July 20, 2012).

### 4. Conclusion and Order

For the reasons discussed above, Defendant's Motion to Dismiss is GRANTED IN PART AND DENIED IN PART, and Defendant's Motion to Strike is DENIED.

**IT IS SO ORDERED.**

Dated: November 9, 2012



EDWARD J. DAVILA
United States District Judge

16
Case No.: 5:12-CV-01862 EJD
ORDER GRANTING IN PART AND DENYING IN PARTY DEFENDANT'S MOTION TO DISMISS; DENYING DEFENDANT'S MOTION TO STRIKE