# EXHIBIT A



**SKYE ASTIANA, et al., Plaintiffs, v. THE HAIN CELESTIAL GROUP, INC. et al., Defendants.**

**No. C 11-6342 PJH**

**UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA**

*2012 U.S. Dist. LEXIS 165368*

**November 19, 2012, Decided**
**November 19, 2012, Filed**

**PRIOR HISTORY:** *Astiana v. Hain Celestial Group, Inc., 2012 U.S. Dist. LEXIS 152377 (N.D. Cal., Oct. 22, 2012)*

**COUNSEL:** [*1] For Skye Astiana, Plaintiff: .Michael D. Braun, Braun Law Group, P.C., Los Angeles, CA; Joseph N. Kravec, Jr., Stember Feinstein Doyle Payne & Kravec, LLC, Pittsburgh, PA.

For Tamar Davis Larsen: Plaintiff: Joseph N. Kravec, Jr., Stember Feinstein Doyle Payne & Kravec, LLC, Pittsburgh, PA.

For The Hain Celestial Group, Inc., Defendant: Margaret Dorothy Wilkinson, Simon J. Frankel, William J. Friedman, IV, LEAD ATTORNEYS, Covington & Burling LLP, San Francisco, CA; Matthew D Kellogg, LEAD ATTORNEY, San Francisco, CA.

For Jason Natural Products, Inc., Defendant: Margaret Dorothy Wilkinson, Simon J. Frankel, LEAD ATTORNEYS, Covington & Burling LLP, San Francisco, CA; Matthew D Kellogg, LEAD ATTORNEY, San Francisco, CA; William J. Friedman, Covington & Burling LLP, San Francisco, CA;.

**JUDGES:** PHYLLIS J. HAMILTON, United States District Judge.

**OPINION BY:** PHYLLIS J. HAMILTON

**OPINION**

**ORDER GRANTING MOTION TO DISMISS**

Defendants The Hain Celestial Group, Inc.'s and JASON Natural Products, Inc.'s motion to dismiss came on for hearing before this court on October 24, 2012. Plaintiffs Skye Astiana and Tamar Davis Larsen ("plaintiffs") appeared through their counsel, Joseph N. Kravec, Jr. Defendants The Hain Celestial Group, Inc. [*2] and JASON Natural Products, Inc. ("defendants") appeared through their counsel, William Friedman. Having read the papers filed in conjunction with the motion and carefully considered the arguments and the relevant legal authority, and good cause appearing, the court hereby GRANTS defendants' motion to dismiss the second amended complaint ("SAC") as follows.

This case is about defendants' use of the terms "all natural," "pure natural," and "pure, natural & organic" on the labels of their cosmetic products. Plaintiffs allege that defendants' use of the word "natural" on these products is false and misleading, because the products actually contain artificial and/or synthetic materials. Plaintiffs have asserted six causes of action under California law: (1) common law fraud, (2) unlawful business practices in violation of California's Unfair Competition Law ("UCL"), (3) unfair business practices in violation of the UCL, (4) fraudulent business practices in violation of the UCL, (5) violation of California's false advertising law, and (6) violation of California's Consumers Legal Remedies Act. All of these claims are premised on the argument that defendants improperly used the word "natural" [*3] on their cosmetics products' labels. Plaintiffs acknowledge that the Food & Drug Administration ("FDA") has "no policy, informal or otherwise, regarding the use of the term 'natural' on cosmetics." Dkt. 76 at 11. The only federal statute governing cosmetics labeling is contained within the Food, Drug, and Cosmetic Act

("FDCA"), and consists of only a general prohibition on labels that are "false or misleading in any particular." *21 U.S.C. § 362*. Plaintiffs argue that this court need not wait for any specific guidance from the FDA regarding this prohibition, pointing out that courts routinely "decide whether conduct is misleading." Dkt. 76 at 14.

Plaintiffs are correct that courts do regularly decide whether conduct is false or misleading. But courts do not decide such issues when such a decision would "undermin[e], through private litigation, the FDA's considered judgments." *Pom Wonderful LLC v. Coca-Cola Co., 679 F.3d 1170, 1178 (9th Cir. 2012)*. The Pom case is especially instructive here. In that case, a juice manufacturer (Pom) alleged that its competitor (Coca-Cola) misled customers by labeling its juice as "Pomegranate Blueberry," even though pomegranate and blueberry juices made [*4] up only 0.5% of the final product. Pom sought a ruling forcing Coca-Cola to place the phrase "Flavored Blend of 5 Juices" on the label in a font of equal size and prominence as the phrase "Pomegranate Blueberry." The court rejected Pom's claim, because "allowing Pom to achieve this result would again undermine the FDA's regulations and expert judgments." *Id. at 1177*. The court noted that the FDA had already issued regulations governing "the words and statements that must or may be included on labeling," and had already "specified how prominently and conspicuously those words and statements must appear." Id. However, "[d]espite speaking extensively to how prominently required words or statements must appear, the FDA has not (so far as we can tell) required that all words in a juice blend's name appear on the label in the same size or that words hew to some other standard that Pom might have us impose." Id. Thus, the court found that "[a]s best we can tell, Coca-Cola's label abides by the requirements the FDA has established." *Id. at 1178*. Critically, the court made clear that by "concluding that Pom's claim is barred, we do not hold that Coca-Cola's label is non-deceptive." Id. However, [*5] the court found that Congress had entrusted the task of guarding against deception to the FDA:

> If the FDA believes that more should be done to prevent deception, or that Coca-Cola's label misleads customers, it can act. But, under our precedent, for a court to act when the FDA has not -- despite regulating extensively in this area -- would risk undercutting the FDA's expert judgments and authority.

