1 | Ben F. Pierce Gore (SBN 128515)
PRATT & ASSOCIATES
2 | 1871 The Alameda, Suite 425
San Jose, CA 95126
3 | Telephone: (408) 429-6506
Fax: (408) 369-0752
4 | pgore@prattattorneys.com

5 | *Attorney for Plaintiffs*

6 | UNITED STATES DISTRICT COURT

7 | NORTHERN DISTRICT OF CALIFORNIA

8 | SAN JOSE DIVISION

9

10 | CHAD BRAZIL, individually and on behalf of all others similarly situated,

Case No. CV12-01831 (LHK)

11 | Plaintiff,

**SECOND AMENDED CLASS ACTION AND REPRESENTATIVE ACTION COMPLAINT FOR DAMAGES, EQUITABLE AND INJUNCTIVE RELIEF**

12 | v.

13 | DOLE FOOD COMPANY, INC., DOLE PACKAGED FOODS, LLC,

14

15 | Defendants.

**JURY TRIAL DEMANDED**

16

17 | Plaintiff, Chad Brazil, ("Plaintiff") through his undersigned attorneys, brings this lawsuit

18 | against Defendants Dole Food Company, Inc. and Dole Packaged Foods, LLC (collectively,

19 | "Dole" or "Defendants") as to his own acts upon personal knowledge, and as to all other matters

20 | upon information and belief.

21 | **I.    DEFINITIONS**

22 |     1.    "Class Period" is April 11, 2008 to the present.

23 |     2.    "Purchased Products" are the Dole products listed below (2a-2h) that were

24 | purchased by Plaintiff during the Class Period.  Pictures of the Purchased Products along with

25 | specific descriptions of the labels are included in Section VIII, ¶¶ 110-178 below.

26 |         a.    Dole Frozen Wildly Nutritious Signature Blends – Mixed Berries (12 oz bag);

27

28 |         b.    Dole Frozen Wildly Nutritious Signature Blends – Mixed Fruit (12 oz bag);

SECOND AMENDED CLASS ACTION COMPLAINT
CASE NO. CV12-01831 (LHK)

1           c.      Dole Frozen Blueberries (12 oz bag);

2           d.      Dole Frozen Blueberries (3 oz plastic cups);

3           e.      Dole Mixed Fruit in 100% Fruit Juice (4 oz cups);

4           f.      Dole Fruit Smoothie Shakers – Strawberry Banana (4 oz);

5           g.      Dole Mixed Fruit in Cherry Gel (4.3 oz plastic cups);

6           h.      Dole Tropical Fruit in Light Syrup & Passion Fruit Juice (15.25 oz can).

7      3.      "Substantially Similar Products" are the Dole products listed in paragraph 4 below. Each of these listed products: (i) make the same label representations, as described herein, as the Purchased Products and (ii) violate the same regulations of the Sherman Food Drug & Cosmetic Law, California Health & Safety Code § 109875, *et seq*. (the "Sherman Law") as the Purchased Products, as described herein.

      4.      Upon information and belief, these Substantially Similar Products are the Dole products, sold during the Class Period, listed below. Plaintiff reserves the right to supplement this list if evidence is adduced during discovery to show that other Dole products had labels which violate the same provisions of the Sherman Law and have the same label representations as the Purchased Products:

      Frozen Marion Blackberries – 12 oz bag
      Frozen Dark Sweet Cherries – 12 oz bag
      Frozen Mango Chunks – 12 oz bag
      Frozen Pineapple Chunks – 12 oz bag
      Frozen Raspberries – 12 oz bag
      Frozen Sliced Peaches – 12 oz bag
      Frozen Sliced Strawberries – 12 oz bag
      Frozen Whole Strawberries – 12 oz bag
      Frozen Wild Blueberries – 12 oz bag
      Frozen Wildly Nutritious Tropical Fruit – 12 oz bag
      Frozen Tropical Gold Pineapple – 3 oz plastic cups
      Frozen Sliced Strawberries – 3 oz plastic cups
      Diced Peaches in 100% Fruit Juice – 4 oz plastic cups
      Diced Apples in 100% Fruit Juice – 4 oz plastic cups
      Diced Pears in 100% Fruit Juice – 4 oz plastic cups
      Mandarin Oranges in 100% Fruit Juice – 4 oz plastic cups
      Pineapple Tidbits in 100% Pineapple Juice – 4 oz plastic cups
      Cherry Mixed Fruit in 100% Juice – 4 oz plastic cups
      Tropical Fruit in 100% Juice – 4 oz plastic cups
      Red Grapefruit Sunrise in 100% Juice – 4 oz plastic cups
      Frozen Fruit Smoothie Shaker – Mixed Berry (4 oz)
      Frozen Fruit Smoothie Shaker – Peach Mango (4 oz)
      Frozen Fruit Smoothie Shaker – Strawberry (4 oz)

Mixed Fruit in Black Cherry Gel – 4.3 oz plastic cups
Mandarins in Orange Gel – 4.3 oz plastic cups
Pineapple in Strawberry Gel – 4.3 oz plastic cups
Peaches in Strawberry Gel – 4.3 oz plastic cups
Pineapple in Lime Gel – 4.3 oz plastic cups
Mixed Fruit in Peach Gel – 4.3 oz plastic cups
Mandarin Oranges in Light Syrup – 15.25 oz can

## II.  SUMMARY OF THE CASE

5.  Plaintiff's case has two facets.  First, the "UCL unlawful" part. Plaintiff's first cause of action is brought pursuant to the unlawful prong of California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 ("UCL").  *See* First Cause of Action, ¶¶ 213-224.  Plaintiff alleges that Defendants package and label the Purchased Products in violation of California's Sherman Law which adopts, incorporates – and is identical – to the federal Food Drug & Cosmetic Act, 21 U.S.C. § 301 *et seq.* ("FDCA").  These violations (which do not require a finding that the labels are "misleading") render the Purchased Products "misbranded" which is no small thing.  Under California law, a food product that is misbranded cannot legally be manufactured, advertised, distributed, held or sold.  Misbranded products cannot be legally sold, possessed, have no economic value, and are legally worthless.  Indeed, the sale, purchase or possession of misbranded food is a criminal act in California and the FDA even threatens food companies with seizure of misbranded products.   This "misbranding" – standing alone without any allegations of deception by Defendants or review of or reliance on the labels by Plaintiff – give rise to Plaintiff's first cause of action under the UCL.

6.  Second, the "deceptive" part. Plaintiff alleges that the labels on the Purchased Products – aside from being unlawful under the Sherman Law – are also misleading, deceptive, unfair and fraudulent.  Plaintiff describes these labels and how they are misleading.  Plaintiff alleges that he reviewed the labels on the Purchased Products, reasonably relied in substantial part on the labels, and was thereby deceived, in deciding to purchase these products.  Moreover, the very fact that Defendants sold such misbranded products and did not disclose this fact to consumers is a deceptive act in and of itself.  Plaintiff would not have purchased a product that is illegal to own or possess.  Had Defendants informed Plaintiff of this fact there would have been no purchases.

7.     Plaintiff did not know, and had no reason to know, that the Defendants' Purchased Products were misbranded under the Sherman Law and bore food labeling claims that failed to meet the requirements to make those food labeling claims. Similarly, Plaintiff did not know, and had no reason to know, that Defendants' Purchased Products were false and misleading.

## III.     BACKGROUND

8.     Identical California and federal laws require truthful, accurate information on the labels of packaged foods. This case is about companies selling misbranded food to consumers. The law, however, is clear: misbranded food cannot legally be sold, possessed, has no economic value and is legally worthless. Purchasers of misbranded food are entitled to a refund of their purchase price.

9.     Identical California and federal laws regulate the content of labels on packaged food. The requirements FDCA were adopted by the California Sherman Law. Under both the Sherman Law and FDCA section 403(a), food is "misbranded" if "its labeling is false or misleading in any particular," or if it does not contain certain information on its label or its labeling. 21 U.S.C. § 343(a).

10.     Under the FDCA, the term "false" has its usual meaning of "untruthful," while the term "misleading" is a term of art. Misbranding reaches not only false claims, but also those claims that might be technically true, but still misleading. If any one representation in the labeling is misleading, the entire food is misbranded, nor can any other statement in the labeling cure a misleading statement.

11.     Under California law, a food product that is "misbranded" cannot legally be manufactured, advertised, distributed, held or sold. Misbranded products cannot be legally sold, possessed, have no economic value, and are legally worthless. Plaintiff and members of the Class who purchased these products paid an unwarranted premium for these products.

12.     Dole's website, www.dole.com, is incorporated into the label for each Dole product that bears the web address www.dole.com. All Purchased Products bear this website. According to the FDA and as a matter of law, the Dole website and all linked websites constitute the labeling of any product bearing this web address.

13.     If a manufacturer, like Dole, is going to make a claim on a food label, the label must meet certain legal requirements that help consumers make informed choices and ensure that they are not misled and that label claims are truthful, accurate, and backed by scientific evidence. As described more fully below, Defendants have sold products that are misbranded and are worthless because (i) the labels violate the Sherman Law and, separately, (ii) the Defendants made, and continue to make, false, misleading and deceptive claims on their labels.

14.     Plaintiff brings this action under California law, which is identical to federal law, for a number of the Defendants' food labeling practices which are both (i) unlawful and (ii) deceptive and misleading to consumers. These include:

a.     Representing food products to be "all natural," when they contain chemical preservatives, synthetic chemicals, added artificial color and other artificial ingredients;

b.     Representing foods to be "fresh" or to have a "fresh taste" when those products are frozen or have undergone manufacturing processes and contain chemical preservatives that preclude any representations about freshness as a matter of law;

c.     Failing to disclose the presence and use of preservatives;

d.     Making unlawful and misleading "rich in" and "provides" nutrient content claims on the labels of food products that fail to meet the minimum nutritional requirements legally required and because the products do not have more than one nutrient capable of making those label statements;

e.     Making unlawful and misleading "packed with antioxidant" claims on the labels of food products that fail to meet the minimum nutritional requirements legally required for these antioxidant claims;

f.     Making unlawful and misleading "sugar free" claims;

g.     Making unlawful health claims on its website regarding its blueberry products.

## IV.     PARTIES

15.     Plaintiff Chad Brazil is a resident of Santa Cruz, California who bought the Dole Purchased Products listed above during the Class Period.

16.     Defendant Dole Food Company, Inc. is a Delaware corporation with its principal place of business in Westlake Village, California.

17. Defendant Dole Packaged Foods, LLC is a California limited liability corporation with its principal place of business in Westlake Village, California. Defendant Dole Packaged Foods, LLC is a subsidiary of Defendant Dole Food Company, Inc.

18. Collectively, Defendants are leading producers of retail food products, including the Purchased Products. Defendants sell their food products to consumers through grocery and other retail stores throughout the United States.

19. California law applies to all claims set forth in this Second Amended Complaint because Plaintiff lives in California and purchased the Purchased Products there. Also, the Defendants maintain their principal places of business in California. All of the misconduct alleged herein was contrived in, implemented in, and has a shared nexus with California. The formulation and execution of the unlawful practices alleged herein, occurred in, or emanated from California.

20. Accordingly, California has significant contacts and/or a significant aggregation of contacts with the claims asserted by Plaintiff and all Class members.

## V.    JURISDICTION AND VENUE

21. This Court has original jurisdiction over this action under 28 U.S.C. § 1332(d) because this is a class action in which: (1) there are over 100 members in the proposed class; (2) members of the proposed class have a different citizenship from Defendants; and (3) the claims of the proposed class members exceed $5,000,000 in the aggregate.

22. Alternatively, the Court has jurisdiction over all claims alleged herein pursuant to 28 U.S.C. § 1332, because the matter in controversy exceeds the sum or value of $75,000, and is between citizens of different states.

23. The Court has personal jurisdiction over Defendants because a substantial portion of the wrongdoing alleged in this Second Amended Complaint occurred in California, Defendants are authorized to do business in California, have sufficient minimum contacts with California, and otherwise intentionally avail themselves of the markets in California through the promotion, marketing and sale of merchandise, sufficient to render the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

24.     Because a substantial part of the events or omissions giving rise to these claims occurred in this District and because the Court has personal jurisdiction over Defendants, venue is proper in this Court pursuant to 28 U.S.C. § 1391(a) and (b).

