Ben F. Pierce Gore (SBN 128515)
PRATT & ASSOCIATES
1871 The Alameda, Suite 425
San Jose, CA 95126
Telephone: (408) 429-6506
Fax: (408) 369-0752
pgore@prattattorneys.com

Charles Barrett
CHARLES BARRETT, P.C.
6518 Highway 100
Suite 210
Nashville, TN 37205
(615) 515-3393
charles@cfbfirm.com

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CHAD BRAZIL, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>DOLE PACKAGED FOODS, LLC,<br><br>Defendant. | Case No. 12-cv-01831 (LHK)<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO STRIKE DECLARATION OF DR. ED SCARBROUGH**<br><br>Hearing Date:  April 17, 2014<br>Time:           9:00 AM<br>Judge:          Hon. Lucy H. Koh<br>Action Filed:  April 11, 2012 |

Plaintiff Chad Brazil, by and through counsel, hereby files his opposition to Defendant's motion to strike the expert declaration of Dr. Edward Scarbrough.

**INTRODUCTION**

Dr. Edward Scarbrough is a credentialed chemist with particular expertise in the field of food labeling and food attribute analysis. Plaintiff submitted with his motion for class certification Dr. Scarbrough's declaration detailing the methods through which Dole's

1  misbranding statements violate FDA regulations and are factually false and misleading.

2  Dr. Scarbrough's declaration clearly meets the relevant threshold of being helpful to the
3  Court in the determination of class certification. Dr. Scarborough details the methods for his
4  analysis concerning Dole's label statements, how FDA letters and warnings play into that
5  analysis, and ultimately form his conclusion. Defendant's motion fails to demonstrate that Dr.
6  Scarbrough's opinion are not relevant or helpful, and it improperly assumes that a full *Daubert*
7  analysis is proper at the class certification stage.

8  Dole's motion to strike Dr. Scarbrough's declaration must be denied.

## DR. SCARBROUGH'S BACKGROUND AND EXPERTISE

10  Dr. Scarbrough received his Ph.D in chemistry from Harvard University in 1971.
11  (Scarborough Declaration at ¶ 1). Dr. Scarbrough began working with the FDA as a chemist in
12  the Division of Food and Color Additives in 1976, and he became director of Office of Food
13  Labeling in 1990. In that director role, he was responsible for planning, organizing, staffing,
14  coordinating and managing all regulatory programs, research products and activities concerning
15  labeling, with that work including review of food labels to determine if they are false and
16  misleading. (*Id.*). Dr. Caswell left the FDA in 2008 when he became self-employed as a
17  consultant with Scarbrough Consultants, LLC. (*Id.*). Dr. Scarbrough's *curriculum vitae*, which is
18  replete with awards and accomplishments, is attached to his declaration.

## DR. SCARBROUGH'S OPINIONS

20  Dr. Scarbrough's opinion provides that Dole's label statements are factually false and
21  misleading, and violate FDA regulations in many particulars, with his opinions expressed in
22  paragraphs 13-16 of his original declaration. His opinion is not that merely that the label
23  statements are unlawful, but also that they are "false and misleading" in particulars given the
24  ascorbic acid and citric acid are synthetic components of the food. (*Id.*).

25  After noting that "[t]he labels of Dole's (i) Tropical Fruit in Light Syrup & Passion Fruit
26  Juice, (ii) Mixed Fruit in 100% Fruit Juice, and (iii) Frozen Wildly Nutritious Signature Blends—
27  Mixed Fruit state 'all natural fruit' and state that ascorbic acid and citric acid are ingredients," Dr.
28  Scarbrough opines that: Dole's products state that the products contain "All Natural Fruit" despite

PLAINTIFF'S OPPOSITION TO MOTION TO STRIKE SCARBROUGH DECLARATION   2
CASE NO. 12-CV-01831 (LHK)

1  the fact they contain synthetic ingredients ascorbic acid and citric acid; the use of the statement
2  "all natural fruit" on products containing those synthetic ingredients is false and misleading; and
3  ascorbic and citric acid are a chemical preservative and is synthetically produced. (*Id*. at ¶¶ 13-
4  16).

5       Dr. Scarbrough is certainly experienced enough to provide those opinions; he was in fact
6  the person overseeing the implementation and review of labels for the FDA for a pertinent time,
7  from 1990 when the NLEA to 2008. The methodologies he used to arrive at his opinion are fully
8  detailed.

