**\*E-Filed: April 1, 2014\***

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CHAD BRAZIL, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br>    v.<br><br>DOLE PACKAGED FOODS, LLC,<br><br>    Defendant. | No. C12-01831 LHK (HRL)<br><br>**ORDER ON DDJR #1**<br><br>**[Re: Docket No. 113]** |

Chad Brazil, on behalf of a putative class, sues Dole Packaged Foods, LLC ("Dole") for allegedly misbranding several of its food products. The hearing on Brazil's motion for class certification is currently set for April 17, 2014. Opening expert reports are due by June 13, 2014, and the fact and expert discovery cutoff is July 10, 2014. In the parties' Discovery Dispute Joint Report No. 1 ("DDJR #1"), the Court is asked to determine (1) whether Dole should produce "financial" data related to damages prior to class certification; and (2) whether Dole should produce product labels that pre-date the asserted class period.

At the outset, the Court notes that DDJR #1 does not contain attestations of lead counsel that they complied with the undersigned's Standing Order re: Civil Discovery Disputes ("Standing Order"), as it requires, and it is unclear whether they did otherwise comply by holding an in-person meet and confer.[1] Nevertheless, the Court will address the issues presented on their merits, but the

---

[1] The cover page identifies March 5, 2014, as the "Date of In-Person Meeting." However, it then provides that the "parties spoke by telephone and resolved some issues but not others," which

parties are admonished that any future DDJRs that do not strictly comply with the "Standing Order" will not be heard.

First, Brazil seeks financial information, such as sales and revenue data, relevant to the issue of damages. Brazil wants the information as soon as possible to ensure that its damages expert has sufficient time to analyze the data and produce a report before the June deadline. Moreover, Dole concedes the relevance of the information and has no justification for withholding it "aside from it does not want to at this point." According to Dole, the "issue is timing." The production of financial data is premature because the information pertains solely to damages, which is irrelevant to class certification. Nevertheless, Dole offered to produce the financial information after the April 17, 2014 hearing, which it contends would provide Brazil with adequate time.

It is undisputed that the requested financial information is relevant to the ultimate issue of damages. Moreover, Brazil has demonstrated a need for this information sooner rather than later, while Dole has not even suggested that producing the information would be burdensome. Thus, the Court sees no reason for delay, and **Dole shall produce responsive financial data and documents within five (5) days from the date of this order.**

Second, Brazil requests the labels from 2004 to 2007 for the products listed in its motion for class certification. Brazil asserts that these labels are relevant to damages, as well as Dole's state of mind and corporate practice. On the other hand, Dole points out that these labels predate Brazil's definition of class period, which begins in April 2013. Thus, they are irrelevant to the damages calculation, which can only be based on sales within the class period. Similarly, the labels from outside the class period are irrelevant to Dole's state of mind and corporate practice during the class period. Furthermore, the production of old labels would be burdensome, as Dole does not maintain a central depository of retired product labels. Locating them would require "new custodial collections and searches of ancient email archives," which is not even guaranteed to uncover the old labels.

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense. . . . For good cause, the court may order discovery of any matter relevant to

---

suggests that the "in-person meeting" was just a phone conversation. Additionally, among other oversights, the parties also failed to include their "most reasonable" proposals.

the subject matter involved in the action.  Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1).  "It is also beyond dispute that discovery is not limited to the class period." *In re Toyota Motor Corp. Sec. Litig.*, No. CV 10-922 DSF (AJWx), 2012 WL 3791716, at *5 (C.D. Cal. March 12, 2012).

At first glance, it seems reasonable that product labels from 2004 to 2007 might be relevant in discovery for claims based on the same products' labels from 2008 and beyond.  Yet, even given the relatively low threshold for relevance at the discovery stage, Brazil fails to make an adequate showing.  His assertions that the labels are relevant to damages, state of mind and corporate practice are entirely conclusory as they are not supported by any explanation, and the relevance is not so apparent that none is needed.  Moreover, the Court agrees with Dole that labels that predate the class period are not relevant to the issue of damages.  Accordingly, in view of Brazil's failure to demonstrate any relevance and Dole's showing of at least some minimal burden, Dole is not required to produce the requested products labels from 2004 to 2007.

**IT IS SO ORDERED.**

Dated: April 1, 2014

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

3

**C12-01831 Notice will be electronically mailed to:**

Ananda N. Chaudhuri     achaudhuri@fleischmanlawfirm.com

Ben F. Pierce Gore     pgore@prattattorneys.com, cotto@prattattorneys.com, dawn@cfbfirm.com, ntmaddux@barrettlawgroup.com, PTaylor@barrettlawgroup.com, rtrazo@prattattorneys.com

Brian K Herrington     bherrington@barrettlawgroup.com, bherrington@pacernotice.com

Carol Nelkin     c.nelkin@nelkinpc.com, twhite@nelkinpc.com

Charles F. Barrett     charles@cfbfirm.com, dawn@cfbfirm.com

Claudia Maria Vetesi     cvetesi@mofo.com, bfuller@mofo.com

David Shelton     david@davidsheltonpllc.com

David Malcolm McMullan , Jr     dmcmullan@barrettlawgroup.com, bherrington@barrettlawgroup.com, ccmirick@barrettlawgroup.com

Dewitt Marshall Lovelace , Sr     courtdocs@lovelacelaw.com

J. Price Coleman     colemanlawfirmpa@bellsouth.net

Jay P. Nelkin     jnelkin@nelkinpc.com

Keith M. Fleischman     keith@fleischmanlawfirm.com

Richard Barrett     rrb@rrblawfirm.net

Stuart M Nelkin     snelkin@nelkinpc.com, twhite@nelkinpc.com

William Francis Tarantino     wtarantino@mofo.com

William Lewis Stern     wstern@mofo.com, jfogel@mofo.com, lsario@mofo.com, lwongchenko@mofo.com, nwheatfall@mofo.com

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**