Ben F. Pierce Gore (SBN 128515)
PRATT & ASSOCIATES
1871 The Alameda, Suite 425
San Jose, CA 95126
Telephone:  (408) 429-6506
Fax:  (408) 369-0752
pgore@prattattorneys.com

*Attorney for Plaintiffs*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CHAD BRAZIL, individually and on behalf of all others similarly situated,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>DOLE PACKAGED FOODS, LLC,<br><br>　　　　　　　Defendant. | Case No. CV12-01831 (LHK)<br><br>**THIRD AMENDED CLASS ACTION AND REPRESENTATIVE ACTION COMPLAINT FOR DAMAGES, EQUITABLE AND INJUNCTIVE RELIEF**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff, Chad Brazil, ("Plaintiff") through his undersigned attorneys, brings this lawsuit against Defendant Dole Packaged Foods, LLC ("Dole" or "Defendant") as to his own acts upon personal knowledge, and as to all other matters upon information and belief.

## I.　　DEFINITIONS

1.　　"Class Period" is April 11, 2008 to the present.

2.　　"Purchased Products" are the Dole products listed below (2a-2c) that were purchased by Plaintiff during the Class Period.  Pictures of the Purchased Products along with specific descriptions of the labels are included in Section VIII, ¶¶ 43-63 below.

　　　　　a.　　Dole Frozen Wildly Nutritious Signature Blends – Mixed Fruit (12 oz bag);

　　　　　b.　　Dole Mixed Fruit in 100% Fruit Juice (4 oz cups);

　　　　　c.　　Dole Tropical Fruit in Light Syrup & Passion Fruit Juice (15.25 oz can).

3.      "Substantially Similar Products" are the Dole products listed in paragraph 4 below. Each of these listed products: (i) make the same label representations, as described herein, as the Purchased Products and (ii) violate the same regulations of the Sherman Food Drug & Cosmetic Law, California Health & Safety Code § 109875, *et seq.* (the "Sherman Law") as the Purchased Products, as described herein.

4.      Upon information and belief, these Substantially Similar Products are the Dole products, sold during the Class Period, listed below.  Plaintiff reserves the right to supplement this list if evidence is adduced during discovery to show that other Dole products had labels which violate the same provisions of the Sherman Law and have the same label representations as the Purchased Products:

> Diced Peaches in 100% Fruit Juice – 4 oz plastic cups
> Diced Apples in 100% Fruit Juice – 4 oz plastic cups
> Diced Pears in 100% Fruit Juice – 4 oz plastic cups
> Mandarin Oranges in 100% Fruit Juice – 4 oz plastic cups
> Pineapple Tidbits in 100% Pineapple Juice – 4 oz plastic cups
> Tropical Fruit in 100% Juice – 4 oz plastic cups
> Red Grapefruit Sunrise in 100% Juice – 4 oz plastic cups

## II.      SUMMARY OF THE CASE

5.      Plaintiff's case has two facets.  First, the "UCL unlawful" part. Plaintiff's first cause of action is brought pursuant to the unlawful prong of California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 ("UCL").  *See* First Cause of Action, ¶¶ 213-224.  Plaintiff alleges that Defendant package and label the Purchased Products in violation of California's Sherman Law which adopts, incorporates – and is identical – to the federal Food Drug & Cosmetic Act, 21 U.S.C. § 301 *et seq.* ("FDCA").  These violations (which do not require a finding that the labels are "misleading") render the Purchased Products "misbranded" which is no small thing.  Under California law, a food product that is misbranded cannot legally be manufactured, advertised, distributed, held or sold.  Misbranded products cannot be legally sold, possessed, have no economic value, and are legally worthless.  Indeed, the sale, purchase or possession of misbranded food is a criminal act in California and the FDA even threatens food companies with seizure of misbranded products.  This "misbranding" – standing alone without

1   any allegations of deception by Defendant or review of or reliance on the labels by Plaintiff –

2   give rise to Plaintiff's first cause of action under the UCL.

3       6.      Second, the "deceptive" part. Plaintiff alleges that the labels on the Purchased

4   Products – aside from being unlawful under the Sherman Law – are also misleading, deceptive,

5   unfair and fraudulent.  Plaintiff describes these labels and how they are misleading.  Plaintiff

6   alleges that he reviewed the labels on the Purchased Products, reasonably relied in substantial part

7   on the labels, and was thereby deceived, in deciding to purchase these products.  Moreover, the

8   very fact that Defendant sold such misbranded products and did not disclose this fact to

9   consumers is a deceptive act in and of itself.  Plaintiff would not have purchased a product that is

10  illegal to own or possess.  Had Defendant informed Plaintiff of this fact there would have been no

11  purchases.

12      7.      Plaintiff did not know, and had no reason to know, that the Defendant's Purchased

13  Products were misbranded under the Sherman Law and bore food labeling claims that failed to

14  meet the requirements to make those food labeling claims. Similarly, Plaintiff did not know, and

15  had no reason to know, that Defendant's Purchased Products were false and misleading.

16  **III.    BACKGROUND**

17      8.      Identical California and federal laws require truthful, accurate information on the

18  labels of packaged foods. This case is about companies selling misbranded food to consumers.

19  The law, however, is clear: misbranded food cannot legally be sold, possessed, has no economic

20  value and is legally worthless. Purchasers of misbranded food are entitled to a refund of their

21  purchase price.

22      9.      Identical California and federal laws regulate the content of labels on packaged

23  food.  The requirements FDCA were adopted by the California Sherman Law.  Under both the

24  Sherman Law and FDCA section 403(a), food is "misbranded" if "its labeling is false or

25  misleading in any particular," or if it does not contain certain information on its label or its

26  labeling.  21 U.S.C. § 343(a).

27      10.     Under the FDCA, the term "false" has its usual meaning of "untruthful," while the

28  term "misleading" is a term of art.  Misbranding reaches not only false claims, but also those

1    claims that might be technically true, but still misleading.  If any one representation in the

2    labeling is misleading, the entire food is misbranded, nor can any other statement in the labeling

3    cure a misleading statement.

