**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CHAD BRAZIL, an individual, on his own behalf and on behalf of all others similarly situated,<br><br>      Plaintiff,<br>  v.<br><br>DOLE PACKAGED FOODS, LLC,<br><br>      Defendant. | Case No.: 12-CV-01831-LHK<br><br>ORDER DENYING DEFENDANT'S MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION |

On May 30, 2014, this Court issued an order granting in part and denying in part Plaintiff Chad Brazil's ("Brazil") motion for class certification. ("Class Cert. Order") ECF No. 142. Defendant Dole Packaged Foods, LLC ("Dole") now moves for leave to file a motion for reconsideration of the Court's class certification order under Civil Local Rule 7-9. ("Mot.") ECF No. 145 at vi. In the alternative, Dole requests either that the Court undertake a "*Daubert*" review of the methodology of Brazil's damages expert, Dr. Oral Capps, or that the Court certify its class certification order for interlocutory review under 28 U.S.C. § 1292(b). *Id.* For the reasons discussed below, Dole's Motion for Leave to File is DENIED. Dole's requests for a *Daubert* review and certification under Section 1292(b) are also DENIED.

1

Case No.: 12-CV-01831-LHK
ORDER DENYING DEFENDANT'S MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION

**I.     DISCUSSION**

**A.     Motion for Reconsideration**

Pursuant to Civil Local Rule 7-9(a), "[b]efore the entry of a judgment adjudicating all of the claims and the rights and liabilities of all the parties in a case, any party may make a motion before a Judge requesting that the Judge grant the party leave to file a motion for reconsideration of any interlocutory order . . . . No party may notice a motion for reconsideration without first obtaining leave of Court to file the motion." Civil Local Rule 7-9(b) provides three grounds for reconsideration of an interlocutory order:

> (1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or
>
> (2) The emergence of new material facts or a change of law occurring after the time of such order; or
>
> (3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

Rule 7-9(c) further requires that "[n]o motion for leave to file a motion for reconsideration may repeat any oral or written argument made by the applying party in support of or in opposition to the interlocutory order which the party now seeks to have reconsidered."

Dole contends that reconsideration is warranted for two reasons. First, Dole asserts that the California Supreme Court's recent decision in *Duran v. U.S. Bank National Ass'n*, --- Cal. 4th ---, No. S200923, 2014 WL 2219042 (May 29, 2014), changed the legal standard for certifying a class in cases alleging violations of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200 *et seq.* Mot. at 1. Second, Dole asserts that the Court's decision to certify a Rule 23(b)(3) damages class rests on incorrect factual assumptions about the damages model proposed by Dr. Capps. *Id.* at 1-2. The Court addresses each contention in turn.

**1.     *Duran***

Dole argues that *Duran*, a decision issued one day before this Court's class certification order, is a "paradigm-shifting decision" that fundamentally alters the class certification standards that govern this case. Mot. at 1. The Court disagrees. As an initial matter, to the extent *Duran*

1    discusses the procedural requirements—such as the necessity of developing a manageable trial

2    plan, *see Duran*, 2014 WL 2219042 at *15-16—governing class actions proceeding in California

3    state court, the Court notes that class action procedure in *federal* court is governed by Federal Rule

4    of Civil Procedure 23. *See, e.g.*, *In re First Alliance Mortg. Co.*, 471 F.3d 977, 992 (9th Cir. 2006).

5    More importantly, most, if not all, of the discussion in *Duran* has no relevance to this case. The

6    class action at issue in *Duran* was a wage and hour suit in which the plaintiffs challenged their

7    classification as exempt employees under the California Labor Code's "outside salesperson"

8    exemption. *See Duran*, 2014 WL 2219042 at *1. Although the plaintiffs' claim was technically

9    brought under the UCL, *see id.* at *3, the California Supreme Court's opinion focuses entirely on

10   the substantive labor law underlying the alleged UCL violation.[1] Indeed, *Duran* mentions the UCL

11   only twice: once, in discussing the procedural history of the case, *see id.* at *3, and again in a

12   footnote, *see id.* at *22 n.35. As should go without saying, the substantive law governing

13   California's outside salesperson exemption is very different from the substantive law governing

14   Brazil's UCL misrepresentation claims in this case.[2] For this reason alone, the Court questions

15   whether *Duran* has any bearing at all on the substantive legal questions in this case.

16        In any event, to the extent *Duran* has any relevance to the instant litigation, this Court's

17   class certification order is consistent with *Duran*. Dole emphasizes that *Duran* prohibits class

18   certification where a defendant has no liability toward a significant portion of the class. *See* Mot. at

19   7-8. True enough. Nevertheless, the class certified in this case avoids that pitfall. Dole asserts that

---

[1] The UCL "borrows violations of other laws and treats them as unlawful practices that the unfair competition law makes independently actionable." *Cel-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co.*, 20 Cal 4th 163, 180 (1999) (internal quotation marks omitted). Accordingly, the *Duran* plaintiffs' UCL claim was predicated on their employer's alleged violation of the California Labor Code.