*Id. at 1177*.

While defendants' motion construes Pom as a case about preemption, a closer reading of the case shows that Pom is actually based on the idea of deference to the FDA. In fact, the Pom court expressly stated that it was "primarily guided" in its decision by "Congress's decision to entrust matters of juice beverage labeling to the FDA and by the FDA's comprehensive regulation of that labeling." *Pom at 1178*. The court then made clear that, because it "lack[ed] the FDA's expertise in guarding against deception" in the food labeling context, "the appropriate forum for Pom's complaints is the FDA." *Id. at 1178* (internal quotations and brackets omitted). Thus, it appears that the Pom court was implicitly relying on the primary jurisdiction doctrine, which allows the court, "under appropriate [*6] circumstances, [to] determine that the initial decisionmaking responsibility should be performed by the relevant agency rather than the courts." *Syntek Semiconductor Co., Ltd. v. Microchip Technology, Inc., 307 F.3d 775, 780 (9th Cir. 2002)*. The doctrine applies when there is "(1) the need to resolve an issue that (2) has been placed by Congress within the jurisdiction of an administrative body having regulatory authority (3) pursuant to a statute that subjects an industry or activity to a comprehensive regulatory authority that (4) requires expertise or uniformity in administration," and if applicable, the court can either stay proceedings or dismiss the case without prejudice. *Id. at 781-82*.

Each of the Syntek factors is present in this case. The Pom court emphasized that issues of beverage labeling have been entrusted by Congress to the FDA, pursuant to the FDCA (and its related regulations), and that "for a court to act when the FDA has not -despite regulating extensively in this area - would risk undercutting the FDA's expert judgments and authority." *Pom at 1177*. And like beverage (and food) labeling, cosmetics labeling is governed by the FDCA and by extensive FDA regulations. [*7] See 21 C.F.R. pt. 701. These regulations can be remarkably specific. For example, cosmetics labels must "bear a declaration of the name of each ingredient in descending order of predominance," and those ingredients must be identified by their official FDA name, or, for ingredients that have no official FDA name, by the name chosen by FDA-recognized naming sources. *21 C.F.R. § 701.3*. "The declaration of ingredients shall appear with such prominence and conspicuousness as to render it likely to be read and understood by ordinary individuals under normal conditions of purchase," and must be presented "in letters not less than 1/16 of an inch in height and without obscuring design, vignettes, or crowding." Id. The level of detail provided in these regulations shows that the area of cosmetics labeling is indeed comprehensively regulated by the FDA.

The regulations even shed light on what is considered "false or misleading" in certain contexts. For exam-

ple, "[n]o ingredient may be designated as a fragrance or flavor unless it is within the meaning of such term as commonly understood by consumers." *21 C.F.R. § 701.3(a)*. However, as both plaintiffs and defendants point out, the FDA cosmetics   [*8] regulations are silent as to when, if ever, the use of the word "natural" is false or misleading. In fact, the FDA has not yet issued an official definition for "natural," even in the context of food labeling, and instead maintains that "[c]onsumers currently receive some protection in the absence of a definition of 'natural' because the Federal Food, Drug, and Cosmetic Act and FDA's implementing regulations require that all ingredients used in a food be declared on the food's label." See Letter from Michael M. Landa, Dkt. 77, Ex. 3 at 3.

The only FDA statement regarding the use of the word "natural" comes in the form of an "informal policy statement," and is limited to the food labeling context. That statement, which can be found on the FDA's website [1], is presented as a question-and-answer asking "What is the meaning of 'natural' on the label of food?" The FDA has not issued any similar statement with regard to cosmetics labeling. Because the FDA regulates food and cosmetics labels separately [2], and because cosmetics are by their nature artificial and/or synthetic, the court finds no basis for importing this policy statement into the cosmetics context.

---

1       See http://www.fda.gov/AboutFDA/Transparency/Basics/ucm214868.htm   [*9] (for text of the informal policy) (last visited November 19, 2012); see also *56 Fed. Reg. 60466* ("In its informal policy [], the agency has considered 'natural' to mean that nothing artificial or synthetic (including colors regardless of source) is included in, or has been added to" the food).

2       See *21 U.S.C. § 343* (FDCA provisions governing mislabeling of food), *21 U.S.C. § 362* (FDCA provisions governing misbranding of cosmetics; see also 21 C.F.R. pt. 101 (regulations governing food labeling), 21 C.F.R. pt. 701 (regulations governing cosmetics labeling).

In the absence of any FDA rules or regulations (or even informal policy statements) regarding the use of the word "natural" on cosmetics labels, the court declines to make any independent determination of whether defendants' use of "natural" was false or misleading. Doing so would "risk undercutting the FDA's expert judgments and authority." *Pom at 1177*. Thus, the court finds that plaintiff's claims are barred under the primary jurisdiction doctrine, and DISMISSES the complaint without prejudice. Defendants' motion to stay discovery is denied as moot. The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: November 19, 2012

/s/ Phyllis J. Hamilton [*10]

PHYLLIS J. HAMILTON

United States District Judge

## JUDGMENT

This action came on for hearing before the court, and the issues having been duly heard and the court having granted, on November 19, 2012, defendants The Hain Celestial Group, Inc.'s and JASON Natural Products, Inc.'s motion to dismiss,

it is Ordered and Adjudged

that judgment is entered in favor of defendants and against plaintiffs Skye Astiana and Tamar Davis Larsen on the claims asserted against them.

**IT IS SO ORDERED.**

Dated: November 19, 2012

/s/ Phyllis J. Hamilton

PHYLLIS J. HAMILTON

United States District Judge