## VI.    FACTUAL ALLEGATIONS

### A.    Identical California and Federal Laws Regulate Food Labeling

25.     Food manufacturers are required to comply with identical state and federal laws and regulations that govern the labeling of food products.  First and foremost among these is the FDCA and its labeling regulations, including those set forth in 21 C.F.R. § 101.

26.     Pursuant to the Sherman Law, California has expressly adopted the federal labeling requirements as its own and indicated that "[a]ll food labeling regulations and any amendments to those regulations adopted pursuant to the federal act, in effect on January 1, 1993, or adopted on or after that date shall be the food regulations of this state." California Health & Safety Code § 110100.

27.     In addition to its blanket adoption of federal labeling requirements, California has also enacted a number of laws and regulations that adopt and incorporate specific enumerated federal food laws and regulations.  *See* California Health & Safety Code § 110660 (misbranded if label is false and misleading); California Health & Safety Code § 110665 (misbranded if label fails to conform to the requirements set forth in 21 U.S.C. § 343(q)); California Health & Safety Code § 110670 (misbranded if label fails to conform with the requirements 21 U.S.C. § 343(r)); California Health & Safety Code § 110705 (misbranded if words, statements and other information required by the Sherman Law are either missing or not sufficiently conspicuous); and California Health & Safety Code § 110740 (misbranded if contains artificial flavoring, artificial coloring and chemical preservatives but fails to adequately disclose that fact on label).

### B.    FDA Enforcement History

28.     In recent years the FDA has become increasingly concerned that food manufacturers have been disregarding food labeling regulations. To address this concern, the FDA elected to take steps (like the October 2009, the FDA issued a *Guidance for Industry: Letter regarding Point Of Purchase Food Labeling* and the March 3, 2010 FDA issued "*Open Letter to*

*Industry from [FDA Commissioner] Dr. Hamburg*") to inform the food industry of its concerns and to place the industry on notice that food labeling compliance was an area of enforcement priority. Additionally, the FDA has sent warning letters to the industry, including many of Defendants' peer food manufacturers, for the same types of misbranded labels and deceptive labeling claims described herein.

29. Defendant did see, or should have seen, these warnings. Defendants did not change the labels in response to the warning letters sent to other companies.

## VII. OVERVIEW OF APPLICABLE SHERMAN LAW VIOLATIONS

### A. "All Natural" Claims

30. The following Purchased Products contain an "All Natural" claim:

> Dole Frozen Wildly Nutritious Signature Blends – Mixed Fruit (12 oz bag)
> Dole Mixed Fruit in 100% Fruit Juice (4 oz cups)
> Dole Fruit Smoothie Shakers – Strawberry Banana (4 oz)
> Dole Mixed Fruit in Cherry Gel (4.3 oz plastic cups)
> Dole Tropical Fruit in Light Syrup & Passion Fruit Juice (15.25 oz can)

31. Defendants' use of "all natural" claims on products containing unnatural ingredients such as added color, synthetic and artificial substances, and added colors violate the Sherman Law, California Health & Safety Code § 110660 because such label claims are "false and misleading." § 110660 is identical to the prohibition in 21 U.S.C. § 343(a) against labeling that is "false or misleading in any particular."

32. The FDA has repeatedly stated its policy to restrict the use of the term "natural" in connection with added color, synthetic substances and flavors addressed in 21 C.F.R. § 101.22.

33. The FDA has also repeatedly affirmed its policy regarding the use of the term "natural" as meaning that nothing artificial or synthetic (including all color additives regardless of source) has been included in, or has been added to, a food that would not normally be expected to be in the food. *See* 58 FR 2302, 2407, January 6, 1993.

34. Any coloring or preservative can preclude the use of the term "natural" even if the coloring or preservative is derived from natural sources. Further, the FDA distinguishes between natural and artificial flavors in 21 C.F.R. § 101.22.

35.     Defendants' "All Natural" labeling practices violate FDA Compliance Policy Guide Sec. 587.100, which states:  "[t]he use of the words 'food color added,' 'natural color,' or similar words containing the term 'food' or 'natural' may be erroneously interpreted to mean the color is a naturally occurring constituent in the food.  Since all added colors result in an artificially colored food, we would object to the declaration of any added color as 'food' or 'natural.'"

36.     The FDA has sent out numerous warning letters concerning this issue.  Defendants are aware of these FDA warning letters.

37.     Defendants have nonetheless unlawfully labeled food products as being "All Natural," "All Natural Fruit," and "all natural fruit in gel" when they actually contain artificial ingredients and flavorings, artificial coloring and chemical preservatives.

38.     A reasonable consumer would expect that when Defendants label their products as "All Natural," the product's ingredients are "natural" as defined by the federal government and its agencies.  A reasonable consumer would also expect that when Defendants label their products as "All Natural," "All Natural Fruit," and "all natural fruit in gel" the product ingredients are "natural" under the common use of that word.  A reasonable consumer would understand that such "All Natural" products do not contain synthetic, artificial, or excessively processed ingredients.

39.     Consumers are thus misled into purchasing Defendants' products with synthetic unnatural ingredients that are not "All Natural" as falsely represented on their labeling.

40.     Defendants' products in this respect are both unlawful (being misbranded under the Sherman Law) and misleading and deceptive.

**B.      "Fresh" Claims**

41.     The following Purchased Products contain a "Fresh" claim:

> Dole Frozen Wildly Nutritious Signature Blends – Mixed Berries (12 oz bag)
> Dole Frozen Wildly Nutritious Signature Blends – Mixed Fruit (12 oz bag)
> Dole Frozen Blueberries (12 oz bag)
> Dole Frozen Blueberries (3 oz plastic cups)
> Dole Mixed Fruit in 100% Fruit Juice (4 oz cups)
> Dole Mixed Fruit in Cherry Gel (4.3 oz plastic cups)
> Dole Tropical Fruit in Light Syrup & Passion Fruit Juice (15.25 oz can)

42. Defendants have violated the Sherman Law (through incorporation of 21 C.F.R. § 101.95).

43. Dole deceives consumers into believing that Dole's canned, thermally treated, pasteurized, frozen and chemically preserved products are "fresh" when they are not.

44. Dole has promoted these products with materially false and misleading statements and practices including: (i) labeling frozen and canned products as "fresh" or claiming they had a "fresh taste;" (ii) taking thermally treated, frozen, pasteurized, and/or chemically preserved canned fruit products and packing them in glass and/or plastic containers in a manner similar to fresh cut fruit; (iii) failing to correctly identify or label such canned fruit products as canned or pasteurized as required by law; and (iv) failing to disclose that certain ingredients were preservatives.

45. California law regulates the use of the word "fresh" in connection with food. Pursuant to 21 C.F.R. § 101.95 which has been adopted by the State of California:

> the word "fresh," when used on the label or in labeling of a food in a manner that suggests or implies that the food is unprocessed, means that the food is in its raw state and has not been frozen or subjected to any form of thermal processing or any other form of preservation. The restrictions on the use of the term "fresh" "pertain to any use of the subject terms …. in a brand name and use as a sensory modifier" such as "fresh taste."

46. According to the FDA's Compliance Policy Guide, CPG Sec. 562.450 Identity of Foods - Use of Terms Such as Fresh, Frozen, Dried, Canned, etc.:

> The Federal Food, Drug, and Cosmetic Act requires that food labels bear the common or usual name of the food. The Fair Packaging and Labeling Act requires that a statement of identity appear prominently on the principal display panel. To avoid misrepresentation and provide information needed to assure proper storage, food labels should include in the name or statement of identity appropriate descriptive terms such as pasteurized, canned, frozen, or dried.
>
> Fresh: The term fresh should not be applied to foods which have been subjected to any form of heat or chemical processing. …
>
> Canned: A food is considered "canned," if it has been hermetically sealed and so processed by heat as to prevent spoilage. Foods which are in metal containers of the types normally used for canning, and are stored and displayed under conditions which do not suggest or imply that the article is other than a canned food need not be labeled "canned." If packed in glass or plastic bottles or jars and stored or displayed under refrigeration which might cause consumers to believe it is fresh, the label designation should include the word "canned," or "pasteurized," as the case may be.

47.     In discussing a previous situation similar to the present one, the Compliance Policy Guide further states that:

> Certain packers of grapefruit juice have asked us to sanction use of the designation "grapefruit juice" without modifying terms, irrespective of whether the juice was pasteurized, canned, or otherwise processed. Investigation indicated that "canned" grapefruit juice, packed in glass, was being refrigerated and displayed under conditions which implied it was fresh. We advised the packers that to avoid deception, the name should include the word "canned" when the product was so packed, stored, and displayed (particularly if displayed under refrigeration) as to imply or suggest that it was fresh juice.

48.     Many of Defendants' products labeled "fresh" are packaged in plastic or glass but are considered "canned" fruit in that these products are hermetically sealed, chemically preserved, frozen, or so processed by heat as to prevent spoilage or both.   Dole uses plastic containers identical to the containers used by other producers for cut fresh produce, rather than in packaging typically used for canned or processed foods.

49.     Dole packages products in such containers in order to (i) take advantage of retailers' and consumers' common understanding that fresh fruit and produce are packaged in this manner; and (ii) mislead the public into believing that its processed fruit products are, in fact, fresh.

50.     The false and misleading packaging and labeling causes consumers like the Plaintiff to believe that Dole products are "fresh" fruit, contain the same essential nutrients as fresh fruit, have the same nutritional value as fresh fruit, and were fresh and equivalent to fresh fruit when they were not.

51.     Plaintiff and members of the Class were misled by the absence of any disclosure that the products were canned, or pasteurized or preserved, by the deceptive packaging of the products, by the ingredient descriptions, and by the representations of "fresh" "fresh fruit," and/or "fresh taste."

52.     Given the thermal processing, freezing and the chemical preservation of Dole products, any representations of freshness or fresh taste are deceptive and misleading.

53.     A reasonable consumer would expect that when Defendants make a representation on their products' labels that such products have a fresh taste or make representations to a

product's freshness that such representations are not contrary to regulatory requirements for making such claims. A reasonable consumer would also expect that when a manufacturer represents that its fruit products are fresh, that those fruit products are fresh and have not been chemically preserved or subjected to processes inconsistent with a freshness claim.

**C.    Failure to Disclose the Presence and Use of Preservatives and Artificial Flavors**

54.    The following Purchase Products are unlawful for failing to properly disclose the presence of a preservative and/or artificial flavor.

> Dole Frozen Wildly Nutritious Signature Blends – Mixed Fruit    (12 oz bag)
> Dole Mixed Fruit in Cherry Gel (4.3 oz plastic cups)
> Dole Tropical Fruit in Light Syrup & Passion Fruit Juice (15.25 oz can)

55.    Defendants have violated the Sherman Law, California Health & Safety Code § 110740.

56.    Despite the fact that certain products contained artificial additives and chemical preservatives and other artificial ingredients, the Defendants falsely represent- that they are free of artificial ingredients and preservatives.

57.    These representations are demonstrably false and misled consumers such as the Plaintiff who relied on Defendants' statements.

58.    Defendants' products are misbranded because they contain artificial chemical flavors and chemical preservatives but fail to disclose that those ingredients are functioning in that fashion in violation of the Sherman Law, California Health & Safety Code § 110740 and 21 C.F.R. § 101.22, which are identical.

59.    A reasonable consumer would expect that when Defendants list their products' ingredients, they would make all disclosures required by law such as the disclosure of chemical preservatives, artificial flavoring, and coloring mandated by identical California and federal law.

60.    Plaintiff did not know, and had no reason to know, that Defendants' products contained undisclosed chemical preservatives and other artificial ingredients because the Defendants failed to adequately disclose the function of those chemical preservatives and artificial ingredients as required by California and federal law.

61.     Had Plaintiff been aware that the products he purchased contained chemical preservatives and artificial ingredients he would not have purchased the products. Plaintiff had other alternatives that lacked such ingredients and Plaintiff also had cheaper alternatives.