## SUMMARY OF ARGUMENT

10       *Daubert* does not apply to declarations submitted in support of class certification, and
11  Defendant's motion is thus improper on its face. Dr. Scarbrough's opinion details the falsity,
12  misleading nature and unlawfulness of Dole's label statements. It is, thus, probative to this cause
13  and should be permitted.

14       To the extent the Court deems *Daubert* analysis proper, Dr. Scarbrough's opinion is one
15  from the preeminent expert in the field of regulation and review of label statements. It survives
16  *Daubert* scrutiny.

## ARGUMENT IN OPPOSITION

### A.    Daubert is Inapplicable.

19       Expert declarations are not subject to a rigorous *Daubert*-type analysis at the class
20  certification stage. *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 982 (9th Cir. 2011) (holding
21  that the district court had correctly applied the evidentiary analysis for class certification). On that
22  appeal, the Ninth Circuit upheld the district court's class certification analysis, which merely
23  asked if the expert declarations submitted were "useful" or probative to the class certification
24  issue, and the district court did not apply a *Daubert* analysis. *Ellis v. Costco Wholesale Corp.*
25  (*Ellis I*), 240 F.R.D. 627, 635-36 (N.D. Cal. 2007) (at the early class certification stage, the
26  gatekeeping function of the court is not required, but the court should simply ask if the evidence
27  is "useful in evaluating whether class certification requirements have been met.").
28       Dr. Scarbrough's declaration is clearly useful to the Court's analysis of whether the

1  procedural requirements for class certification are met. Dr. Scarbrough's declaration assists the
2  Court to analyze whether the attribute statements Dole makes on its labels are false (or not) and
3  misleading (or not), as well as whether they are otherwise unlawful. Those questions are certainly
4  pertinent to the class certification analysis. Accordingly, Dr. Scarbrough's declaration meets the
5  required standard of being useful to the Court to resolve this class certification issue.
6      Dr. Scarbrough's opinion aids the fact-finder determine in what particulars Dole's
7  statements are false and misleading, and/or violate FDCA regulations incorporated by the
8  Sherman Law.
9      Dole's reliance on *Daubert* standards in its attempt to strike Dr. Scarbrough's opinion is
10 misplaced. As Dr. Scarbrough's opinion is useful, and Dole's motion should be denied.

11     **B.    Dr. Scarbrough's Declaration Survives *Daubert* Analysis.**

12     Even assuming *arguendo* a full *Daubert* was now proper, Dr. Scarbrough's opinion
13 survives that analysis.
14     Dole attempts to caste Dr. Scarbrough's opinion as a mere legal opinion. To the contrary,
15 Dr. Scarbrough's methodologies analyze the facts concerning Dole's products and statements,
16 and it not as Dole proffers, mere legal analysis. His opinions fit the facts here, demonstrating the
17 natural statements Dole makes are false and misleading. His opinions that those facts make the
18 statements "false and misleading," are not legal opinions, but factual assertions based on his
19 knowledge of the facts pertaining to Dole's products. Dr. Scarborough's opinions fit from those
20 methodologies and survive a *Daubert* analysis.
21     While the test of *Daubert* provides a guidepost, the court retains discretion to evaluate the
22 reliability of a proffered expert opinion. *Ellis I*, 240 F.R.D. at 635-36 *affirmed on this point by*
23 *Ellis II*, 657 F.3d at 982 (holding the district court "correctly applied the evidentiary standard set
24 forth in *Daubert*"). The court has wide latitude in that analysis to allow expert witnesses, and that
25 test is flexible. *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 141 (1999); *see also U.S. v. Two*
26 *Elk*, 536 F.3d 890, 903 (8th Cir. 2008). Under *Daubert*, courts may consider expert testimony if
27 "[1] the testimony is based upon sufficient facts or data, [2] the testimony is the product of
28 reliable principles and methods, and [3] the expert has reliably applied the principles and methods

1  to the facts of the case." Fed. R. Evid. 702. Dr. Scarbrough's opinion satisfies that criteria.

2  As an initial matter, *Daubert* provides the well-settled proposition that the best means by
3  which a party should oppose an expert designation is through thorough cross-examination.
4  *Daubert v. Merrell Dow Pharms.*, 509 U.S. 579, 594-97 (1993).

5  Here, Defendant forewent the opportunity to cross-examine Dr. Scarbrough. If Defendant
6  intended to question Dr. Scarbrough's methodologies and opinions, it should have done so
7  through cross-examination. *See Daubert*, 509 U.S. at 594-597.