4           11.    Under California law, a food product that is "misbranded" cannot legally be

5    manufactured, advertised, distributed, held or sold.  Misbranded products cannot be legally sold,

6    possessed, have no economic value, and are legally worthless.  Plaintiff and members of the Class

7    who purchased these products paid an unwarranted premium for these products.

8           12.    Dole's website, www.dole.com, is incorporated into the label for each Dole

9    product that bears the web address www.dole.com.  All Purchased Products bear this website.

10   According to the FDA and as a matter of law, the Dole website and all linked websites constitute

11   the labeling of any product bearing this web address.

12          13.    If a manufacturer, like Dole, is going to make a claim on a food label, the label

13   must meet certain legal requirements that help consumers make informed choices and ensure that

14   they are not misled and that label claims are truthful, accurate, and backed by scientific evidence.

15   As described more fully below, Defendant has sold products that are misbranded and are

16   worthless because (i) the labels violate the Sherman Law and, separately, (ii) the Defendant made,

17   and continue to make, false, misleading and deceptive claims on their labels.

18          14.    Plaintiff brings this action under California law, which is identical to federal law,

19   for a number of the Defendant's food labeling practices which are both (i) unlawful and (ii)

20   deceptive and misleading to consumers.  These include:

21               •    Representing food products to be "all natural," when they contain chemical
22                    preservatives, synthetic chemicals, and artificial ingredients.

## IV.    PARTIES

23          15.    Plaintiff Chad Brazil is a resident of Santa Cruz, California who bought the Dole

24   Purchased Products listed above during the Class Period.

25          16.    Defendant Dole Packaged Foods, LLC is a California limited liability corporation

26   with its principal place of business in Westlake Village, California.  Defendant Dole Packaged

27   Foods, LLC is a subsidiary of Defendant Dole Food Company, Inc.

28

1    17.    Defendant is a leading producer of retail food products, including the Purchased

2    Products.  Defendant sells their food products to consumers through grocery and other retail

3    stores throughout the United States.

4    18.    California law applies to all claims set forth in this Third Amended Complaint

5    because Plaintiff lives in California and purchased the Purchased Products there.  Also, the

6    Defendant maintains their principal places of business in California.  All of the misconduct

7    alleged herein was contrived in, implemented in, and has a shared nexus with California.  The

8    formulation and execution of the unlawful practices alleged herein, occurred in, or emanated from

9    California.

10    19.    Accordingly, California has significant contacts and/or a significant aggregation of

11    contacts with the claims asserted by Plaintiff and all Class members.

12    **V.    JURISDICTION AND VENUE**

13    20.    This Court has original jurisdiction over this action under 28 U.S.C. § 1332(d)

14    because this was a class action in which:  (1) there are over 100 members in the proposed class;

15    (2) members of the proposed class have a different citizenship from Defendant; and (3) the claims

16    of the proposed class members exceed $5,000,000 in the aggregate.

17    21.    Alternatively, the Court has jurisdiction over all claims alleged herein pursuant to

18    28 U.S.C. § 1332, because the matter in controversy exceeds the sum or value of $75,000, and is

19    between citizens of different states.

20    22.    The Court has personal jurisdiction over Defendant because a substantial portion

21    of the wrongdoing alleged in this Third Amended Complaint occurred in California, Defendant is

22    authorized to do business in California, has sufficient minimum contacts with California, and

23    otherwise intentionally avail himself of the markets in California through the promotion,

24    marketing and sale of merchandise, sufficient to render the exercise of jurisdiction by this Court

25    permissible under traditional notions of fair play and substantial justice.

26    23.    Because a substantial part of the events or omissions giving rise to these claims

27    occurred in this District and because the Court has personal jurisdiction over Defendant, venue is

28    proper in this Court pursuant to 28 U.S.C. § 1391(a) and (b).

1      VI.    **FACTUAL ALLEGATIONS**

2             A.     <u>**Identical California and Federal Laws Regulate Food Labeling**</u>

3             24.    Food manufacturers are required to comply with identical state and federal laws

4      and regulations that govern the labeling of food products.  First and foremost among these is the

5      FDCA and its labeling regulations, including those set forth in 21 C.F.R. § 101.

6             25.    Pursuant to the Sherman Law, California has expressly adopted the federal

7      labeling requirements as its own and indicated that "[a]ll food labeling regulations and any

8      amendments to those regulations adopted pursuant to the federal act, in effect on January 1, 1993,

9      or adopted on or after that date shall be the food regulations of this state."  California Health &

10     Safety Code § 110100.

11            26.    In addition to its blanket adoption of federal labeling requirements, California has

12     also enacted a number of laws and regulations that adopt and incorporate specific enumerated

13     federal food laws and regulations.  *See* California Health & Safety Code § 110660 (misbranded if

14     label is false and misleading); California Health & Safety Code § 110665 (misbranded if label

15     fails to conform to the requirements set forth in 21 U.S.C. § 343(q)); California Health & Safety

16     Code § 110670 (misbranded if label fails to conform with the requirements 21 U.S.C. § 343(r));

17     California Health & Safety Code § 110705 (misbranded if words, statements and other

18     information required by the Sherman Law are either missing or not sufficiently conspicuous); and

19     California Health & Safety Code § 110740 (misbranded if contains artificial flavoring, artificial

20     coloring and chemical preservatives but fails to adequately disclose that fact on label).

21            B.     <u>**FDA Enforcement History**</u>

22            27.    In recent years the FDA has become increasingly concerned that food

23     manufacturers have been disregarding food labeling regulations. To address this concern, the

24     FDA elected to take steps (like the October 2009, the FDA issued a *Guidance for Industry: Letter*

25     *regarding Point Of Purchase Food Labeling* and the March 3, 2010 FDA issued "*Open Letter to*

26     *Industry from [FDA Commissioner] Dr. Hamburg*") to inform the food industry of its concerns

27     and to place the industry on notice that food labeling compliance was an area of enforcement

28     priority.  Additionally, the FDA has sent warning letters to the industry, including many of

1  Defendant's peer food manufacturers, for the same types of misbranded labels and deceptive

2  labeling claims described herein.