[2] Specifically, to establish that an employee was misclassified as exempt under the outside salesperson exemption, a plaintiff must present evidence of where and how the employee spends her working time. *See Duran*, 2014 WL 2219042 at *10-11. Liability in a wage and hour suit alleging misclassification therefore turns on evidence that may well differ from employee to employee, a fact that can complicate efforts to prove liability on a classwide basis. *See id.* at *11. By contrast, to establish liability in a UCL misrepresentation case, a plaintiff must demonstrate that the defendant's representations "are unlawful, unfair, deceptive, or misleading to *reasonable* consumers," Class Cert. Order at 11-12 (citing *Cel-Tech*, 20 Cal 4th at 180). Evidence of what is misleading to a reasonable consumer does not vary across individuals, and thus the barriers to proving classwide liability highlighted in *Duran* do not arise in UCL misrepresentation actions such as the instant case.

3

Case No.: 12-CV-01831-LHK
ORDER DENYING DEFENDANT'S MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION

1   its liability for allegedly misleading consumers based on "All Natural" statements appearing on
2   Dole's product labels hinges on whether individual class members relied on and were misled by
3   these label statements, *see id.* at 10-11, but this is simply not the case. Instead, liability in a UCL
4   misrepresentation case turns on whether the defendant's misrepresentations are misleading to
5   *reasonable* consumers, *see, e.g.*, *Cel-Tech*, 20 Cal. 4th at 180, and the California Supreme Court
6   has held that "relief under the UCL is available without individualized proof of deception, reliance
7   and injury," *In re Tobacco II Cases*, 46 Cal. 4th 298, 320 (2009).[3] Because Dole's liability toward
8   the class does not require proof that individual class members relied on the allegedly unlawful and
9   misleading "All Natural" statements, there is no risk that the class certified here sweeps in
10  numerous individuals who have no claim against Dole.[4] The Court therefore concludes that *Duran*
11  does not represent a material change or difference in law that warrants reconsideration of the
12  Court's class certification order.

---

[3] In arguing that the UCL requires individualized proof of reliance, Dole apparently conflates the UCL's standing requirements with the UCL's substantive standard of proof. Although California voters, through Proposition 64, amended the UCL to require the named plaintiff in a UCL action to show that she was injured as a result of the defendant's allegedly unlawful, unfair, or fraudulent conduct, the California Supreme Court has held that this heightened standing requirement for named plaintiffs does not extend to absent class members. *See Tobacco II*, 46 Cal. 4th at 320-21. The California Supreme Court has further affirmed that this heightened standing requirement does not alter the longstanding rule that "relief under the UCL is available without individualized proof of deception, reliance and injury." *Id.* at 320; *see also Berger v. Home Depot USA, Inc.*, 741 F.3d 1061, 1068 (9th Cir. 2014) ("[T]o state a claim under [] the UCL . . . it is necessary only to show that members of the public are likely to be deceived." (Internal quotation marks omitted)); *Stearns v. Ticketmaster Corp.*, 655 F.3d 1013, 1020 (9th Cir. 2011) (same).

[4] Dole cites several cases that suggest that absent class members may not obtain restitution under the UCL absent proof that they were exposed to and relied on a defendant's misrepresentations. *See* Mot. at 12-13. As it happens, the precise standards for obtaining restitution for absent class members under the UCL are somewhat uncertain, a point that *Duran* itself acknowledges. *See Duran*, 2014 WL 2219042 at *22 n.35 ("The parties disagree about whether standards of proof are relaxed or heightened when a wage and hour class action proceeds solely under the UCL. Citing several false advertising cases, plaintiffs assert that relief under the UCL is generally available without individualized proof of injury. . . . In contrast, [defendant] argues the UCL imposes a stricter proof requirement for restitution than is otherwise required for damages, because restitution is only available for property the defendant wrongfully obtained through an unfair business practice. . . . We need not resolve this issue." (Citations omitted)); *see also Tobacco II*, 46 Cal. 4th at 320 (noting that the UCL's remedies section is "patently less stringent" than its standing section). Regardless, whether any given class member is entitled to restitution is ultimately a question of damages not liability and thus this question does not impact the Court's conclusion that the class in this case does not incorporate individuals toward whom Dole is not liable.

4
Case No.: 12-CV-01831-LHK
ORDER DENYING DEFENDANT'S MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION

### 2. Damages Model

Dole next asserts that reconsideration is warranted because the Court's class certification order relied on "incorrect facts" in concluding that Dr. Capps's regression-based damages model ("Regression Model") is capable of showing damages on a classwide basis in a manner consistent with Brazil's liability case, as required by Rule 23(b)(3) and *Comcast Corp. v. Behrend*, 133 S. Ct. 1426, 1433 (2013). *See* Mot. at 3-6. Dole principally contends that Dr. Capps's Regression Model will work only if the allegedly unlawful product labels changed during the class period—so that the Model can compare sales and prices for products that bore the offending label statements with prices and sales for products that did not—but that the labels did *not* change for nine out of the ten products at issue in this case. *See id.* at 3-5.[5]