**D.     Nutrient Content Claims**

62.     The following Purchase Products bear an unlawful and misleading nutrient content claim.

> Dole Frozen Wildly Nutritious Signature Blends – Mixed Berries (12 oz bag)
> Dole Frozen Wildly Nutritious Signature Blends – Mixed Fruit (12 oz bag)
> Dole Frozen Blueberries (12 oz bag)
> Dole Frozen Blueberries (3 oz plastic cups)
> Dole Mixed Fruit in 100% Fruit Juice (4 oz cups)
> Dole Mixed Fruit in Cherry Gel (4.3 oz plastic cups)

63.     Defendants have violated the Sherman Law (through incorporation of 21 C.F.R. § 101.13 and 21 C.F.R. § 101.54).

64.     Pursuant to Section 403 of the FDCA, a claim that characterizes the level of a nutrient in a food is a "nutrient content claim" that must be made in accordance with the regulations that authorize the use of such claims.  21 U.S.C. § 343(r)(1)(A).  California expressly adopted the requirements of 21 U.S.C. § 343(r) in § 110670 of the Sherman Law.

65.     Nutrient content claims are claims about specific nutrients contained in a product. They are typically made on food packaging in a font large enough to be read by the average consumer.  Because consumers rely upon these claims when making purchasing decisions, the regulations govern what claims can be made in order to prevent misleading claims.

66.     In order to appeal to consumer preferences, Defendants have repeatedly made false and unlawful nutrient content claims about antioxidants and other nutrients that either fail to utilize one of the limited defined terms or use one the defined terms improperly. These nutrient content claims are unlawful because they fail to comply with the nutrient content claim provisions in violation of 21 C.F.R. §§ 101.13 and 101.54, which are incorporated in California's Sherman Law.

67.     To the extent that the terms used by Defendants to describe nutrients and antioxidants are deemed to be a synonym for a defined term like "contain" the claim would still be unlawful because either the terms are being used improperly or the nutrients and antioxidants

at issue do not have established daily values and thus cannot serve as the basis for a term that has a minimum daily value threshold as the defined terms at issue here do.

68.     Defendants' claims concerning unnamed antioxidants, other antioxidants and nutrients are false because Defendants' use of a defined term is in effect a claim that the products have met the minimum nutritional requirements for the use of the defined term when they have not.

69.     Dole's claim that a product is "rich in" nutrients is equally false and unlawful when the product fails to meet the 20% daily value threshold for more than one nutrient that would be required to make the claim truthful and lawful.

70.     Dole's claim that a product "provides" nutrients is equally false and unlawful when the product fails to meet the 10% daily value threshold for more than one nutrient that would be required to make the claim truthful and lawful.

71.     Dole also falsely and unlawfully uses undefined terms such as "packed with."  By using undefined terms such as "packed with," Defendants are, in effect, falsely asserting that their products meet at least the lowest minimum threshold for any nutrient content claim which would have been 10% of the daily value of the nutrient at issue.  Such a threshold represents the lowest level that a nutrient can be present in a food before it becomes deceptive and misleading to highlight its presence in a nutrient content claim.

72.     These very same types of violations at issue here over nutrient content claims for food products were condemned in an FDA warning letter to Unilever/Lipton. In the warning letter to Unilever, the FDA stated the term "packed with" was a nutrient content claim subject to the requirements of 21 C.F.R. § 101.54(g).

73.     Just as the FDA found Unilever's use of the phrase "packed with flavonoid antioxidants" to be in violation of law, Dole's use package labels of terms such as "packed with antioxidants" is in violation of law as are Dole's other nutrient content claims.  Therefore, as with Unilever, such a violation causes Dole's' products "to be misbranded under section 403(r)(2)(A)(i) of the Act".

74.     The nutrient content claims regulations discussed above are intended to ensure that consumers are not misled as to the actual or relative levels of nutrients in food products.

75.     Plaintiff relied on Dole's nutrient content claims when making his purchase decisions and was misled because he erroneously believed the implicit misrepresentation that the Dole products he was purchasing met the minimum nutritional threshold to make such claims. Plaintiff would not have purchased these products had he known that the Dole products did not in fact satisfy such minimum nutritional requirements with regard to antioxidants and other nutrients.

76.     Plaintiff was thus misled by the Defendants' unlawful labeling practices and actions into purchasing products he would not have otherwise purchased had he known the truth about those products. Plaintiff had other food alternatives that that satisfied such standards and Plaintiff also had cheaper alternatives.

**E.     Antioxidant Nutrient Content Claims**

77.     The following Purchase Products bear an unlawful and misleading antioxidant nutrient content claim.

> Dole Frozen Wildly Nutritious Signature Blends – Mixed Berries (12 oz bag)
> Dole Frozen Blueberries (12 oz bag)

78.     Defendants have violated the Sherman Law (through incorporation of 21 C.F.R. § 101.54(g)).

79.     Both California and federal regulations regulate antioxidant claims as a particular type of nutrient content claim. Specifically, 21 C.F.R. § 101.54(g)(1-6), which has been adopted by California, contains special requirements for nutrient claims that use the term "antioxidant."

80.     The FDA has issued at least 7 warning letters addressing similar unlawful antioxidant nutrient content claims. Defendants knew or should have known of these FDA warning letters.

81.     Not only do Dole's antioxidant nutrient content claims regarding the benefits of unnamed antioxidants and other nutrients violate FDA rules and regulations, they directly contradict current scientific research, which has concluded after researching antioxidant

properties that, "There is no evidence that the beneficial effects of polyphenol-rich foods can be attributed to the antioxidant properties of these foods. The data for antioxidant capacity of foods generated by in vitro (test-tube) methods cannot be extrapolated to in vivo (human) effects and the clinical trials to test benefits of dietary antioxidants have produced mixed results. We know now that antioxidant molecules in food have a wide range of functions, many of which are unrelated to the ability to absorb free radicals." http://www.ars.usda.gov/Services

82.    Scientific evidence and consensus establishes the improper nature of the Defendants' antioxidant claims as they cannot satisfy the legal and regulatory requirement that the nutrient that is the subject of the antioxidant claim must have recognized antioxidant activity, *i.e.,* there must be scientific evidence that after it is eaten and absorbed from the gastrointestinal tract, the substance participates in physiological, biochemical or cellular processes that inactivate free radicals or prevent free radical-initiated chemical reactions, *see* 21 C.F.R. § 101.54(g)(2).

83.    Plaintiff relied on Dole's unlawful antioxidant nutrient content claims when making his purchase decisions and was misled because he erroneously believed the implicit misrepresentation that the Dole products he was purchasing met the minimum nutritional threshold to satisfy the requirements for the antioxidant claims being made about the products. This threshold represents the lowest level that a nutrient can be present in a food before it becomes deceptive and misleading to highlight its presence in a nutrient content claim. Plaintiff would not have purchased these products had he known that the Dole products did not in fact satisfy such minimum nutritional requirements with regard to antioxidants. Plaintiff and members of the Class who purchased these products paid an unwarranted premium for these products.

**F.    "Sugar Free" Claims**

84.    The following Purchase Product bears an unlawful and misleading "sugar free" claim:  Dole Mixed Fruit in Cherry Gel (4.3 oz plastic cups).

85.    Defendant have violated the Sherman Law (through incorporation of 21 C.F.R. § 101.60).

86.    Federal and California regulations regulate "sugar free" or sugarless claims as a particular type of nutrient content claim.  Specifically, 21 C.F.R. § 101.60 contains special

requirements for nutrient claims that use the terms "sugar free" or "sugarless."

87.    Defendants have purportedly "sugar free" products that contain more than 0.5 grams of sugar which is the maximum amount allowed under 21 C.F.R. § 101.60(b)(2).

88.    Defendant have purportedly "sugar free" products contain one or more ingredients that are generally understood by consumers to contain sugars but the listing of the ingredient in the ingredient statement is not followed by an asterisk that refers to the statement below the list of ingredients, which states "adds a trivial amount of sugar," "adds a negligible amount of sugar," or "adds a dietary insignificant amount of sugar as required by 21 C.F.R. § 101.60(b)(2).

89.    Defendants have purportedly "sugar free" products that are not low-calorie or suitable for weight control as they all contain more than 40 calories per reference amount customarily consumed which is the maximum amount allowed under 21 C.F.R. § 101.60(b)(2).

90.    Dole's purportedly sugar free Mixed Fruit in Cherry Gel (i) bears a sugar free claim despite containing 5 grams of sugar per labeled serving which is ten times the maximum level allowed by 21 C.F.R. § 101.60(b)(2); (ii) contains the ingredients peaches, pears and pineapple that are ingredients generally understood by consumers to contain sugars but the listing of these ingredient in the ingredient statement is not followed by an asterisk that refers to the statement below the list of ingredients, which states "adds a trivial amount of sugar," "adds a negligible amount of sugar," or "adds a dietary insignificant amount of sugar as required by 21 C.F.R. § 101.60(b)(2), (iii) contains more than 60 calories per reference amount customarily consumed which precludes it from being classified as a low calorie product, and (iv) this product fail to bear the required statement "not a reduced calorie food," "not a low-calorie food," or "not for weight control" next to the term sugar free.

91.    Reasonable consumers may be expected to regard terms that represent that the food contains no sugars or sweeteners (e.g., "sugar free," or "sugarless") as indicating a product which is low in calories or significantly reduced in calories, consumers such as the Plaintiff and other members of the Class are misled when foods that are not low-calorie as a matter of law are falsely represented to be low-calorie through the unlawful use of terms like "sugar free" that they are not allowed to bear due to their high calorific levels and absence of mandated disclosure

statements.

92.     In September 2007, the FDA issued a guidance letter to the food industry that indicated the FDA was concerned about unlawful sugar free type claims "that fail to bear the required disclaimer statement when these foods are not "low" or "reduced in" calories or fail to bear the required disclaimer statement in the location or with the conspicuousness required by regulation." Defendants are aware of this letter.

93.     Defendants have ignored this FDA guidance and have engaged in the exact labeling practices the FDA has sought to eliminate.

94.     In addition to the industry guidance which Defendants have ignored, the FDA has repeatedly taken enforcement action and issued warning letters against several other companies addressing the type of misleading sugar free and sugarless nutrient content claims described above.

95.     The enforcement actions and warning letters were not isolated, as the FDA has taken action against several companies finding that the products were misbranded within the meaning of section 403 because the products' labels bore "sugar free" claims but did not meet the requirements to make such a claim.

96.     Plaintiff did not know, and had no reason to know, that Defendants' products were misbranded, and bore unlawful "sugar free" claims by failing to meet the requirements to make those claims. Defendants' labeling of their purportedly "sugar free" products misled the Plaintiff and other Class members who relied on the Defendants' "sugar free" labeling.

**G.     Health Claims on Blueberries**

97.     The following Purchase Products bear an unlawful health claim on their labels because the products bear the web address www.dole.com and Defendants made during the Class Period and at the time of purchase, and continue to make, unlawful health claims about blueberries on this website.  These website representations renders the following Purchased Products misbranded under the unlawful prong of the UCL:

> Dole Frozen Blueberries (12 oz bag)
> Dole Frozen Blueberries (3 oz plastic cups)

1    98.    Defendant has violated the Sherman Law (through incorporation of 21 C.F.R. §

2    101.14).

3    99.    Dole has violated identical California and federal law by making numerous

4    unapproved health claims about its products. It has also violated identical California and federal

5    law by making numerous unapproved claims about the ability of its products to cure, mitigate,

6    treat and prevent various diseases that render its products unapproved drugs under California and

7    federal law.

8    100.    A health claim is a statement expressly or implicitly linking the consumption of a

9    food substance (*e.g.*, ingredient, nutrient, or complete food) to risk of a disease (*e.g.*,

10   cardiovascular disease) or a health-related condition (*e.g.*, hypertension). *See* 21 C.F.R.

11   §101.14(a)(1), (a)(2), and (a)(5). Only health claims made in accordance with FDCA

12   requirements, or authorized by FDA as qualified health claims, may be included in food labeling.

13   Other express or implied statements that constitute health claims, but that do not meet statutory

14   requirements, are prohibited in labeling foods.