8  Dr. Scarbrough explains the methodologies leading to his conclusions. His opinion is not
9  based on a mere legal analysis, but he rather examines the products at issue, the label statements
10 at issue, and compares those facts to the attributes contained within the products. He utilizes his
11 fundamentally sound expertise that provide credence to his opinions, ensuring the Court that his
12 analysis of Dole's products is methodologically sound.

13 Dr. Scarbrough explains the analysis typical of the FDA—with those opinions based on
14 the methods he both developed and used during his time directing the labeling division of the
15 FDA—and he applies that well-developed and supported analysis to Dole's products. Dr.
16 Scarbrough's analysis is reliable and his expertise are published and have been subjected to peer
17 review. It has been tested. Accordingly, the opinion meets the requisite tests of *Daubert* and its
18 progeny. (*See, e.g. Oddi v. Ford Motor Co.*, 234 F.3d 136, 160 [3d Cir. 2000] [stating the expert
19 need not have performed extensive tests if his concepts are valid]; *Glaser v. Thompson Med. Co.*,
20 32 F.3d 969, 972 [6th Cir. 1994] [allowing expert that presents articles to support the theory and
21 basis of knowledge]). There is plainly the adequate "link" here between Dr. Scarbrough's
22 reasoning and opinion to ultimately assist the trier of fact to determine Dole's label statements are
23 false and misleading. *Stilwell v Smith & Nephew, Inc.*, 482 F.3d 1187, 1192 (9th Cir. 2007)
24 (holding the district court cannot exclude expert opinion if there is "a link between the expert's
25 testimony and the matter to be proved."). Dr. Scarbrough explains that ascorbic and citric acid
26 within Dole's products are indeed synthetic and not "natural."

27 Dole argues that Dr. Scarbrough's opinion must be stricken because it improperly
28 provides legal opinion and because the FDA has filed an amicus brief in a matter hoping to

1  exclude a prior employee from testifying. Neither of those form a basis to exclude Dr.
2  Scarbrough's opinion.

3  Concerning the "legal opinion" issue presented, as discussed *supra*, Dr. Scarbrough's opinion is not legal opinion, but is an analysis of the facts pertaining to the "natural" claims, the veracity of those claims, and whether those label statements are "false and misleading" to consumers based on his adept analysis. He opines—based on that methodology—that the statements are factually false and misleading in many particulars. Such does not constitute legal opinion, but rather methodological analysis of the veracity of the statements and their tendency to mislead. The methods he used are sound, and his opinion is proper.

Dole's argument based on the amicus brief the FDA filed in the Missouri state court case is self-defeating and inapposite to excluding Dr. Scarbrough's testimony. Most importantly, that issue does not render Dr. Scarbrough's opinion unreliable such as would warrant exclusion. His methods are proper and opinions sound. Further, the Missouri court allowed the testimony from the FDA employee, and the FDA—by taking a position on its employees testifying—does not render that FDA position correct. One would be hard-pressed to find a person more qualified than Dr. Scarbrough to opine on the veracity of label claims, and analyze the propriety of those statements, as well as their ability to mislead. His declaration would certainly help the fact-finder wade through that process.

Dr. Scarbrough's opinions are based on his substantial qualifications and knowledge of the area of food attributes and labeling. His opinions are reliable, detailed and will assist this Court. They should be allowed.

## CONCLUSION

Dr. Scarbrough's opinion is not subject to *Daubert* review at this stage, mandating rejection of Dole's motion. Even if *Daubert* is applied, Dr. Scarbrough's opinion survives that analysis and should be allowed.

Dated:  March 20, 2014.

Respectfully submitted,

/s/ *Charles Barrett*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Charles Barrett
CHARLES BARRETT, P.C.
6518 Highway 100
Suite 210
Nashville, TN 37205
(615) 515-3393
charles@cfbfirm.com

Ben F. Pierce Gore (SBN 128515)
PRATT & ASSOCIATES
1871 The Alameda, Suite 425
San Jose, CA 95126
(408) 429-6506
pgore@prattattorneys.com

Brian Herrington
BARRETT LAW GROUP, P.A.
P.O. Box 927
404 Court Square N.
Lexington, MS 39095
(662) 834-2488
bherrington@barrettlawgroup.com

*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I, Charles Barrett, hereby certify that a true and complete copy of the foregoing was served to all counsel of record via the ECF filing system on March 20, 2014.

          /s/ *Charles Barrett*
          Charles Barrett