3      28.     Defendant did see, or should have seen, these warnings.  Defendant did not change

4  the labels in response to the warning letters sent to other companies.

5  **VII.    OVERVIEW OF APPLICABLE SHERMAN LAW VIOLATIONS**

6      **A.    "All Natural" Claims**

7      29.     The following Purchased Products contain an "All Natural" claim:

8          Dole Frozen Wildly Nutritious Signature Blends – Mixed Fruit (12 oz bag)
           Dole Mixed Fruit in 100% Fruit Juice (4 oz cups)
9          Dole Tropical Fruit in Light Syrup & Passion Fruit Juice (15.25 oz can)

10     30.     Defendant's use of "all natural" claims on products containing unnatural

11 ingredients such as added color, synthetic and artificial substances, and added colors violate the

12 Sherman Law, California Health & Safety Code § 110660 because such label claims are "false

13 and misleading."  § 110660 is identical to the prohibition in 21 U.S.C. § 343(a) against labeling

14 that is "false or misleading in any particular."

15     31.     The FDA has repeatedly stated its policy to restrict the use of the term "natural" in

16 connection with added color, synthetic substances and flavors addressed in 21 C.F.R. § 101.22.

17     32.     The FDA has also repeatedly affirmed its policy regarding the use of the term

18 "natural" as meaning that nothing artificial or synthetic (including all color additives regardless of

19 source) has been included in, or has been added to, a food that would not normally be expected to

20 be in the food.  *See* 58 FR 2302, 2407, January 6, 1993.

21     33.     Any coloring or preservative can preclude the use of the term "natural" even if the

22 coloring or preservative is derived from natural sources.  Further, the FDA distinguishes between

23 natural and artificial flavors in 21 C.F.R. § 101.22.

24     34.     Defendant's "All Natural" labeling practices violate FDA Compliance Policy

25 Guide Sec. 587.100, which states:  "[t]he use of the words 'food color added,' 'natural color,' or

26 similar words containing the term 'food' or 'natural' may be erroneously interpreted to mean the

27 color is a naturally occurring constituent in the food.  Since all added colors result in an

28

artificially colored food, we would object to the declaration of any added color as 'food' or 'natural.'"

35.     The FDA has sent out numerous warning letters concerning this issue.  Defendant is aware of these FDA warning letters.

36.     Defendant has nonetheless unlawfully labeled food products as being "All Natural Fruit," when they actually contain artificial ingredients and flavorings, artificial coloring and chemical preservatives.

37.     A reasonable consumer would expect that when Defendant label their products as "All Natural," the product's ingredients are "natural" as defined by the federal government and its agencies.  A reasonable consumer would also expect that when Defendant label their products as "All Natural Fruit," the product ingredients are "natural" under the common use of that word.  A reasonable consumer would understand that such "All Natural" products do not contain synthetic, artificial, or excessively processed ingredients.

38.     Consumers are thus misled into purchasing Defendant's products with synthetic unnatural ingredients that are not "All Natural" as falsely represented on their labeling.

39.     Defendant's products in this respect are both unlawful (being misbranded under the Sherman Law) and misleading and deceptive.

## VIII.   THE PURCHASED PRODUCTS (1) UNLAWFULLY VIOLATE THE SHERMAN LAW AND (2) ARE MISLEADING AND DECEPTIVE

40.     There are three (3) Purchased Products.  Plaintiff purchased all three (3) during the Class Period.

41.     Each Purchased Product has a label that violates the Sherman Law and is therefore misbranded and may not be sold or purchased.

42.     Each Purchased Product has a label that is false, misleading and deceptive.

### 1.     Dole Frozen Wildly Nutritious Signature Blends – Mixed Fruit (12 oz bag)

43.     Plaintiff purchased Dole Frozen Wildly Nutritious Signature Blends – Mixed Fruit (12 oz bag) in the Class Period.  The label (front and back) of the package purchased by Plaintiff is as follows:

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23



24        44.      This is a frozen product.

25        45.      The following unlawful and misleading language appears on the label:

26                 *"All Natural Fruit"*

27                           *   *   *

28        46.      Plaintiff reasonably relied on these label representations in paragraph 45 and based

1    and justified the decision to purchase the product, in substantial part, on these label

2    representations.

3            47.    Also, Plaintiff reasonably relied on the fact that this product was not misbranded

4    under the Sherman Law and was therefore legal to buy and possess.

5            48.    Plaintiff was misled by the Defendant's unlawful and misleading label on this

6    product.  Plaintiff would not have otherwise purchased this product had he known the truth about

7    this product. Plaintiff had other food alternatives that that satisfied legal standards and Plaintiff

8    also had cheaper alternatives.

9            49.    This product is unlawful, misbranded and violates the Sherman Law, California

10   Health & Safety Code § 110660 because the label uses the phrase "All Natural Fruit" even though

11   this product contains the following artificial ingredients:  ascorbic acid, citric acid, which is false

12   and misleading.  This product is also misleading and deceptive because the label uses the phrases

13   "All Natural Fruit" on food that contains artificial ingredients and, therefore, is not truly "all

14   natural."

15           50.    This product is unlawful, misbranded and violates the Sherman Law, California

16   Health & Safety Code § 110740, because the label fails to disclose that chemicals (ascorbic acid,

17   malic acid, and citric acid) are used as artificial flavors.

18           **5.    <u>Dole Mixed Fruit in 100% Fruit Juice (4 oz plastic cups)</u>**

19           51.    Plaintiff purchased Dole Mixed Fruit in 100% Fruit Juice (4 oz plastic cup) in the

20   Class Period.  The label (front and back) of the package purchased by Plaintiff is as follows:

21

22

23

24

25

26

27

28





52.     The following unlawful and misleading language appears on the label:

*"All Natural Fruit & Juice"*

53.     Plaintiff reasonably relied on these label representations in paragraph 52 and based and justified the decision to purchase the product, in substantial part, on these label representations.  Also, Plaintiff reasonably relied on the fact that this product was not misbranded under the Sherman Law and was therefore legal to buy and possess.