Even assuming that most of Dole's labels did not change during the class period, the precise implications of this fact for Dr. Capps's Regression Model remain unclear. Dr. Capps has offered somewhat contradictory testimony (all in the context of other food misbranding cases pending in this district) as to whether or not his Regression Model can estimate damages even in the absence of labels that changed over the course of the class period. Although Dr. Capps at one point appeared to concede that the absence of label variation would doom his regression analysis, he later testified that statistical techniques could be used to make up for the lack of variation. *Compare* Reply Declaration of Dr. Oral Capps in Support of Plaintiff Nancy Lanovaz's Motion for Class Certification, *Lanovaz v. Twinings N. Am., Inc.*, No. 12-2646 (N.D. Cal. Mar. 14, 2014), ECF No. 114-6 ¶ 20 ("[I]t is not possible in this case to invoke a regression analysis approach because of the lack of any variation in sales or units sold attributed to the antioxidant claims."), *and Lanovaz v. Twinings N. Am., Inc.*, No. 12-2646, 2014 WL 1652338, at *6-7 (N.D. Cal. Apr. 24, 2014) (noting that Dr. Capps abandoned regression analysis as a method for proving damages), *with* Deposition of Dr. Oral Capps in *Kosta v. Del Monte Foods, Inc.*, ECF No. 145-3 at 123:18-22 ("I can construct

---

[5] Dole additionally contends that the Regression Model requires the existence of "comparable products," but that no such comparable products exist. *See* Mot. at 5-6. This argument lacks merit. Contrary to Dole's assertions, this Court did not hold in its class certification order that there are no comparable products available on the market. Rather, the Court merely found that Dr. Capps's proposed "Price Premium Model" could not adequately estimate damages because that model did not account for ways in which Dole products differed from comparable products in ways unrelated to the allegedly unlawful label statements. *See* Class Cert. Order at 28-29.

5

Case No.: 12-CV-01831-LHK
ORDER DENYING DEFENDANT'S MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION

a variable called a dummy variable that corresponds to the presence or absence of a label. And that variable used as an explanatory variable will be key in drawing out as what is suggested here the incremental differences in either sales or volume sold."). The Court concludes that although Dole raises potentially legitimate concerns about Brazil's ability to prove damages, a motion for reconsideration is not the appropriate procedural mechanism for addressing these concerns. Dr. Capps has yet to serve his expert report in this case, *see* ECF No. 146 at 1, and as a result, Dole's concerns about the details of the Regression Model—as well as any arguments Brazil might offer to counter these concerns—are necessarily somewhat speculative. If it turns out that Dr. Capps's Regression Model cannot adequately assess damages on a classwide basis, then Dole will have a basis to move for decertification. At this point, however, the Court cannot say that the "new"[6] facts Dole presents regarding label variation are sufficiently material to warrant reconsideration under the standards of Civil Local Rule 7-9(b).

### B. *Daubert*

As an alternative to reconsideration, Dole requests that the Court conduct a *Daubert* review of Dr. Capps's Regression Model. Mot. at 16. A Rule 7-9 motion is not the appropriate vehicle by which to request such a review, particularly considering that Dole failed to raise this issue in its original opposition to class certification. Dole's evidentiary objections to Dr. Capps's damages methodology may be raised in a decertification, summary judgment, or *Daubert* motion after the close of expert discovery.

### C. Interlocutory Appeal

Finally, Dole requests that this Court certify its class certification order for interlocutory appeal under 28 U.S.C. § 1292(b). Mot. at 16-17. This is unwarranted and unnecessary. Dole is already free to petition the Ninth Circuit directly for leave to appeal the Court's class certification

---

[6] The Court observes that this issue of label variation (or the lack thereof) is not technically new. Dr. Capps submitted his reply declaration in *Lanovaz* on March 14, 2014, *see* Case No. 12-2646, ECF No. 114-6, and Judge Whyte issued his class certification order in *Lanovaz* on April 24, 2014, *see Lanovaz*, 2014 WL 1652338 at *1. Although both events occurred after Dole submitted its opposition to class certification in this case on March 6, 2014, *see* ECF No. 105, both events nevertheless occurred well before the Court issued its class certification order on May 30, 2014. In spite of this (and in spite of the fact that counsel for Dole also represents the defendant in *Lanovaz*), Dole made no effort to bring this supposedly material fact to the Court's attention until the instant Motion.

6
Case No.: 12-CV-01831-LHK
ORDER DENYING DEFENDANT'S MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION

order. *See* Fed. R. Civ. P. 23(f) ("A court of appeals may permit an appeal from an order granting or denying class-action certification under this rule if a petition for permission to appeal is filed with the circuit clerk within 14 days after the order is entered.").

## II.  CONCLUSION

For the foregoing reasons, Dole's Motion for Leave to File Motion for Reconsideration is DENIED. Dole's requests for a *Daubert* review and for an order certifying this Court's class certification order for interlocutory review are also DENIED.

**IT IS SO ORDERED.**

Dated: June 16, 2014

                                  _____
LUCY H. KOH
United States District Judge