15   101.    21 C.F.R. § 101.14, which has been expressly adopted by California, provides

16   when and how a manufacturer may make a health claim about its product.  A "Health Claim"

17   means any claim made on the label or in labeling of a food, including a dietary supplement, that

18   expressly or by implication, including "third party" references, written statements (*e.g.*, a brand

19   name including a term such as "heart"), symbols (*e.g.*, a heart symbol), or vignettes, characterizes

20   the relationship of any substance to a disease or health-related condition. Implied health claims

21   include those statements, symbols, vignettes, or other forms of communication that suggest,

22   within the context in which they are presented, that a relationship exists between the presence or

23   level of a substance in the food and a disease or health-related condition (*see* 21 CFR §

24   101.14(a)(1)).

25   102.    Further, health claims are limited to claims about disease risk reduction, and

26   cannot be claims about the diagnosis, cure, mitigation, or treatment of disease. An example of an

27   authorized health claim is: "Three grams of soluble fiber from oatmeal daily in a diet low in

28   saturated fat and cholesterol may reduce the risk of heart disease. This cereal has 2 grams per

serving."

103.    A claim that a substance may be used in the diagnosis, cure, mitigation, treatment, or prevention of a disease is a drug claim and may not be made for a food. 21 U.S.C. § 321(g)(1)(D).

104.    Dole makes a number of other unlawful health claims on its website that blueberries contain compounds that may help ward off urinary tract infections, reduce the risk of heart disease, which fight to protect one's health and which have anti-inflammatory, heart healthy, anti-aging, and anti-carcinogenic properties; or in the case of blueberries, "protect astronauts against the radiation-induced free-radical damage experienced during extended space flight."

105.    These therapeutic claims on Dole's website establish that Dole's products are drugs because they are intended for use in the cure, mitigation, treatment, or prevention of disease. Dole's products are not generally recognized as safe and effective for the above referenced uses and, therefore, the products would be "new drug[s]" under section 201(p) of the Act [21 U.S.C. § 321(p)]. New drugs may not be legally marketed in the U.S. without prior approval from the FDA as described in section 505(a) of the Act [21 U.S.C. § 355(a)]. FDA approves a new drug on the basis of scientific data submitted by a drug sponsor to demonstrate that the drug is safe and effective.

106.    Dole's materials and advertisements not only violate regulations adopted by California such as 21 C.F.R. § 101.14,  they also violate California Health & Safety Code § 110403 which prohibits the advertisement of products that are represented to have any effect  on enumerated conditions, disorders and diseases including cancer and heart diseases unless the materials have federal approval.

**VIII. THE PURCHASED PRODUCTS (1) UNLAWFULLY VIOLATE THE SHERMAN LAW AND (2) ARE MISLEADING AND DECEPTIVE**

107.    There are eight (8) Purchased Products.  Plaintiff purchased all eight (8) during the Class Period.

108.    Each Purchased Product has a label that violates the Sherman Law and is therefore misbranded and may not be sold or purchased.

109.    Each Purchased Product has a label that is false, misleading and deceptive.

**1.      Dole Frozen Wildly Nutritious Signature Blends – Mixed Berries (12 oz bag)**

110.    Plaintiff purchased Dole Frozen Wildly Nutritious Signature Blends – Mixed Berries (12 oz bag) in the Class Period.  The label (front and back) of the package purchased by Plaintiff is as follows:



"A Variety of Powerful Antioxidants"

"Feel revitalized with the fresh taste of sun-ripened DOLE all natural fruit. Rich in nutrients, fruit gives you healthy energy so you feel refreshed and ready to shine."

"Each serving of DOLE Wildly Nutritious Antioxidant Blend includes fruit varieties specially selected to provide an *ORAC Value of 6,000, which is double the industry standard for effective antioxidant activity."

"*Oxygen Radical Absorbance Capacity – Value describes the antioxidant power of a food."

111.   This is a frozen product.

112.   The following unlawful and misleading language appears on the label:

*"A Variety of Powerful Antioxidants"*

\* \* \*

*"Feel revitalized with the fresh taste of sun-ripened DOLE all natural fruit.  Rich in nutrients, fruit gives you healthy energy so you feel refreshed and ready to shine."*

\* \* \*

*"Each serving of DOLE Wildly Nutritious Antioxidant Blend includes fruit varieties specially selected to provide an \*ORAC Value of 6,000, which is double the industry standard for effective antioxidant activity.*

*\*Oxygen Radical Absorbance Capacity – Value describes the antioxidant power of a food."*

113.   Plaintiff reasonably relied on these label representations in paragraph 112 and based and justified the decision to purchase the product, in substantial part, on these label representations.  Also, Plaintiff reasonably relied on the fact that this product was not misbranded under the Sherman Law and was therefore legal to buy and possess.

114.   Plaintiff was misled by the Defendants' unlawful and misleading label on this product.  Plaintiff would not have otherwise purchased this product had he known the truth about this product. Plaintiff had other food alternatives that that satisfied legal standards and Plaintiff

1    also had cheaper alternatives.

2         115.    This product is unlawful, misbranded, violates the Sherman Law (through

3    incorporation of 21 C.F.R. § 101.54(g)), and is misleading and deceptive because the label uses

4    the phrases "A Variety of Powerful Antioxidants" and:  (1) the antioxidants are not named, (2)

5    there are no reference daily value for the unnamed antioxidants being touted (unless one includes

6    Vitamins A & C), and (3) because there is not a "variety" (i.e., more than one) of antioxidants

7    that are capable of qualifying for a "rich in" claim (which the term "powerful" must reach) which

8    must be at least 20% daily value. The FDA has issued warning letters over this very claim.

9         116.    This product is unlawful, misbranded and violates the Sherman Law (through

10   incorporation of 21 C.F.R. § 101.13 and § 101.54) and is misleading and deceptive because the

11   label uses the phrases "Rich in Nutrients" because there is not more than one nutrient that is

12   capable of qualifying for a claim which must be at least 20% daily value.  This phrase states that

13   there are more than one nutrient at sufficient levels in the product.

14        117.    This product is unlawful, misbranded and violates the Sherman Law (through

15   incorporation of 21 C.F.R. § 101.95) and is counter to the FDA's Compliance Policy Guide, CPG

16   § 562.450 because the label uses the phrase "fresh taste" on food that has been frozen and these

17   phrases suggest and imply the product is unprocessed and is truly fresh.

18        118.    This product is also misleading and deceptive because the label uses the phrases

19   "fresh taste" on food that has been frozen and these phrases suggest and imply the product is

20   unprocessed and is truly fresh.

21        119.    This product is unlawful, misbranded and violates the Sherman Law (through

22   incorporation of 21 C.F.R. § 101.54(g)(4) and § 101.54(g)(5)) and is misleading and deceptive

23   because (i) it says "provide an ORAC value of 6,000 which is double the industry standard for

24   effective antioxidant ability" even though there is no daily value for the unnamed antioxidants

25   and there is no scientific evidence that the beneficial effects of polyphenol-rich foods can be

26   attributed to the antioxidant properties of this product and (ii) because the label uses the phrase

27   "provides" and there is not more than one nutrient that is capable of qualifying for a claim which

28   must be at least 10% daily value.  This phrase states that there is more than one nutrient at

1  sufficient levels in the product.

2       **2.      Dole Frozen Wildly Nutritious Signature Blends – Mixed Fruit (12 oz bag)**

3       120.    Plaintiff purchased Dole Frozen Wildly Nutritious Signature Blends – Mixed Fruit

4  (12 oz bag) in the Class Period.  The label (front and back) of the package purchased by Plaintiff

5  is as follows:



"All Natural Fruit"



"Feel revitalized with the fresh taste of sun-ripened DOLE all natural fruit. Rich in nutrients, fruit gives you healthy energy so you feel refreshed and ready to shine."

"Each serving of DOLE Wildly Nutritious Heart Healthy Blend includes fruit varieties specially selected to provide natural, essential vitamins and nutrients that help maintain a healthy heart."

1   121.   This is a frozen product.

2   122.   The following unlawful and misleading language appears on the label:

3          *"All Natural Fruit"*

4                  *   *   *

5          *"Feel revitalized with the fresh taste of sun-ripened DOLE all natural*
           *fruit.  Rich in nutrients, fruit gives you healthy energy so you feel*
6          *refreshed and ready to shine."*

                   *   *   *
7          *"Each serving of DOLE Wildly Nutritious Heart Healthy Blend includes*
           *fruit varieties specially selected to provide natural, essential vitamins*
8          *and nutrients that help maintain a healthy heart."*

9   123.   Plaintiff reasonably relied on these label representations in paragraph 122 and

10  based and justified the decision to purchase the product, in substantial part, on these label

11  representations.  Also, Plaintiff reasonably relied on the fact that this product was not misbranded

12  under the Sherman Law and was therefore legal to buy and possess.

13  124.   Plaintiff was misled by the Defendants' unlawful and misleading label on this

14  product.  Plaintiff would not have otherwise purchased this product had he known the truth about

15  this product. Plaintiff had other food alternatives that that satisfied legal standards and Plaintiff

16  also had cheaper alternatives.

17  125.   This product is unlawful, misbranded and violates the Sherman Law, California

18  Health & Safety Code § 110660 because the label uses the phrase "All Natural Fruit" even though

19  this product contains the following artificial ingredients:  ascorbic acid, citric acid, malic acid and

20  added flavors which is false and misleading.  This product is also misleading and deceptive

21  because the label uses the phrases "All Natural Fruit" on food that contains artificial ingredients

22  and, therefore, is not truly "all natural."

23  126.   This product is unlawful, misbranded and violates the Sherman Law (through

24  incorporation of 21 C.F.R. § 101.95) and is counter to the FDA's Compliance Policy Guide, CPG

25  § 562.450 because the label uses the phrases "fresh taste" on food that has been frozen and these

26  phrases suggest and imply the product is unprocessed and is truly fresh.  This product is also

27  misleading and deceptive because the label uses the phrase "fresh taste" on food that has been

28  subject chemical processing and the use of preservatives (ascorbic acid, malic acid, and citric

1  acid) and implies the product is fresh when it is not.

2      127.    This product is unlawful, misbranded and violates the Sherman Law, California

3  Health & Safety Code § 110740, because the label fails to disclose that chemicals (ascorbic acid,

4  malic acid, and citric acid) are used as artificial flavors.  This product is misleading and deceptive

5  because the label suggests that the product is free of such artificial flavors.

6      128.    This product is unlawful, misbranded and violates the Sherman Law (through

7  incorporation of 21 C.F.R. § 101.13 and § 101.54) and is misleading and deceptive because the

8  label uses the phrases "Rich in Nutrients" and "provide" because there is not more than one

9  nutrient that is capable of qualifying for a claim which must be at least 10% daily value for either

10  phrase. These phrases state that there are more than one nutrient at sufficient levels in the product.

11      **3.**    **Dole Frozen Blueberries (12 oz bag)**

12      129.    Plaintiff purchased Dole Frozen Blueberries (12 oz bag) in the Class Period.  The

13  label (front and back) of the package purchased by Plaintiff is as follows:



"Packed with Antioxidants"



"Feel revitalized with the fresh taste of sun-ripened DOLE all natural fruit. Rich in nutrients, fruit gives you healthy energy so you feel refreshed and ready to shine."

130. This is a frozen product.

131. The following unlawful and misleading language appears on the label:

*"Packed with Antioxidants"*

      \*   \*   \*

*"Feel revitalized with the fresh taste of sun-ripened DOLE all natural fruit. Rich in nutrients, fruit gives you healthy energy so you feel refreshed and ready to shine."*

132. Plaintiff reasonably relied on these label representations in paragraph 131 and based and justified the decision to purchase the product, in substantial part, on these label representations. Also, Plaintiff reasonably relied on the fact that this product was not misbranded under the Sherman Law and was therefore legal to buy and possess.

133. Plaintiff was misled by the Defendants' unlawful and misleading label on this product. Plaintiff would not have otherwise purchased this product had he known the truth about this product. Plaintiff had other food alternatives that that satisfied legal standards and Plaintiff also had cheaper alternatives.