54.     Plaintiff was misled by the Defendant's unlawful and misleading label on this

1   product.  Plaintiff would not have otherwise purchased this product had he known the truth about

2   this product. Plaintiff had other food alternatives that that satisfied legal standards and Plaintiff

3   also had cheaper alternatives.

4         55.    This product is placed in plastic cups.

5         56.    This product is unlawful, misbranded and violates the Sherman Law, California

6   Health & Safety Code § 110660 because the label uses the phrase "All Natural Fruit & Juice"

7   even though this product contains the following artificial ingredients: ascorbic acid and citric

8   acid.  This product is also misleading and deceptive because the label uses the phrases "All

9   Natural Fruit Juice" on food that contains artificial ingredients and, therefore, is not truly "all

10  natural. "

11        57.    This product is unlawful, misbranded and violates the Sherman Law, California

12  Health & Safety Code § 110740, because the label fails to disclose that chemicals (citric acid) are

13  used as preservatives.  This product is misleading and deceptive because the label suggests that

14  the product is free of such preservatives.

15        **6.**    **<u>Dole Tropical Fruit in Light Syrup & Passion Fruit Juice (15.25 oz can)</u>**

16        58.    Plaintiff purchased Dole Tropical Fruit in Light Syrup & Passion Fruit Juice

17  (15.25 oz can) in the Class Period.  The label (front and back) of the package purchased by

18  Plaintiff is as follows:

19

20

21

22

23

24

25

26

27

28



59.     The following unlawful and misleading language appears on the label:

*"All Natural Fruit"*

60.     Plaintiff reasonably relied on these label representations in paragraph 59 and based and justified the decision to purchase the product, in substantial part, on these label

representations.  Also, Plaintiff reasonably relied on the fact that this product was not misbranded under the Sherman Law and was therefore legal to buy and possess.

61.     Plaintiff was misled by the Defendant's unlawful and misleading label on this product.  Plaintiff would not have otherwise purchased this product had he known the truth about this product. Plaintiff had other food alternatives that that satisfied legal standards and Plaintiff also had cheaper alternatives.

62.     This product is unlawful, misbranded and violates the Sherman Law, California Health & Safety Code § 110660 because the label uses the phrase because the label uses the phrase "All Natural" even though this product contains the following artificial ingredients: citric acid and ascorbic acid.  This product is also misleading and deceptive because the label uses the phrases "All Natural" on food that contains artificial ingredients and, therefore, is no truly "all natural."

63.     This product is unlawful, misbranded and violates the Sherman Law, California Health & Safety Code § 110740, because the label fails to disclose that chemicals are used as preservatives (ascorbic acid and citric acid).  This product is misleading and deceptive because the label suggests that the product is free of such artificial flavors and preservatives.

## IX.     DEFENDANT HAS VIOLATED CALIFORNIA LAW BY MANUFACTURING, ADVERTISING, DISTRIBUTING AND SELLING MISBRANDED FOOD

64.     Defendant has manufactured, advertised, distributed and sold products that are misbranded under California law.  Misbranded products cannot be legally manufactured, advertised, distributed, sold or held and are legally worthless as a matter of law.

65.     Defendant has violated California Health & Safety Code § 110390 which makes it unlawful to disseminate false or misleading food advertisements that include statements on products and product packaging or labeling or any other medium used to directly or indirectly induce the purchase of a food product.

66.     Defendant has violated California Health & Safety Code § 110395 which makes it unlawful to manufacture, sell, deliver, hold or offer to sell any falsely advertised food.

67.     Defendant has violated California Health & Safety Code §§ 110398 and 110400

1   which make it unlawful to advertise misbranded food or to deliver or proffer for delivery any

2   food that has been falsely advertised.

3            68.     Defendant violated California Health & Safety Code § 110660 because their

4   labeling is false and misleading in one or more ways.

5            69.     Defendant violated California Health & Safety Code § 110665 because their

6   labeling fails to conform to the requirements for nutrient labeling set forth in 21 U.S.C. § 343(q)

7   and the regulations adopted thereto.

8            70.     Defendant violated California Health & Safety Code § 110705 because words,

9   statements and other information required by the Sherman Law to appear on their labeling either

10  are missing or not sufficiently conspicuous.

11           71.     Defendant violated California Health & Safety Code § 110740 because they

12  contain artificial flavoring, artificial coloring and chemical preservatives but fail to adequately

13  disclose that fact on their labeling.

14           72.     Defendant violated California Health & Safety Code § 110760 which makes it

15  unlawful for any person to manufacture, sell, deliver, hold, or offer for sale any food that is

16  misbranded.

17           73.     Defendant violated California Health & Safety Code § 110765 which makes it

18  unlawful for any person to misbrand any food.

19           74.     Defendant violated California Health & Safety Code § 110770 which makes it

20  unlawful for any person to receive in commerce any food that is misbranded or to deliver or

21  proffer for delivery any such food.

22           75.     Defendant have violated the standards set by 21 C.F.R. § 101.22, 21 C.F.R. §

23  101.13, 21 C.F.R. § 101.14, 21 C.F.R. § 101.54, 21 C.F.R. § 101.95 and 21 C.F.R. § 1.21, which

24  have been incorporated by reference in the Sherman Law, by failing to include on their product

25  labels the nutritional information required by law.

26  **X.      PLAINTIFF BOUGHT THE PURCHASED PRODUCTS**

27

28

76.     Plaintiff cares about the nutritional content of food and seeks to maintain a healthy diet.  During the Class Period, Plaintiff spent more than twenty-five dollars ($25.00) on the Purchased Products.

77.     Plaintiff read and reasonably relied on the labels on Defendant's Purchased Products before purchasing them as described herein.  Plaintiff relied on Defendant's labeling as described herein and based and justified the decision to purchase Defendant's products, in substantial part, on these labels.

78.     At point of sale, Plaintiff did not know, and had no reason to know, that the Purchased Products were unlawful and misbranded as set forth herein, and would not have bought the products had he known the truth about them, *i.e.*, that the products were illegal to purchase and possess.