134. This product is unlawful, misbranded, violates the Sherman Law (through incorporation of 21 C.F.R. § 101.54(g)), and is misleading and deceptive because the label uses the phrase "Packed with Antioxidants" and: (1) the antioxidants are not named, (2) there are no reference daily value for the unnamed antioxidants being touted (unless one includes Vitamins A

& C), (3) because no antioxidants (including Vitamin A and C) are capable of qualifying for a "good source" claim because the label states: Vitamin A 0% and Vitamin C 6%, and (4) Defendants lack adequate scientific evidence that the claimed antioxidant nutrients participate in physiological, biochemical, or cellular processes that inactivate free radicals or prevent free radical-initiated chemical reactions after they are eaten and absorbed from the gastrointestinal tract.

135. This product is unlawful, misbranded and violates the Sherman Law (through incorporation of 21 C.F.R. § 101.13 and § 101.54) and is misleading and deceptive because the label uses the phrases "Rich in Nutrients" because there is not more than one nutrient that is capable of qualifying for a claim which must be at least 20% daily value. This phrase states that there are more than one nutrient at sufficient levels in the product.

136. This product is unlawful, misbranded and violates the Sherman Law (through incorporation of 21 C.F.R. § 101.95) and is counter to the FDA's Compliance Policy Guide, CPG § 562.450 because the label uses the phrases "fresh taste" on food that has been frozen and this phrase suggests and implies the product is unprocessed and is truly fresh.

137. This product is also misleading and deceptive because the label uses the phrases "fresh taste" on food that has been frozen and these phrases suggest and imply the product is unprocessed and is truly fresh.

138. This product is unlawful and misbranded under the Sherman Law (through incorporation of 21 C.F.R. § 101.14) because Defendants' website, www.dole.com, (i) is listed on the product and therefore becomes part of the label and, therefore, (ii) stated that blueberries contain compounds that may help ward off urinary tract infections, reduce the risk of heart disease, which fight to protect one's health and which have anti-inflammatory, heart healthy, anti-aging, and anti-carcinogenic properties; and "protect astronauts against the radiation-induced free-radical damage experienced during extended space flight." These health claims render this product unlawful and misbranded under the Sherman Law.

### 4.    Dole Frozen Blueberries (3 oz plastic cups)

139.    Plaintiff purchased Dole Frozen Blueberries (3 oz plastic cups) in the Class Period. The label (front, back, top) of the package purchased by Plaintiff is as follows:



"Fresh Fruit Taste & Texture"



"New DOLE frozen fruit single-serve cups freeze in all the goodness of fresh fruit.  DOLE Blueberries are hand-picked at the peak of ripeness to ensure you're getting the finest fruit available, so you can enjoy the natural taste, texture and nutrition of fresh fruit whenever and wherever you like."

"The Nature Lock seal guarantees fresh fruit taste and texture"
*  *  *
Feel revitalized with the fresh taste of sun-ripened DOLE all natural fruit. Rich in nutrients, fruit gives you healthy energy so you feel refreshed and ready to shine."



140. This is a frozen product.

141. The following unlawful and misleading language appears on the label:

> *"Fresh Fruit Taste and Texture"*
>
> \* \* \*
>
> *"New DOLE frozen fruit single-serve cups freeze in all the goodness of fresh fruit. DOLE Blueberries are hand-picked at the peak of ripeness to ensure you're getting the finest fruit available, so you can enjoy the natural taste, texture and nutrition of fresh fruit whenever and wherever you like."*
>
> \* \* \*
>
> *"The Nature Lock seal guarantees fresh fruit taste and texture"*
>
> \* \* \*
>
> *"Feel revitalized with the fresh taste of sun-ripened DOLE all natural fruit. Rich in nutrients, fruit gives you healthy energy so you feel refreshed and ready to shine."*

142. Plaintiff reasonably relied on these label representations in paragraph 141 and based and justified the decision to purchase the product, in substantial part, on these label representations. Also, Plaintiff reasonably relied on the fact that this product was not misbranded under the Sherman Law and was therefore legal to buy and possess.

143. Plaintiff was misled by the Defendants' unlawful and misleading label on this product. Plaintiff would not have otherwise purchased this product had he known the truth about this product. Plaintiff had other food alternatives that that satisfied legal standards and Plaintiff

1  also had cheaper alternatives.

2      144.    This product is unlawful, misbranded and violates the Sherman Law (through

3  incorporation of 21 C.F.R. § 101.13 and § 101.54) and is misleading and deceptive because the

4  label uses the phrases "Rich in Nutrients" because there is not more than one nutrient that is

5  capable of qualifying for a claim which must be at least 20% daily value. This phrase states that

6  there are more than one nutrient at sufficient levels in the product.

7      145.    This product is unlawful, misbranded and violates the Sherman Law (through

8  incorporation of 21 C.F.R. § 101.95) and is counter to the FDA's Compliance Policy Guide, CPG

9  § 562.450 because the label uses the phrases "fresh fruit taste," "fresh fruit," and "fresh taste" on

10  food that has been frozen and these phrases suggest and imply the product is unprocessed and is

11  truly fresh.

12      146.    This product is also misleading and deceptive because the label uses the phrases

13  "fresh fruit taste," "fresh fruit," and "fresh taste" on food that has been frozen and these phrases

14  suggest and imply the product is unprocessed and is truly fresh.

15      147.    This product is unlawful and misbranded under the Sherman Law (through

16  incorporation of 21 C.F.R. § 101.14) because Defendants' website, www.dole.com, (i) is listed on

17  the product and therefore becomes part of the label and, therefore, (ii) stated that blueberries

18  contain compounds that may help ward off urinary tract infections, reduce the risk of heart

19  disease, which fight to protect one's health and which have anti-inflammatory, heart healthy, anti-

20  aging, and anti-carcinogenic properties; and "protect astronauts against the radiation-induced

21  free-radical damage experienced during extended space flight." These health claims render this

22  product unlawful and misbranded under the Sherman Law.

23

24

25

26

27

28

1

**5.**     <u>**Dole Mixed Fruit in 100% Fruit Juice (4 oz plastic cups)**</u>

2     148.    Plaintiff purchased Dole Mixed Fruit in 100% Fruit Juice (4 oz plastic cup) in the

3 Class Period. The label (front and back) of the package purchased by Plaintiff is as follows:



"All Natural Fruit & Juice"



"Feel revitalized with the fresh taste of sun-ripened DOLE all natural fruit. Rich in nutrients, fruit gives you healthy energy so you feel refreshed and ready to shine."

23     149.    The following unlawful and misleading language appears on the label:

*"All Natural Fruit & Juice"*

\*    \*    \*

*"Feel revitalized with the fresh taste of sun-ripened DOLE all natural fruit. Rich in nutrients, fruit gives you healthy energy so you feel refreshed and ready to shine."*

150.  Plaintiff reasonably relied on these label representations in paragraph 149 and based and justified the decision to purchase the product, in substantial part, on these label representations.  Also, Plaintiff reasonably relied on the fact that this product was not misbranded under the Sherman Law and was therefore legal to buy and possess.

151.  Plaintiff was misled by the Defendants' unlawful and misleading label on this product.  Plaintiff would not have otherwise purchased this product had he known the truth about this product. Plaintiff had other food alternatives that that satisfied legal standards and Plaintiff also had cheaper alternatives.

152.  This product is placed in plastic cups.

153.  This product is unlawful, misbranded and violates the Sherman Law, California Health & Safety Code § 110660 because the label uses the phrase "All Natural Fruit & Juice" even though this product contains the following artificial ingredients:  ascorbic acid and citric acid.  This product is also misleading and deceptive because the label uses the phrases "All Natural Fruit & Juice" on food that contains artificial ingredients and, therefore, is no truly "all natural."

154.  This product is unlawful, misbranded and violates the Sherman Law (through incorporation of 21 C.F.R. § 101.95) and is counter to the FDA's Compliance Policy Guide, CPG § 562.450 because the label uses the phrases "fresh taste" on food that has been hermetically sealed and/or chemically preserved.  This product is also misleading and deceptive because the label uses the phrases "fresh taste" on food that has been subject chemical processing and the use of preservatives (ascorbic acid and citric acid) and implies the product is fresh when it is not.  The label fails to disclose that chemicals are used as preservatives or that the product is a canned food item.

155.  This product is unlawful, misbranded and violates the Sherman Law (through incorporation of 21 C.F.R. § 101.13 and § 101.54) and is misleading and deceptive because the label uses the phrases "Rich in Nutrients" because there is not more than one nutrient that is capable of qualifying for a claim which must be at least 20% daily value. This phrase states that there are more than one nutrient at sufficient levels in the product.

156. This product is unlawful, misbranded and violates the Sherman Law, California Health & Safety Code § 110740, because the label fails to disclose that chemicals (citric acid) are used as preservatives. This product is misleading and deceptive because the label suggests that the product is free of such preservatives.

**6.** **Dole Fruit Smoothie Shakers – Strawberry Banana (4 oz)**

157. Plaintiff purchased Dole Fruit Smoothie Shakers (Strawberry Banana flavored) (4 oz) in the Class Period. The label (front and back) of the package purchased by Plaintiff is as follows:





"All Natural"



158.    The following unlawful and misleading language appears on the label:

    *"All Natural"*

159.    Plaintiff reasonably relied on these label representation in paragraph 158 and based

and justified the decision to purchase the product, in substantial part, on this label representation. Also, Plaintiff reasonably relied on the fact that this product was not misbranded under the Sherman Law and was therefore legal to buy and possess.

160.    Plaintiff was misled by the Defendants' unlawful and misleading label on this product.  Plaintiff would not have otherwise purchased this product had he known the truth about this product. Plaintiff had other food alternatives that that satisfied legal standards and Plaintiff also had cheaper alternatives.

161.    This product is unlawful, misbranded and violates the Sherman Law, California Health & Safety Code § 110660 because the label uses the phrase "All Natural" even though this product contains the following artificial ingredients: xantham gum and ascorbic acid.  This product is also misleading and deceptive because the label uses the phrases "All Natural" on food that contains artificial ingredients and, therefore, is no truly "all natural."

**7.    Dole Mixed Fruit in Cherry Gel (4.3 oz cups)**

162.    Plaintiff purchased Dole Mixed Fruit in Cherry Gel (4.3 oz cups) in the Class Period.  The label (front and back) of the package purchased by Plaintiff is as follows:



"Sugar Free Gel"

"All Natural Fruit"



"Feel revitalized with the fresh taste of sun-ripened DOLE all natural fruit. Rich in nutrients, fruit gives you healthy energy so you feel refreshed and ready to shine."

"all natural fruit in Gel"

163.   The following unlawful and misleading language appears on the label:

*"All Natural Fruit"*

\* \* \*

*"all natural fruit in Gel"*

\* \* \*

*"Feel revitalized with the fresh taste of sun-ripened DOLE all natural fruit. Rich in nutrients, fruit gives you healthy energy so you feel refreshed and ready to shine."*

\* \* \*

*"Sugar Free Gel"*

164.   Plaintiff reasonably relied on these label representations in paragraph 163 and based and justified the decision to purchase the product, in substantial part, on these label representations. Also, Plaintiff reasonably relied on the fact that this product was not misbranded under the Sherman Law and was therefore legal to buy and possess.

165.   Plaintiff was misled by the Defendants' unlawful and misleading label on this product. Plaintiff would not have otherwise purchased this product had he known the truth about this product. Plaintiff had other food alternatives that that satisfied legal standards and Plaintiff also had cheaper alternatives.

166.   This product is placed in plastic cups.

167.   This product is unlawful, misbranded and violates the Sherman Law, California

Health & Safety Code § 110660 because the label uses the phrase "All Natural Fruit" and "all natural fruit in get" even though this product contains the following artificial ingredients: malititol, carrageen, cochineal extract (color), artificial flavors, fumaric acide, maltodextrin, sodium citrate, potassium citrate, ascorbic acid (to promote color retention), caramel color, sucralose and malic acid. This product is also misleading and deceptive because the label uses the phrases "All Natural Fruit" and "all natural fruit in gel" on food that contains artificial ingredients and, therefore, is no truly "all natural."