79.     After Plaintiff learned that Defendant's Purchased Products were falsely labeled, he stopped purchasing them.

80.     As a result of Defendant's unlawful misrepresentations, Plaintiff and thousands of others in California and throughout the United States purchased the Purchased Products and the Substantially Similar Products at issue.

81.     Defendant's labeling as alleged herein is false and misleading and was designed to increase sales of the products at issue.  Defendant's misrepresentations are part of its systematic labeling practice and a reasonable person would attach importance to Defendant's misrepresentations in determining whether to purchase the products at issue.

82.     A reasonable person would also attach importance to whether Defendant's products were "misbranded," i.e., legally salable, and capable of legal possession, and to Defendant's representations about these issues in determining whether to purchase the products at issue. Plaintiff would not have purchased Defendant's products had he known they were not capable of being legally sold or held.

83.     Plaintiff's purchase of the Purchased Products damaged Plaintiff because misbranded products cannot be legally sold, possessed, have no economic value, and are legally worthless.

1

## XI.   SUBSTANTIALLY SIMILAR PRODUCT CLAIMS

2      84.     The products listed in paragraph 4 have the same claims and share the same label

3   representations and Sherman Law violations as the Purchased Products as described herein.

4      Diced Peaches in 100% Fruit Juice – 4 oz plastic cups
          • "all natural,"
5      Diced Apples in 100% Fruit Juice – 4 oz plastic cups
          • "all natural,"
6      Diced Pears in 100% Fruit Juice – 4 oz plastic cups
          • "all natural,"
7      Mandarin Oranges in 100% Fruit Juice – 4 oz plastic cups
          • "all natural,"
8      Pineapple Tidbits in 100% Pineapple Juice – 4 oz plastic cups
          • "all natural,"
9      Tropical Fruit in 100% Juice – 4 oz plastic cups
          • "all natural,"
10     Red Grapefruit Sunrise in 100% Juice – 4 oz plastic cups
          • "all natural"

11

## XII.   CLASS ACTION ALLEGATIONS

12      85.     Plaintiff brings this action as a class action pursuant to Federal Rule of Procedure

13   23(b)(2) and 23(b)(3) on behalf of the following class: All persons in the United States, or

14   alternatively California, who since April 11, 2008, purchased one of the following Dole products:

15      86.     All persons in the United States who, from April 11, 2008, until the date of notice

16   purchased a Dole fruit product bearing the front panel label statement 'All Natural Fruit' but

17   which contained citric acid and ascorbic acid. All persons in California who, from April 11, 2008,

18   until the date of notice, purchased a Dole fruit product bearing the front panel label statement 'All

19   Natural Fruit' but which contained citric acid and ascorbic acid.

20      87.     The following persons are expressly excluded from the Class:  (1) Defendant and

21   their subsidiaries and affiliates; (2) all persons who make a timely election to be excluded from

22   the proposed Class; (3) governmental entities; and (4) the Court to which this case is assigned and

23   its staff.

24      88.     This action can be maintained as a class action because there is a well-defined

25   community of interest in the litigation and the proposed Class is easily ascertainable.

26      89.     <u>Numerosity</u>:  Based upon Defendant's publicly available sales data with respect to

27   the misbranded products at issue, it is estimated that the Class numbers in the thousands, and that

28

joinder of all Class members is impracticable.

90.   <u>Common Questions Predominate</u>:  This action involves common questions of law and fact applicable to each Class member that predominate over questions that affect only individual Class members.  Thus, proof of a common set of facts will establish the right of each Class member to recover.  Questions of law and fact common to each Class member include:

a.   Whether Defendant engaged in unfair or deceptive business practices by failing to properly package and label products sold to consumers;

b.   Whether the food products at issue were misbranded or unlawfully packaged and labeled under the Sherman Law;

c.   Whether Defendant made unlawful and misleading "All Natural," claims with respect to their food products sold to consumers;

d.   Whether Defendant violated California Bus. & Prof. Code § 17200, *et seq*., California Bus. & Prof. Code § 17500, *et seq*., the Consumers Legal Remedies Act, Cal. Civ. Code §1750, *et seq*., California Civ. Code § 1790, *et seq*., 15 U.S.C. § 2301, *et seq*., and the Sherman Law;

e.   Whether Plaintiff and the Class are entitled to equitable and/or injunctive relief; and

f.   Whether Defendant's unlawful, unfair and/or deceptive practices harmed Plaintiff and the Class.

91.   <u>Typicality</u>:  Plaintiff's claims are typical of the claims of the Class because Plaintiff bought Defendant's Purchased Products during the Class Period.  Defendant's unlawful, unfair and/or fraudulent actions concern the same business practices described herein irrespective of where they occurred or were experienced.  Plaintiff and the Class sustained similar injuries arising out of Defendant's conduct in violation of California law.  The injuries of each member of the Class were caused directly by Defendant's wrongful conduct.  In addition, the factual underpinning of Defendant's misconduct is common to all Class members and represents a common thread of misconduct resulting in injury to all members of the Class.  Plaintiff's claims arise from the same practices and course of conduct that give rise to the claims of the Class members and are based on the same legal theories.

92.   <u>Adequacy</u>:  Plaintiff will fairly and adequately protect the interests of the Class. Neither Plaintiff nor Plaintiff's counsel have any interests that conflict with or are antagonistic to the interests of the Class members.  Plaintiff has retained highly competent and experienced class

action attorneys to represent his interests and those of the members of the Class.  Plaintiff and Plaintiff's counsel have the necessary financial resources to adequately and vigorously litigate this class action, and Plaintiff and counsel are aware of their fiduciary responsibilities to the Class members and will diligently discharge those duties by vigorously seeking the maximum possible recovery for the Class.

93.     Superiority:  There is no plain, speedy or adequate remedy other than by maintenance of this class action.  The prosecution of individual remedies by members of the Class will tend to establish inconsistent standards of conduct for Defendant and result in the impairment of Class members' rights and the disposition of their interests through actions to which they were not parties.  Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently and without the unnecessary duplication of effort and expense that numerous individual actions would engender.  Further, as the damages suffered by individual members of the Class may be relatively small, the expense and burden of individual litigation would make it difficult or impossible for individual members of the Class to redress the wrongs done to them, while an important public interest will be served by addressing the matter as a class action.  Class treatment of common questions of law and fact would also be superior to multiple individual actions or piecemeal litigation in that class treatment will conserve the resources of the Court and the litigants, and will promote consistency and efficiency of adjudication.