168. This product is unlawful, misbranded and violates the Sherman Law, California Health & Safety Code § 110740, because the label fails to disclose that chemicals are used as artificial flavors (malititol, maltodextrin, sodium citrate, potassium citrate, malic acid, sucralose) and preservatives (malic acid). This product is misleading and deceptive because the label suggests that the product is free of such artificial flavors and preservatives.

169. This product is unlawful, misbranded and violates the Sherman Law (through incorporation of 21 C.F.R. § 101.95) and is counter to the FDA's Compliance Policy Guide, CPG § 562.450 because the label uses the phrases "fresh taste" on food that has been hermetically sealed and/or chemically preserved. This product is also misleading and deceptive because the label uses the phrases "fresh taste" on food that has been subject chemical processing and the use of preservatives (ascorbic acid and malic acid) and implies the product is fresh when it is not. The label fails to disclose that chemicals are used as preservatives or that the product is a canned food item. The product itself is packed in a clear plastic cup.

170. This product is unlawful, misbranded and violates the Sherman Law (through incorporation of 21 C.F.R. § 101.13 and § 101.54) and is misleading and deceptive because the label uses the phrases "Rich in Nutrients" because there is not more than one nutrient that is capable of qualifying for a claim which must be at least 20% daily value. This phrase states that there are more than one nutrient at sufficient levels in the product.

171. This product is unlawful, misleading, misbranded and violates the Sherman Law (through incorporation of 21 C.F.R. § 101.60(c)) because the label uses the phrase "Sugar Free" despite: (i) containing 5 grams of sugar per labeled serving which is ten times the maximum level

allowed by 21 C.F.R. § 101.60(b)(2); (ii) contains the ingredients peaches, pears and pineapple that are ingredients generally understood by consumers to contain sugars but the listing of these ingredient in the ingredient statement is not followed by an asterisk that refers to the statement below the list of ingredients, which states "adds a trivial amount of sugar," "adds a negligible amount of sugar," or "adds a dietary insignificant amount of sugar as required by 21 C.F.R. § 101.60(b)(2), and (iii) contains more than 60 calories per reference amount customarily consumed which precludes it from being classified as a "low calorie" product.

### 7. <u>Dole Tropical Fruit in Light Syrup & Passion Fruit Juice (15.25 oz can)</u>

172.    Plaintiff purchased Dole Tropical Fruit in Light Syrup & Passion Fruit Juice (15.25 oz can) in the Class Period.  The label (front and back) of the package purchased by Plaintiff is as follows:



"All Natural Fruit"



"Feel revitalized with the fresh taste of sun-ripened DOLE all natural fruit. Rich in nutrients, fruit gives you healthy energy so you feel refreshed and ready to shine."

173.    The following unlawful and misleading language appears on the label:

*"All Natural Fruit"*

\* \* \*

*"Feel revitalized with the fresh taste of sun-ripened DOLE all natural fruit. Rich in nutrients, fruit gives you healthy energy so you feel refreshed and ready to shine."*

174.    Plaintiff reasonably relied on these label representations in paragraph 173 and based and justified the decision to purchase the product, in substantial part, on these label representations. Also, Plaintiff reasonably relied on the fact that this product was not misbranded under the Sherman Law and was therefore legal to buy and possess.

175.    Plaintiff was misled by the Defendants' unlawful and misleading label on this product. Plaintiff would not have otherwise purchased this product had he known the truth about this product. Plaintiff had other food alternatives that that satisfied legal standards and Plaintiff also had cheaper alternatives.

176.    This product is unlawful, misbranded and violates the Sherman Law, California Health & Safety Code § 110660 because the label uses the phrase because the label uses the phrase "All Natural" even though this product contains the following artificial ingredients: citric

acid, ascorbic acid, added flavors, Vitamin A Palmitate and the artificial coloring agent Beta Carotene. This product is also misleading and deceptive because the label uses the phrases "All Natural" on food that contains artificial ingredients and, therefore, is no truly "all natural."

177. This product is unlawful, misbranded and violates the Sherman Law (through incorporation of 21 C.F.R. § 101.95) and is counter to the FDA's Compliance Policy Guide, CPG § 562.450 because the label uses the phrases "fresh taste" on food that has been hermetically sealed and/or chemically preserved. This product is also misleading and deceptive because the label uses the phrases "fresh taste" on food that has been subject chemical processing and the use of preservatives (ascorbic acid) and implies the product is fresh when it is not. The label fails to disclose that chemicals are used as preservatives or that the product is a canned food item.

178. This product is unlawful, misbranded and violates the Sherman Law, California Health & Safety Code § 110740, because the label fails to disclose that chemicals are used as preservatives (ascorbic acid and citric acid). This product is misleading and deceptive because the label suggests that the product is free of such artificial flavors and preservatives.

## IX. DEFENDANTS HAVE VIOLATED CALIFORNIA LAW BY MANUFACTURING, ADVERTISING, DISTRIBUTING AND SELLING MISBRANDED FOOD

179. Defendant has manufactured, advertised, distributed and sold products that are misbranded under California law. Misbranded products cannot be legally manufactured, advertised, distributed, sold or held and are legally worthless as a matter of law.

180. Defendants have violated California Health & Safety Code § 110390 which makes it unlawful to disseminate false or misleading food advertisements that include statements on products and product packaging or labeling or any other medium used to directly or indirectly induce the purchase of a food product.

181. Defendants have violated California Health & Safety Code § 110395 which makes it unlawful to manufacture, sell, deliver, hold or offer to sell any falsely advertised food.

182. Defendants have violated California Health & Safety Code §§ 110398 and 110400 which make it unlawful to advertise misbranded food or to deliver or proffer for delivery any food that has been falsely advertised.

183.    Defendants violated California Health & Safety Code § 110660 because their labeling is false and misleading in one or more ways.

184.    Defendants violated California Health & Safety Code § 110665 because their labeling fails to conform to the requirements for nutrient labeling set forth in 21 U.S.C. § 343(q) and the regulations adopted thereto.

185.    Defendants violated California Health & Safety Code § 110670 because their labeling fails to conform with the requirements for nutrient content and health claims set forth in 21 U.S.C. § 343(r) and the regulations adopted thereto.

186.    Defendants violated California Health & Safety Code § 110705 because words, statements and other information required by the Sherman Law to appear on their labeling either are missing or not sufficiently conspicuous.

187.    Defendants violated California Health & Safety Code § 110735 because they purport to be or are represented for special dietary uses, and their labels fail to bear such information concerning their vitamin, mineral, and other dietary properties as the Secretary determines to be, and by regulations prescribes as, necessary in order fully to inform purchasers as to its value for such uses.

188.    Defendants violated California Health & Safety Code § 110740 because they contain artificial flavoring, artificial coloring and chemical preservatives but fail to adequately disclose that fact on their labeling.

189.    Defendants violated California Health & Safety Code § 110760 which makes it unlawful for any person to manufacture, sell, deliver, hold, or offer for sale any food that is misbranded.

190.    Defendants violated California Health & Safety Code § 110765 which makes it unlawful for any person to misbrand any food.

191.    Defendants violated California Health & Safety Code § 110770 which makes it unlawful for any person to receive in commerce any food that is misbranded or to deliver or proffer for delivery any such food.

192. Defendants have violated the standards set by 21 C.F.R. § 101.22, 21 C.F.R. § 101.13, 21 C.F.R. § 101.14, 21 C.F.R. § 101.54, 21 C.F.R. § 101.95 and 21 C.F.R. § 1.21, which have been incorporated by reference in the Sherman Law, by failing to include on their product labels the nutritional information required by law.

## X. PLAINTIFF BOUGHT THE PURCHASED PRODUCTS

193. Plaintiff cares about the nutritional content of food and seeks to maintain a healthy diet. During the Class Period, Plaintiff spent more than twenty-five dollars ($25.00) on the Purchased Products.

194. Plaintiff read and reasonably relied on the labels on Defendants' Purchased Products before purchasing them as described herein. Plaintiff relied on Defendants' labeling as described herein and based and justified the decision to purchase Defendants' products, in substantial part, on these labels.

195. At point of sale, Plaintiff did not know, and had no reason to know, that the Purchased Products were unlawful and misbranded as set forth herein, and would not have bought the products had he known the truth about them, *i.e*., that the products were illegal to purchase and possess.

196. After Plaintiff learned that Defendants' Purchased Products were falsely labeled, he stopped purchasing them.

197. As a result of Defendants unlawful misrepresentations, Plaintiff and thousands of others in California and throughout the United States purchased the Purchased Products and the Substantially Similar Products at issue.

198. Defendants' labeling as alleged herein is false and misleading and was designed to increase sales of the products at issue. Defendants' misrepresentations are part of its systematic labeling practice and a reasonable person would attach importance to Defendants' misrepresentations in determining whether to purchase the products at issue.

199. A reasonable person would also attach importance to whether Defendants' products were "misbranded," i.e., legally salable, and capable of legal possession, and to Defendants' representations about these issues in determining whether to purchase the products at

issue. Plaintiff would not have purchased Defendants' products had he known they were not capable of being legally sold or held.

200. Plaintiff's purchase of the Purchased Products damaged Plaintiff because misbranded products cannot be legally sold, possessed, have no economic value, and are legally worthless.

## XI. SUBSTANTIALLY SIMILAR PRODUCT CLAIMS

201. The products listed in paragraph 4 have the same claims and share the same label representations and Sherman Law violations as the Purchased Products as described herein.

Frozen Marion Blackberries – 12 oz bag
- fresh, "packed with antioxidants"

Frozen Dark Sweet Cherries – 12 oz bag
- fresh, "packed with antioxidants"

Frozen Mango Chunks – 12 oz bag
- fresh

Frozen Pineapple Chunks – 12 oz bag
- fresh, "rich in nutrients"

Frozen Raspberries – 12 oz bag
- fresh

Frozen Sliced Peaches – 12 oz bag
- fresh

Frozen Sliced Strawberries – 12 oz bag
- fresh, "rich in nutrients"

Frozen Whole Strawberries – 12 oz bag
- fresh

Frozen Wild Blueberries – 12 oz bag
- fresh

Frozen Wildly Nutritious Tropical Fruit – 12 oz bag
- fresh

Frozen Tropical Gold Pineapple – 3 oz plastic cups
- fresh, "rich in nutrients," "all natural"

Frozen Sliced Strawberries – 3 oz plastic cups
- fresh, "rich in nutrients"

Diced Peaches in 100% Fruit Juice – 4 oz plastic cups
- fresh, "rich in nutrients," "all natural," undisclosed preservatives/art. flavors

Diced Apples in 100% Fruit Juice – 4 oz plastic cups
- fresh, "rich in nutrients," "all natural," undisclosed preservatives/art. flavors

Diced Pears in 100% Fruit Juice – 4 oz plastic cups
- fresh, "rich in nutrients," "all natural," undisclosed preservatives/art. flavors

Mandarin Oranges in 100% Fruit Juice – 4 oz plastic cups
- fresh, "rich in nutrients," "all natural," undisclosed preservatives/art. flavors

Pineapple Tidbits in 100% Pineapple Juice – 4 oz plastic cups
- fresh, "rich in nutrients," "all natural," undisclosed preservatives/art. flavors

Cherry Mixed Fruit in 100% Juice – 4 oz plastic cups
- fresh, "rich in nutrients," "all natural," undisclosed preservatives/art. flavors

Tropical Fruit in 100% Juice – 4 oz plastic cups
- fresh, "rich in nutrients," "all natural," undisclosed preservatives/art. Flavors

Red Grapefruit Sunrise in 100% Juice – 4 oz plastic cups
- fresh, "rich in nutrients," "all natural"

Frozen Fruit Smoothie Shaker – Mixed Berry (4 oz)
- "all natural"

Frozen Fruit Smoothie Shaker – Peach Mango (4 oz)
- "all natural"

Frozen Fruit Smoothie Shaker – Strawberry (4 oz)
- "all natural"

Mixed Fruit in Black Cherry Gel – 4.3 oz plastic cups
- fresh, "rich in nutrients," "all natural," undisclosed preservatives/art. flavors