94.     The prerequisites to maintaining a class action for injunctive or equitable relief pursuant to Fed. R. Civ. P. 23(b)(2) are met as Defendant has acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive or equitable relief with respect to the Class as a whole.

95.     The prerequisites to maintaining a class action pursuant to Fed. R. Civ. P. 23(b)(3) are met as questions of law or fact common to class members predominate over any questions affecting only individual members, and a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

96.     Plaintiff and Plaintiff's counsel are unaware of any difficulties that are likely to be

1   encountered in the management of this action that would preclude its maintenance as a class

2   action.

3   **XIII.   CAUSES OF ACTION**

4
                            **FIRST CAUSE OF ACTION**
                   **Business and Professions Code § 17200, *et seq.***
5                      **Unlawful Business Acts and Practices**

6       97.      Plaintiff incorporates by reference each allegation set forth above.

7       98.      Defendant's conduct constitutes unlawful business acts and practices.

8       99.      Defendant's conduct in mislabeling and misbranding its food products originated

9   from and was approved at Dole's headquarters in California.

10      100.     Defendant sold the Purchased Products in California and throughout the United

11  States during the Class Period.

12      101.     Defendant is a corporations and, therefore, is a "person" within the meaning of the

13  Sherman Law.

14      102.     Defendant's business practices are unlawful under § 17200, *et seq.* by virtue of

15  Defendant's violations of the advertising provisions of Article 3 of the Sherman Law and the

16  misbranded food provisions of Article 6  of the Sherman Law.

17      103.     Defendant's business practices are unlawful under § 17200, *et seq.* by virtue of

18  Defendant's violations of § 17500, *et seq.*, which forbids untrue and misleading advertising.

19      104.     Defendant's business practices are unlawful under § 17200, *et seq.* by virtue of

20  Defendant's violations of the Consumers Legal Remedies Act, Cal. Civ. Code § 1750, *et seq.*

21      105.     Defendant sold Plaintiff and the Class products that were not capable of being sold

22  or held legally, and which were legally worthless. Plaintiff and the Class paid a premium price for

23  these products.

24      106.     As a result of Defendant's illegal business practices, Plaintiff and the Class,

25  pursuant to Business and Professions Code § 17203, are entitled to an order enjoining such future

26  conduct and such other orders and judgments which may be necessary to disgorge Defendant's

27  ill-gotten gains and to restore to any Class Member any money paid for the Purchased Products.

28      107.     Defendant's unlawful business acts present a threat and reasonable continued

likelihood of injury to Plaintiff and the Class.

108.    As a result of Defendant's conduct, Plaintiff and the Class, pursuant to Business and Professions Code § 17203, are entitled to an order enjoining such future conduct by Defendant, and such other orders and judgments which may be necessary to disgorge Defendant's ill-gotten gains and restore any money paid for Defendant's Purchased Products by Plaintiff and the Class.

**SECOND CAUSE OF ACTION**
**Business and Professions Code § 17200, *et seq.***
**Unfair Business Acts and Practices**

109.    Plaintiff incorporates by reference each allegation set forth above.

110.    Defendant's conduct as set forth herein constitutes unfair business acts and practices.

111.    Defendant's conduct in mislabeling and misbranding its food products originated from and was approved at Dole's headquarters in California.

112.    Defendant sold the Purchased Products in California and throughout the United States during the Class Period.

113.    Plaintiff and members of the Class suffered a substantial injury by virtue of buying Defendant's Purchased Products that they would not have purchased absent Defendant's illegal conduct.

114.    Defendant's deceptive marketing, advertising, packaging and labeling of their Purchased Products and their sale of unsalable misbranded products that were illegal to possess was of no benefit to consumers, and the harm to consumers and competition is substantial.

115.    Defendant sold Plaintiff and the Class Purchased Products that were not capable of being legally sold or held and that were legally worthless. Plaintiff and the Class paid a premium price for the Purchased Products.

116.    Plaintiff and the Class who purchased Defendant's Purchased Products had no way of reasonably knowing that the products were misbranded and were not properly  marketed, advertised, packaged and labeled, and thus could not have reasonably avoided the injury each of them suffered.

117.    The consequences of Defendant's conduct as set forth herein outweigh any justification, motive or reason therefor.  Defendant's conduct is and continues to be immoral, unethical, unscrupulous, contrary to public policy, and is substantially injurious to Plaintiff and the Class.

118.    As a result of Defendant's conduct, Plaintiff and the Class, pursuant to Business and Professions Code § 17203, are entitled to an order enjoining such future conduct by Defendant, and such other orders and judgments which may be necessary to disgorge Defendant's ill-gotten gains and restore any money paid for Defendant's Purchased Products by Plaintiff and the Class.

**THIRD CAUSE OF ACTION**
**Business and Professions Code § 17200,** *et seq.*
**Fraudulent Business Acts and Practices**

119.    Plaintiff incorporates by reference each allegation set forth above.

120.    Defendant's conduct as set forth herein constitutes fraudulent business practices under California Business and Professions Code sections § 17200, *et seq.*

121.    Defendant's conduct in mislabeling and misbranding its food products originated from and was approved at Dole's headquarters in California.

122.    Defendant sold Purchased Products in California and throughout the United States during the Class Period.

123.    Defendant's misleading marketing, advertising, packaging and labeling of the Purchased Products and their misrepresentations that the products were salable, capable of legal possession and not misbranded were likely to deceive reasonable consumers, and in fact, Plaintiff and members of the Class were deceived.  Defendant has engaged in fraudulent business acts and practices.

124.    Defendant's fraud and deception caused Plaintiff and the Class to purchase Defendant's Purchased Products that they would otherwise not have purchased had they known the true nature of those products.

125.    Defendant sold Plaintiff and the Class Purchased Products that were not capable of being sold or held legally and that were legally worthless. Plaintiff and the Class paid a premium

1    price for the Purchased Products.