Mandarins in Orange Gel – 4.3 oz plastic cups
- fresh, "rich in nutrients," "all natural," undisclosed preservatives/art. flavors

Pineapple in Strawberry Gel – 4.3 oz plastic cups
- fresh, "rich in nutrients," "all natural," undisclosed preservatives/art. flavors

Peaches in Strawberry Gel – 4.3 oz plastic cups
- fresh, "rich in nutrients," "all natural," undisclosed preservatives/art. flavors

Pineapple in Lime Gel – 4.3 oz plastic cups
- fresh, "rich in nutrients," "all natural," undisclosed preservatives/art. flavors

Mixed Fruit in Peach Gel – 4.3 oz plastic cups
- fresh, "rich in nutrients," "all natural," undisclosed preservatives/art. flavors

Mandarin Oranges in Light Syrup – 15.25 oz can
- fresh, "rich in nutrients," "all natural," undisclosed preservatives/art. flavors

## XII.  CLASS ACTION ALLEGATIONS

202.    Plaintiff brings this action as a class action pursuant to Federal Rule of Procedure 23(b)(2) and 23(b)(3) on behalf of the following class: All persons in the United States, or alternatively California, who since April 11, 2008, purchased one of the following Dole products:

Frozen Wildly Nutritious Signature Blends – Mixed Berries (12 oz bag)
Frozen Wildly Nutritious Signature Blends – Mixed Fruit (12 oz bag)
Frozen Blueberries – 12 oz bag
Frozen Blueberries – 3 oz plastic cups
Mixed Fruit in 100% Fruit Juice – 4 oz cups
Frozen Fruit Smoothie Shakers – Strawberry Banana (4 oz)
Mixed Fruit in Cherry Gel – 4.3 oz plastic cups
Tropical Fruit in Light Syrup & Passion Fruit Juice – 15.25 oz can
Frozen Marion Blackberries – 12 oz bag
Frozen Dark Sweet Cherries – 12 oz bag
Frozen Mango Chunks – 12 oz bag
Frozen Pineapple Chunks – 12 oz bag
Frozen Raspberries – 12 oz bag
Frozen Sliced Peaches – 12 oz bag
Frozen Sliced Strawberries – 12 oz bag
Frozen Whole Strawberries – 12 oz bag
Frozen Wild Blueberries – 12 oz bag
Frozen Wildly Nutritious Tropical Fruit – 12 oz bag
Frozen Tropical Gold Pineapple – 3 oz plastic cups
Frozen Sliced Strawberries – 3 oz plastic cups
Diced Peaches in 100% Fruit Juice – 4 oz plastic cups
Diced Apples in 100% Fruit Juice – 4 oz plastic cups
Diced Pears in 100% Fruit Juice – 4 oz plastic cups
Mandarin Oranges in 100% Fruit Juice – 4 oz plastic cups

Pineapple Tidbits in 100% Pineapple Juice – 4 oz plastic cups
Cherry Mixed Fruit in 100% Juice – 4 oz plastic cups
Tropical Fruit in 100% Juice – 4 oz plastic cups
Red Grapefruit Sunrise in 100% Juice – 4 oz plastic cups
Frozen Fruit Smoothie Shaker – Mixed Berry (4 oz)
Frozen Fruit Smoothie Shaker – Peach Mango (4 oz)
Frozen Fruit Smoothie Shaker – Strawberry (4 oz)
Mixed Fruit in Black Cherry Gel – 4.3 oz plastic cups
Mandarins in Orange Gel – 4.3 oz plastic cups
Pineapple in Strawberry Gel – 4.3 oz plastic cups
Peaches in Strawberry Gel – 4.3 oz plastic cups
Pineapple in Lime Gel – 4.3 oz plastic cups
Mixed Fruit in Peach Gel – 4.3 oz plastic cups
Mandarin Oranges in Light Syrup – 15.25 oz can

203.    The following persons are expressly excluded from the Class: (1) Defendants and their subsidiaries and affiliates; (2) all persons who make a timely election to be excluded from the proposed Class; (3) governmental entities; and (4) the Court to which this case is assigned and its staff.

204.    This action can be maintained as a class action because there is a well-defined community of interest in the litigation and the proposed Class is easily ascertainable.

205.    <u>Numerosity</u>:  Based upon Defendants' publicly available sales data with respect to the misbranded products at issue, it is estimated that the Class numbers in the thousands, and that joinder of all Class members is impracticable.

206.    <u>Common Questions Predominate</u>:  This action involves common questions of law and fact applicable to each Class member that predominate over questions that affect only individual Class members.  Thus, proof of a common set of facts will establish the right of each Class member to recover.  Questions of law and fact common to each Class member include:

a.    Whether Defendants engaged in unfair or deceptive business practices by failing to properly package and label products sold to consumers;

b.    Whether the food products at issue were misbranded or unlawfully packaged and labeled under the Sherman Law;

c.    Whether Defendants made unlawful and misleading "All Natural," "fresh" or "sugar free" claims with respect to their food products sold to consumers;

d.    Whether Defendants violated California Bus. & Prof. Code § 17200, *et seq.*, California Bus. & Prof. Code § 17500, *et seq.*, the Consumers Legal Remedies Act, Cal. Civ. Code §1750, *et seq.*,

California Civ. Code § 1790, *et seq.*, 15 U.S.C. § 2301, *et seq.*, and the Sherman Law;

e.    Whether Plaintiff and the Class are entitled to equitable and/or injunctive relief; and

f.    Whether Defendants' unlawful, unfair and/or deceptive practices harmed Plaintiff and the Class.

207.    Typicality:  Plaintiff's claims are typical of the claims of the Class because Plaintiff bought Defendants' Purchased Products during the Class Period.  Defendants' unlawful, unfair and/or fraudulent actions concern the same business practices described herein irrespective of where they occurred or were experienced.  Plaintiff and the Class sustained similar injuries arising out of Defendants' conduct in violation of California law.  The injuries of each member of the Class were caused directly by Defendants' wrongful conduct.  In addition, the factual underpinning of Defendants' misconduct is common to all Class members and represents a common thread of misconduct resulting in injury to all members of the Class.  Plaintiff's claims arise from the same practices and course of conduct that give rise to the claims of the Class members and are based on the same legal theories.

208.    Adequacy:  Plaintiff will fairly and adequately protect the interests of the Class.  Neither Plaintiff nor Plaintiff's counsel have any interests that conflict with or are antagonistic to the interests of the Class members.  Plaintiff has retained highly competent and experienced class action attorneys to represent his interests and those of the members of the Class.  Plaintiff and Plaintiff's counsel have the necessary financial resources to adequately and vigorously litigate this class action, and Plaintiff and counsel are aware of their fiduciary responsibilities to the Class members and will diligently discharge those duties by vigorously seeking the maximum possible recovery for the Class.

209.    Superiority:  There is no plain, speedy or adequate remedy other than by maintenance of this class action.  The prosecution of individual remedies by members of the Class will tend to establish inconsistent standards of conduct for Defendants and result in the impairment of Class members' rights and the disposition of their interests through actions to which they were not parties.  Class action treatment will permit a large number of similarly

situated persons to prosecute their common claims in a single forum simultaneously, efficiently and without the unnecessary duplication of effort and expense that numerous individual actions would engender. Further, as the damages suffered by individual members of the Class may be relatively small, the expense and burden of individual litigation would make it difficult or impossible for individual members of the Class to redress the wrongs done to them, while an important public interest will be served by addressing the matter as a class action. Class treatment of common questions of law and fact would also be superior to multiple individual actions or piecemeal litigation in that class treatment will conserve the resources of the Court and the litigants, and will promote consistency and efficiency of adjudication.

210.    The prerequisites to maintaining a class action for injunctive or equitable relief pursuant to Fed. R. Civ. P. 23(b)(2) are met as Defendants have acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive or equitable relief with respect to the Class as a whole.

211.    The prerequisites to maintaining a class action pursuant to Fed. R. Civ. P. 23(b)(3) are met as questions of law or fact common to class members predominate over any questions affecting only individual members, and a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

212.    Plaintiff and Plaintiff's counsel are unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.

## XIII. CAUSES OF ACTION

### FIRST CAUSE OF ACTION
**Business and Professions Code § 17200, *et seq.***
**Unlawful Business Acts and Practices**

213.    Plaintiff incorporates by reference each allegation set forth above.

214.    Defendants' conduct constitutes unlawful business acts and practices.

215.    Defendants' conduct in mislabeling and misbranding its food products originated from and was approved at Dole's headquarters in California.

216.     Defendants sold the Purchased Products in California and throughout the United States during the Class Period.

217.     Defendants are corporations and, therefore, each is a "person" within the meaning of the Sherman Law.

218.     Defendants' business practices are unlawful under § 17200, *et seq.* by virtue of Defendants' violations of the advertising provisions of Article 3 of the Sherman Law and the misbranded food provisions of Article 6 of the Sherman Law.

219.     Defendants' business practices are unlawful under § 17200, *et seq.* by virtue of Defendants' violations of § 17500, *et seq.*, which forbids untrue and misleading advertising.

220.     Defendants' business practices are unlawful under § 17200, *et seq.* by virtue of Defendants' violations of the Consumers Legal Remedies Act, Cal. Civ. Code § 1750, *et seq.*

221.     Defendants sold Plaintiff and the Class products that were not capable of being sold or held legally, and which were legally worthless. Plaintiff and the Class paid a premium price for these products.

222.     As a result of Defendants' illegal business practices, Plaintiff and the Class, pursuant to Business and Professions Code § 17203, are entitled to an order enjoining such future conduct and such other orders and judgments which may be necessary to disgorge Defendants' ill-gotten gains and to restore to any Class Member any money paid for the Purchased Products.

223.     Defendants' unlawful business acts present a threat and reasonable continued likelihood of injury to Plaintiff and the Class.

224.     As a result of Defendants' conduct, Plaintiff and the Class, pursuant to Business and Professions Code § 17203, are entitled to an order enjoining such future conduct by Defendants, and such other orders and judgments which may be necessary to disgorge Defendants' ill-gotten gains and restore any money paid for Defendants' Purchased Products by Plaintiff and the Class.

**SECOND CAUSE OF ACTION**
**Business and Professions Code § 17200, *et seq.***
**Unfair Business Acts and Practices**

225.     Plaintiff incorporates by reference each allegation set forth above.

226. Defendants' conduct as set forth herein constitutes unfair business acts and practices.

227. Defendants' conduct in mislabeling and misbranding its food products originated from and was approved at Dole's headquarters in California.

228. Defendants sold the Purchased Products in California and throughout the United States during the Class Period.

229. Plaintiff and members of the Class suffered a substantial injury by virtue of buying Defendants' Purchased Products that they would not have purchased absent Defendants' illegal conduct.

230. Defendants' deceptive marketing, advertising, packaging and labeling of their Purchased Products and their sale of unsalable misbranded products that were illegal to possess was of no benefit to consumers, and the harm to consumers and competition is substantial.

231. Defendants sold Plaintiff and the Class Purchased Products that were not capable of being legally sold or held and that were legally worthless. Plaintiff and the Class paid a premium price for the Purchased Products.

232. Plaintiff and the Class who purchased Defendants' Purchased Products had no way of reasonably knowing that the products were misbranded and were not properly marketed, advertised, packaged and labeled, and thus could not have reasonably avoided the injury each of them suffered.

233. The consequences of Defendants' conduct as set forth herein outweigh any justification, motive or reason therefor. Defendants' conduct is and continues to be immoral, unethical, unscrupulous, contrary to public policy, and is substantially injurious to Plaintiff and the Class.

234. As a result of Defendants' conduct, Plaintiff and the Class, pursuant to Business and Professions Code § 17203, are entitled to an order enjoining such future conduct by Defendants, and such other orders and judgments which may be necessary to disgorge Defendants' ill-gotten gains and restore any money paid for Defendants' Purchased Products by Plaintiff and the Class.

**THIRD CAUSE OF ACTION**
**Business and Professions Code § 17200,** *et seq.*
**Fraudulent Business Acts and Practices**

235. Plaintiff incorporates by reference each allegation set forth above.

236. Defendants' conduct as set forth herein constitutes fraudulent business practices under California Business and Professions Code sections § 17200, *et seq.*

237. Defendants' conduct in mislabeling and misbranding its food products originated from and was approved at Dole's headquarters in California.