2        126.    As a result of Defendant's conduct as set forth herein, Plaintiff and the Class,

3    pursuant to Business and Professions Code § 17203, are entitled to an order enjoining such future

4    conduct by Defendant, and such other orders and judgments which may be necessary to disgorge

5    Defendant's ill-gotten gains and restore any money paid for Defendant's Purchased Products by

6    Plaintiff and the Class.

7
                          **FOURTH CAUSE OF ACTION**
                     **Business and Professions Code § 17500, *et seq.***
8                        **Misleading and Deceptive Advertising**

9        127.    Plaintiff incorporates by reference each allegation set forth above.

10       128.    Plaintiff asserts this cause of action for violations of California Business and

11   Professions Code § 17500*, et seq*. for misleading and deceptive advertising against Defendant.

12       129.    Defendant's conduct in mislabeling and misbranding its food products originated

13   from and was approved at Dole's headquarters in California.

14       130.    Defendant sold Purchased Products in California and throughout the United States

15   during the Class Period.

16       131.    Defendant engaged in a scheme of offering Defendant Purchased Products for sale

17   to Plaintiff and members of the Class by way of, *inter alia*, product packaging and labeling, and

18   other promotional materials.  These materials misrepresented and/or omitted the true contents and

19   nature of Defendant Purchased Products.  Defendant's advertisements and inducements were

20   made within California and throughout the United States and come within the definition of

21   advertising as contained in Business and Professions Code §17500, *et seq.* in that such product

22   packaging and labeling, and promotional materials were intended as inducements to purchase

23   Defendant's Purchased Products and are statements disseminated by Defendant to Plaintiff and

24   the Class that were intended to reach members of the Class.  Defendant knew, or in the exercise

25   of reasonable care should have known, that these statements were misleading and deceptive as set

26   forth herein.

27       132.    In furtherance of their plan and scheme, Defendant prepared and distributed within

28   California and nationwide via product packaging and labeling, and other promotional materials,

THIRD AMENDED CLASS ACTION COMPLAINT                                                    23
CASE NO. CV 12-01831 (LHK)

1    statements that misleadingly and deceptively represented the composition and the nature of

2    Defendant's Purchased Products.  Plaintiff and the Class necessarily and reasonably relied on

3    Defendant's materials, and were the intended targets of such representations.

4            133.    Defendant's conduct in disseminating misleading and deceptive statements in

5    California and nationwide to Plaintiff and the Class was and is likely to deceive reasonable

6    consumers by obfuscating the true composition and nature of Defendant's Purchased Products in

7    violation of the "misleading prong" of California Business and Professions Code § 17500, *et seq*.

8            134.    As a result of Defendant's violations of the "misleading prong" of California

9    Business and Professions Code § 17500, *et seq.*, Defendant have been unjustly enriched at the

10   expense of Plaintiff and the Class.  Misbranded products cannot be legally sold or held and are

11   legally worthless. Plaintiff and the Class paid a premium price for the Purchased Products.

12           135.    Plaintiff and the Class, pursuant to Business and Professions Code § 17535, are

13   entitled to an order enjoining such future conduct by Defendant, and such other orders and

14   judgments which may be necessary to disgorge Defendant's ill-gotten gains and restore any

15   money paid for Defendant's Purchased Products by Plaintiff and the Class.

16                             **FIFTH CAUSE OF ACTION**
                        **Business and Professions Code § 17500, *et seq.***
17                                  <u>**Untrue Advertising**</u>

18           136.    Plaintiff incorporates by reference each allegation set forth above.

19           137.    Plaintiff asserts this cause of action against Defendant for violations of California

20   Business and Professions Code § 17500, *et seq.*, regarding untrue advertising.

21           138.    Defendant's conduct in mislabeling and misbranding its food products originated

22   from and was approved at Dole's headquarters in California.

23           139.    Defendant sold Purchased Products in California and throughout the United States

24   during the Class Period.

25           140.    Defendant engaged in a scheme of offering Defendant's Purchased Products for

26   sale to Plaintiff and the Class by way of product packaging and labeling, and other promotional

27   materials.  These materials misrepresented and/or omitted the true contents and nature of

28   Defendant's Purchased Products.  Defendant's advertisements and inducements were made in

California and throughout the United States and come within the definition of advertising as contained in Business and Professions Code §17500, *et seq*. in that the product packaging and labeling, and promotional materials were intended as inducements to purchase Defendant's Purchased Products, and are statements disseminated by Defendant to Plaintiff and the Class. Defendant knew, or in the exercise of reasonable care should have known, that these statements were untrue.

141.    In furtherance of their plan and scheme, Defendant prepared and distributed in California and nationwide via product packaging and labeling, and other promotional materials, statements that falsely advertise the composition of Defendant's Purchased Products, and falsely misrepresented the nature of those products.  Plaintiff and the Class were the intended targets of such representations and would reasonably be deceived by Defendant's materials.

142.    Defendant's conduct in disseminating untrue advertising throughout California deceived Plaintiff and members of the Class by obfuscating the contents, nature and quality of Defendant's Purchased Products in violation of the "untrue prong" of California Business and Professions Code § 17500.

143.    As a result of Defendant's violations of the "untrue prong" of California Business and Professions Code § 17500, *et seq.*, Defendant have been unjustly enriched at the expense of Plaintiff and the Class.  Misbranded products cannot be legally sold or held and are legally worthless. Plaintiff and the Class paid a premium price for the Purchased Products.

144.    Plaintiff and the Class, pursuant to Business and Professions Code § 17535, are entitled to an order enjoining such future conduct by Defendant, and such other orders and judgments which may be necessary to disgorge Defendant's ill-gotten gains and restore any money paid for Defendant's Purchased Products by Plaintiff and the Class.

### SIXTH CAUSE OF ACTION
### Consumers Legal Remedies Act, Cal. Civ. Code §1750, *et seq.*

145.    Plaintiff incorporates by reference each allegation set forth above.

146.    This cause of action is brought pursuant to the CLRA.  Defendant's violations of the CLRA were and are willful, oppressive and fraudulent, thus supporting an award of punitive

1    damages.