238. Defendants sold Purchased Products in California and throughout the United States during the Class Period.

239. Defendants' misleading marketing, advertising, packaging and labeling of the Purchased Products and their misrepresentations that the products were salable, capable of legal possession and not misbranded were likely to deceive reasonable consumers, and in fact, Plaintiff and members of the Class were deceived. Defendants have engaged in fraudulent business acts and practices.

240. Defendants' fraud and deception caused Plaintiff and the Class to purchase Defendants Purchased Products that they would otherwise not have purchased had they known the true nature of those products.

241. Defendants sold Plaintiff and the Class Purchased Products that were not capable of being sold or held legally and that were legally worthless. Plaintiff and the Class paid a premium price for the Purchased Products.

242. As a result of Defendants' conduct as set forth herein, Plaintiff and the Class, pursuant to Business and Professions Code § 17203, are entitled to an order enjoining such future conduct by Defendants, and such other orders and judgments which may be necessary to disgorge Defendants' ill-gotten gains and restore any money paid for Defendants' Purchased Products by Plaintiff and the Class.

**FOURTH CAUSE OF ACTION**
**Business and Professions Code § 17500,** *et seq.*
**Misleading and Deceptive Advertising**

243.     Plaintiff incorporates by reference each allegation set forth above.

244.     Plaintiff asserts this cause of action for violations of California Business and Professions Code § 17500, *et seq*. for misleading and deceptive advertising against Defendants.

245.     Defendants' conduct in mislabeling and misbranding its food products originated from and was approved at Dole's headquarters in California.

246.     Defendants sold Purchased Products in California and throughout the United States during the Class Period.

247.     Defendants engaged in a scheme of offering Defendants Purchased Products for sale to Plaintiff and members of the Class by way of, *inter alia*, product packaging and labeling, and other promotional materials.  These materials misrepresented and/or omitted the true contents and nature of Defendants Purchased Products.  Defendants' advertisements and inducements were made within California and throughout the United States and come within the definition of advertising as contained in Business and Professions Code §17500, *et seq*. in that such product packaging and labeling, and promotional materials were intended as inducements to purchase Defendants' Purchased Products and are statements disseminated by Defendants to Plaintiff and the Class that were intended to reach members of the Class.  Defendants knew, or in the exercise of reasonable care should have known, that these statements were misleading and deceptive as set forth herein.

248.     In furtherance of their plan and scheme, Defendants prepared and distributed within California and nationwide via product packaging and labeling, and other promotional materials, statements that misleadingly and deceptively represented the composition and the nature of Defendants' Purchased Products.  Plaintiff and the Class necessarily and reasonably relied on Defendants' materials, and were the intended targets of such representations.

249.     Defendants' conduct in disseminating misleading and deceptive statements in California and nationwide to Plaintiff and the Class was and is likely to deceive reasonable consumers by obfuscating the true composition and nature of Defendants' Purchased Products in violation of the "misleading prong" of California Business and Professions Code § 17500, *et seq*.

250. As a result of Defendants' violations of the "misleading prong" of California Business and Professions Code § 17500, *et seq.*, Defendants have been unjustly enriched at the expense of Plaintiff and the Class. Misbranded products cannot be legally sold or held and are legally worthless. Plaintiff and the Class paid a premium price for the Purchased Products.

251. Plaintiff and the Class, pursuant to Business and Professions Code § 17535, are entitled to an order enjoining such future conduct by Defendants, and such other orders and judgments which may be necessary to disgorge Defendants' ill-gotten gains and restore any money paid for Defendants' Purchased Products by Plaintiff and the Class.

## FIFTH CAUSE OF ACTION
### Business and Professions Code § 17500, *et seq.*
### Untrue Advertising

252. Plaintiff incorporates by reference each allegation set forth above.

253. Plaintiff asserts this cause of action against Defendants for violations of California Business and Professions Code § 17500, *et seq.*, regarding untrue advertising.

254. Defendants' conduct in mislabeling and misbranding its food products originated from and was approved at Dole's headquarters in California.

255. Defendants sold Purchased Products in California and throughout the United States during the Class Period.

256. Defendants engaged in a scheme of offering Defendants' Purchased Products for sale to Plaintiff and the Class by way of product packaging and labeling, and other promotional materials. These materials misrepresented and/or omitted the true contents and nature of Defendants' Purchased Products. Defendants' advertisements and inducements were made in California and throughout the United States and come within the definition of advertising as contained in Business and Professions Code §17500, *et seq.* in that the product packaging and labeling, and promotional materials were intended as inducements to purchase Defendants' Purchased Products, and are statements disseminated by Defendants to Plaintiff and the Class. Defendants knew, or in the exercise of reasonable care should have known, that these statements were untrue.

257.     In furtherance of their plan and scheme, Defendants prepared and distributed in California and nationwide via product packaging and labeling, and other promotional materials, statements that falsely advertise the composition of Defendants' Purchased Products, and falsely misrepresented the nature of those products.  Plaintiff and the Class were the intended targets of such representations and would reasonably be deceived by Defendants' materials.

258.     Defendants' conduct in disseminating untrue advertising throughout California deceived Plaintiff and members of the Class by obfuscating the contents, nature and quality of Defendants' Purchased Products in violation of the "untrue prong" of California Business and Professions Code § 17500.

259.     As a result of Defendants' violations of the "untrue prong" of California Business and Professions Code § 17500, *et seq.*, Defendants have been unjustly enriched at the expense of Plaintiff and the Class.  Misbranded products cannot be legally sold or held and are legally worthless. Plaintiff and the Class paid a premium price for the Purchased Products.

260.     Plaintiff and the Class, pursuant to Business and Professions Code § 17535, are entitled to an order enjoining such future conduct by Defendants, and such other orders and judgments which may be necessary to disgorge Defendants' ill-gotten gains and restore any money paid for Defendants' Purchased Products by Plaintiff and the Class.

### SIXTH CAUSE OF ACTION
### Consumers Legal Remedies Act, Cal. Civ. Code §1750, *et seq.*

261.     Plaintiff incorporates by reference each allegation set forth above.

262.     This cause of action is brought pursuant to the CLRA.  Defendants' violations of the CLRA were and are willful, oppressive and fraudulent, thus supporting an award of punitive damages.

263.     Plaintiff and the Class are entitled to actual and punitive damages against Defendants for its violations of the CLRA.  In addition, pursuant to Cal. Civ. Code § 1782(a)(2), Plaintiff and the Class are entitled to an order enjoining the above-described acts and practices, providing restitution to Plaintiff and the Class, ordering payment of costs and attorneys' fees, and any other relief deemed appropriate and proper by the Court pursuant to Cal. Civ. Code § 1780.

264. Defendants' actions, representations and conduct have violated, and continue to violate the CLRA, because they extend to transactions that are intended to result, or which have resulted, in the sale of goods or services to consumers.

265. Defendants sold Purchased Products in California during the Class Period.

266. Plaintiff and members of the Class are "consumers" as that term is defined by the CLRA in Cal. Civ. Code §1761(d).

267. Defendants' Purchased Products were and are "goods" within the meaning of Cal. Civ. Code §1761(a).

268. By engaging in the conduct set forth herein, Defendants violated and continue to violate Section 1770(a)(5), of the CLRA, because Defendants' conduct constitutes unfair methods of competition and unfair or fraudulent acts or practices, in that it misrepresents the particular ingredients, characteristics, uses, benefits and quantities of the goods.

269. By engaging in the conduct set forth herein, Defendants violated and continue to violate Section 1770(a)(7) of the CLRA, because Defendants' conduct constitutes unfair methods of competition and unfair or fraudulent acts or practices, in that it misrepresents the particular standard, quality or grade of the goods.

270. By engaging in the conduct set forth herein, Defendants violated and continue to violate Section 1770(a)(9) of the CLRA, because Defendants' conduct constitutes unfair methods of competition and unfair or fraudulent acts or practices, in that it advertises goods with the intent not to sell the goods as advertised.

271. By engaging in the conduct set forth herein, Defendants have violated and continue to violate Section 1770(a)(16) of the CLRA, because Defendants' conduct constitutes unfair methods of competition and unfair or fraudulent acts or practices, in that it represents that a subject of a transaction has been supplied in accordance with a previous representation when they have not.

272. Plaintiff requests that the Court enjoin Defendants from continuing to employ the unlawful methods, acts and practices alleged herein pursuant to Cal. Civ. Code § 1780(a)(2). If

1    Defendants are not restrained from engaging in these practices in the future, Plaintiff and the

2    Class will continue to suffer harm.

3         273.    Pursuant to Section 1782(a) of the CLRA, on May 8, 2012, Plaintiff's counsel

4    served Dole with notice of Dole's violations of the CLRA.  As authorized by Dole's counsel,

5    Plaintiff's counsel served Dole by certified mail, return receipt requested.    Dole, through its

6    counsel, acknowledged receipt of Plaintiff's CLRA demand notice, by responding with a letter

7    dated June 7, 2012.

8         274.    Dole has failed to provide appropriate relief for its violations of the CLRA within

9    30 days of its receipt of the CLRA demand notice.  Accordingly, pursuant to Sections 1780 and

10   1782(b) of the CLRA, Plaintiff is entitled to recover actual damages, punitive damages, attorneys'

11   fees and costs, and any other relief the Court deems proper.

12        275.    Plaintiff makes certain claims in this Second Amended Complaint that were not

13   included in the original Complaint filed on April 11, 2012, and were not included in Plaintiff's

14   CLRA demand notice.

15        276.    At the time of any amendment seeking damages under the CLRA, Plaintiff will

16   demonstrate that the violations of the CLRA by Defendants were willful, oppressive and

17   fraudulent, thus supporting an award of punitive damages.

18        277.    Consequently, Plaintiff and the Class will be entitled to actual and punitive

19   damages against Defendants for its violations of the CLRA.  In addition, pursuant to Cal. Civ.

20   Code § 1782(a)(2), Plaintiff and the Class will be entitled to an order enjoining the above-

21   described acts and practices, providing restitution to Plaintiff and the Class, ordering payment of

22   costs and attorneys' fees, and any other relief deemed appropriate and proper by the Court

23   pursuant to Cal. Civ. Code § 1780.

24   **XIV.   JURY DEMAND**

25        Plaintiff hereby demands a trial by jury of his claims.

26   **XV.    PRAYER FOR RELIEF**

27        WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, and on

28   behalf of the general public, prays for judgment against Defendants as follows:

1         A.      For an order certifying this case as a class action and appointing Plaintiff

2 and his counsel to represent the Class;

3         B.      For an order awarding, as appropriate, damages, restitution or

4 disgorgement to Plaintiff and the Class for all causes of action;

5         C.      For an order requiring Defendants to immediately cease and desist from

6 selling their Purchased Products listed in violation of law; enjoining Defendants from continuing

7 to market, advertise, distribute, and sell these products in the unlawful manner described herein;

8 and ordering Defendants to engage in corrective action;

9         D.      For all remedies available pursuant to Cal. Civ. Code § 1780;

10         E.      For an order awarding attorneys' fees and costs;

11         F.      For an order awarding punitive damages;

12         G.      For an order awarding pre-and post-judgment interest; and

13         H.      For an order providing such further relief as this Court deems proper.

14     Dated: April 12, 2013

                           Respectfully submitted,
15

16

                       /s/ *Charles Barrett*
17

                       Charles Barrett (*pro hac vice*)

                       CHARLES BARRETT, P.C.
18

                       6518 Hwy. 100, Suite 210

                       Nashville, TN 37205
19

                       Telephone: (615) 515-3393

                       Fax: (615) 515-3395
20

                       charles@cfbfirm.com

21                        Ben F. Pierce Gore (SBN 128515)

                       PRATT & ASSOCIATES
22

                       1871 The Alameda, Suite 425

                       San Jose, CA 95126
23

                       Telephone: (408) 429-6506

                       Fax: (408) 369-0752
24

                       pgore@prattattorneys.com

25                        *Attorneys for Plaintiff*

26

27

28