2        147.    Plaintiff and the Class are entitled to actual and punitive damages against

3    Defendant for its violations of the CLRA.  In addition, pursuant to Cal. Civ. Code § 1782(a)(2),

4    Plaintiff and the Class are entitled to an order enjoining the above-described acts and practices,

5    providing restitution to Plaintiff and the Class, ordering payment of costs and attorneys' fees, and

6    any other relief deemed appropriate and proper by the Court pursuant to Cal. Civ. Code § 1780.

7        148.    Defendant's actions, representations and conduct have violated, and continue to

8    violate the CLRA, because they extend to transactions that are intended to result, or which have

9    resulted, in the sale of goods or services to consumers.

10       149.    Defendant sold Purchased Products in California during the Class Period.

11       150.    Plaintiff and members of the Class are "consumers" as that term is defined by the

12   CLRA in Cal. Civ. Code §1761(d).

13       151.    Defendant's Purchased Products were and are "goods" within the meaning of Cal.

14   Civ. Code §1761(a).

15       152.    By engaging in the conduct set forth herein, Defendant violated and continue to

16   violate Section 1770(a)(5), of the CLRA, because Defendant's conduct constitutes unfair methods

17   of competition and unfair or fraudulent acts or practices, in that it misrepresents the particular

18   ingredients, characteristics, uses, benefits and quantities of the goods.

19       153.    By engaging in the conduct set forth herein, Defendant violated and continue to

20   violate Section 1770(a)(7) of the CLRA, because Defendant's conduct constitutes unfair methods

21   of competition and unfair or fraudulent acts or practices, in that it misrepresents the particular

22   standard, quality or grade of the goods.

23       154.    By engaging in the conduct set forth herein, Defendant violated and continue to

24   violate Section 1770(a)(9) of the CLRA, because Defendant's conduct constitutes unfair methods

25   of competition and unfair or fraudulent acts or practices, in that it advertises goods with the intent

26   not to sell the goods as advertised.

27       155.    By engaging in the conduct set forth herein, Defendant have violated and continue

28   to violate Section 1770(a)(16) of the CLRA, because Defendant's conduct constitutes unfair

1    methods of competition and unfair or fraudulent acts or practices, in that it represents that a

2    subject of a transaction has been supplied in accordance with a previous representation when they

3    have not.

4           156.    Plaintiff requests that the Court enjoin Defendant from continuing to employ the

5    unlawful methods, acts and practices alleged herein pursuant to Cal. Civ. Code § 1780(a)(2).  If

6    Defendant is not restrained from engaging in these practices in the future, Plaintiff and the Class

7    will continue to suffer harm.

8           157.    Pursuant to Section 1782(a) of the CLRA, on May 8, 2012, Plaintiff's counsel

9    served Dole with notice of Dole's violations of the CLRA.  As authorized by Dole's counsel,

10   Plaintiff's counsel served Dole by certified mail, return receipt requested.  Dole, through its

11   counsel, acknowledged receipt of Plaintiff's CLRA demand notice, by responding with a letter

12   dated June 7, 2012.

13          158.    Dole has failed to provide appropriate relief for its violations of the CLRA within

14   30 days of its receipt of the CLRA demand notice.  Accordingly, pursuant to Sections 1780 and

15   1782(b) of the CLRA, Plaintiff is entitled to recover actual damages, punitive damages, attorneys'

16   fees and costs, and any other relief the Court deems proper.

17          159.    Plaintiff makes certain claims in this Second Amended Complaint that were not

18   included in the original Complaint filed on April 11, 2012, and were not included in Plaintiff's

19   CLRA demand notice.

20          160.    At the time of any amendment seeking damages under the CLRA, Plaintiff will

21   demonstrate that the violations of the CLRA by Defendant was willful, oppressive and fraudulent,

22   thus supporting an award of punitive damages.

23          161.    Consequently, Plaintiff and the Class will be entitled to actual and punitive

24   damages against Defendant for its violations of the CLRA.  In addition, pursuant to Cal. Civ.

25   Code § 1782(a)(2), Plaintiff and the Class will be entitled to an order enjoining the above-

26   described acts and practices, providing restitution to Plaintiff and the Class, ordering payment of

27   costs and attorneys' fees, and any other relief deemed appropriate and proper by the Court

28   pursuant to Cal. Civ. Code § 1780.

XIV.   **JURY DEMAND**

162.   Plaintiff hereby demands a trial by jury of his claims.

XV.    **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, and on behalf of the general public, prays for judgment against Defendant as follows:

A.   For an order certifying this case as a class action and appointing Plaintiff and his counsel to represent the Class;

B.   For an order awarding, as appropriate, damages, restitution or disgorgement to Plaintiff and the Class for all causes of action;

C.   For an order requiring Defendant to immediately cease and desist from selling their Purchased Products listed in violation of law; enjoining Defendant from continuing to market, advertise, distribute, and sell these products in the unlawful manner described herein; and ordering Defendant to engage in corrective action;

D.   For all remedies available pursuant to Cal. Civ. Code § 1780;

E.   For an order awarding attorneys' fees and costs;

F.   For an order awarding punitive damages;

G.   For an order awarding pre-and post-judgment interest; and

H.   For an order providing such further relief as this Court deems proper.

Dated:  June 12, 2014.

Respectfully submitted,

/s/ *Charles Barrett*
Charles Barrett (*pro hac vice*)
CHARLES BARRETT, P.C.
6518 Hwy. 100, Suite 210
Nashville, TN 37205
Telephone: (615) 515-3393
Fax: (615) 515-3395
charles@cfbfirm.com

Ben F. Pierce Gore (SBN 128515)
PRATT & ASSOCIATES
1871 The Alameda, Suite 425
San Jose, CA 95126
Telephone:  (408) 429-6506
Fax:  (408) 369-0752

pgore@prattattorneys.com

*Attorneys for Plaintiff*

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the forgoing was filed and served via the Court's ECF filing system on all attorneys of record.

June 12, 2014.

*/s/Charles Barrett*
Charles Barrett