UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CHAD BRAZIL, an individual, on his own behalf and on behalf of all others similarly situated,<br><br>　　　　　　　　　Plaintiff,<br>　　v.<br><br>DOLE PACKAGED FOODS, LLC,<br><br>　　　　　　　　　Defendant. | Case No.: 12-CV-01831-LHK<br><br>ORDER RE: VARIOUS ADMINISTRATIVE MOTIONS TO SEAL |

Before the Court are various administrative motions to seal briefing and exhibits filed by the parties. Two sealing motions (ECF Nos. 170,[1] 176) were filed in connection with Dole's Motion to Decertify (ECF No. 171). Three sealing motions (ECF Nos. 178,[2] 179, 187) were filed in connection with Dole's Motion for Summary Judgment (ECF No. 168).

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597

---

[1] One of the documents sought to be sealed in the ECF No. 170 motion is attached to Dole's Motion for Summary Judgment. *See* ECF No. 170-9.

[2] The same day that the ECF No. 178 motion was filed, Brazil filed an amended proposed order purporting to add three documents (ECF Nos. 181-4, 181-5, and 181-6) to his sealing request. *See* ECF No. 181. This was improper, and sealing as to these three documents is DENIED WITHOUT PREJUDICE. If Brazil seeks to file these three documents under seal, he must file a separate motion and declaration pursuant to Civil Local Rule 79-5(d)(1).

1
Case No.: 12-CV-01831-LHK
ORDER RE: VARIOUS ADMINISTRATIVE MOTIONS TO SEAL

& n.7 (1978)). Accordingly, when considering a sealing request, "a strong presumption in favor of access is the starting point." *Id.* (internal quotation marks omitted).

Parties seeking to seal judicial records relating to dispositive motions bear the burden of overcoming the presumption with "compelling reasons supported by specific factual findings" that outweigh the general history of access and the public policies favoring disclosure. *Kamakana*, 447 F.3d at 1178-79. Compelling reasons justifying the sealing of court records generally exist "when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secret." *Id.* at 1179 (quoting *Nixon*, 435 U.S. at 598). However, "[t]he mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.* Dispositive motions include "motions for summary judgment." *Id.*

Records attached to nondispositive motions are not subject to the strong presumption of access. *See Kamakana*, 447 F.3d at 1179. Because the documents attached to nondispositive motions "are often unrelated, or only tangentially related, to the underlying cause of action," parties moving to seal must meet the lower "good cause" standard of Rule 26(c) of the Federal Rules of Civil Procedure. *Id.* at 1179-80 (internal quotation marks omitted). The "good cause" standard requires a "particularized showing" that "specific prejudice or harm will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002) (internal quotation marks omitted); *see* Fed. R. Civ. P. 26(c). "Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning" will not suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992). In general, motions for class certification and motions to decertify are considered nondispositive. *See In re High-Tech Emp. Antitrust Litig.*, No. 11-CV-02509-LHK, 2013 WL 5486230, at *2 (N.D. Cal. Sept. 30, 2013) ("As Plaintiffs' Motion for Class Certification is a non-dispositive motion, the Court finds that the parties need only demonstrate 'good cause' in order to support their requests to seal.").

Pursuant to Rule 26(c), a trial court has broad discretion to permit sealing of court documents for, inter alia, the protection of "a trade secret or other confidential research,

2

Case No.: 12-CV-01831-LHK
ORDER RE: VARIOUS ADMINISTRATIVE MOTIONS TO SEAL

1  development, or commercial information." Fed. R. Civ. P. 26(c)(1)(G). The Ninth Circuit has
2  adopted the definition of "trade secrets" set forth in the Restatement of Torts, holding that "[a]
3  trade secret may consist of any formula, pattern, device or compilation of information which is
4  used in one's business, and which gives him an opportunity to obtain an advantage over
5  competitors who do not know or use it." *Clark v. Bunker*, 453 F.2d 1006, 1009 (9th Cir. 1972)
6  (quoting Restatement (First) of Torts § 757 cmt. b). "Generally [a trade secret] relates to the
7  production of goods. . . . It may, however, relate to the sale of goods or to other operations in the
8  business. . . ." *Id.* (ellipses in original). In addition, the Supreme Court has recognized that sealing
9  may be justified to prevent judicial documents from being used "as sources of business information
10 that might harm a litigant's competitive standing." *Nixon*, 435 U.S. at 598.

11  In addition, parties moving to seal documents must comply with the procedures established
12  by Civil Local Rule 79-5. Pursuant to that rule, a sealing order is appropriate only upon a request
13  that establishes the document is "sealable," or "privileged or protectable as a trade secret or
14  otherwise entitled to protection under the law." Civ. L. R. 79-5(b). "The request must be narrowly
15  tailored to seek sealing only of sealable material, and must conform with Civil L.R. 79-5(d)." *Id.*
16  Civil Local Rule 79-5(d), moreover, requires the submitting party to attach a "proposed order that
17  is narrowly tailored to seal only the sealable material" and that "lists in table format each document
18  or portion thereof that is sought to be sealed," as well as an "unredacted version of the document"
19  that "indicate[s], by highlighting or other clear method, the portions of the document that have
20  been omitted from the redacted version." *Id.* R. 79-5(d)(1). "Within 4 days of the filing of the
21  Administrative Motion to File Under Seal, the Designating Party must file a declaration as required
22  by subsection 79-5(d)(1)(A) establishing that all of the designated material is sealable." *Id.* R. 79-
23  5(e)(1).

24  Below, the Court applies the "good cause" standard to the parties' requests to seal
25  documents in connection with Dole's Motion to Decertify and the "compelling reasons" standard
26  to the parties' requests to seal documents in connection with Dole's Motion for Summary
27  Judgment. With these standards in mind, the Court rules on the instant motions as follows:
28

3

Case No.: 12-CV-01831-LHK
ORDER RE: VARIOUS ADMINISTRATIVE MOTIONS TO SEAL

| Motion to Seal | Standard | Document to be Sealed | Ruling |
|---|---|---|---|
| 170 | Good Cause | Portions of Expert Report of Dr. Oral Capps, Jr. (ECF No. 170-3) | GRANTED. |
| 170 | Good Cause | Portions of Ex. E to Expert Report of Dr. Oral Capps, Jr. (ECF No. 170-5) | GRANTED. |
| 170 | Good Cause | Portions of Rebuttal Expert Report of Prof. Carol E. Scott (ECF No. 170-7) | GRANTED. |
| 170 | Compelling Reasons | Portions of Expert Report of Dr. Julie A. Caswell (ECF No. 170-9) | DENIED WITH PREJUDICE because the fact that Dole views the "natural" label as material to consumers has been publicly disclosed. |
| 176 | Good Cause | Expert Report of Dr. Oral Capps, Jr. with Exhibits (ECF Nos. 176-5, 176-6, 176-7, 176-8, and 176-9) | DENIED WITH PREJUDICE because there is no need to seal the entire report and all the exhibits where the Court has already granted Dole's request to seal portions of these documents above. |
| 176 | Good Cause | DPF00017725 Dole Sales Data (ECF No. 176-4) | DENIED WITHOUT PREJUDICE because the Court cannot discern whether Brazil's request is narrowly tailored without an unredacted version anywhere on file.  *See* Civ. L. R. 79-5(d)(1). |
| 178 | Compelling Reasons | Expert Report of Dr. Oral Capps, Jr. with Exhibits (ECF Nos. 178-10, 178-11, 178-12, 178-13, and 178-14) | DENIED WITH PREJUDICE because there is no need to seal the entire report and all the exhibits where the Court has already granted Dole's request to seal portions of these documents above. |
| 178 | Compelling Reasons | 10/21/04 Hany Farag Email (ECF No. 178-15) 5/2/11 Paul Gross Email (ECF No. 178-16) 8/23/12 Paul Gross Email (ECF No. 178-17) 2/25/11 Hany Farag Email (ECF No. 178-18) 11/9/07 Kimberly Galante Email (ECF No. 178-19) | DENIED WITHOUT PREJUDICE because "[t]he mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Kamakana*, 447 F.3d at 1179. |

4

Case No.: 12-CV-01831-LHK
ORDER RE: VARIOUS ADMINISTRATIVE MOTIONS TO SEAL

**United States District Court**
For the Northern District of California

| Motion to Seal | Standard | Document to be Sealed | Ruling |
|---|---|---|---|
| 178 | Compelling Reasons | 4/5/06 Hany Farag Email (ECF No. 178-20) | GRANTED because this document contains privileged attorney-client communications and was produced inadvertently. *See Asdale v. Int'l Game Tech.*, No. 3:04-CV-703-RAM, 2010 WL 2161930, at *4 (D. Nev. May 28, 2010) (finding a "compelling need to honor the attorney-client privilege and the work-product doctrine"). |
| 179 | Compelling Reasons | Brazil's Opposition to Dole's Motion for Summary Judgment (ECF No. 179-3, as replaced by ECF No. 213) | DENIED WITHOUT PREJUDICE as to proposed redactions at v:13-15, v:20-22, 6:14-15, 6:18-22, 6:27-28, 7:1-3, 7:15, 12:8-13, 12:26-28, and 15:15 to 17:21. *See Kamakana*, 447 F.3d at 1179. GRANTED as to proposed redactions at v:18 and 7:21.[3] In the future, Brazil must file an "unredacted version of the document" that "indicate[s], **by highlighting or other clear method**, the portions of the document that have been omitted from the redacted version." Civ. L. R. 79-5(d)(1) (emphasis added). |
| 187 | Compelling Reasons | Ex. 30 to Brazil's Opposition to Dole's Motion for Summary Judgment: 2009 IRI Report "Time & Trends" (ECF No. 187-4) | DENIED WITHOUT PREJUDICE because Dole has provided insufficient facts establishing a compelling reason not to disclose. *Kamakana*, 447 F.3d at 1178-79. |

The parties must file any renewed motions to seal consistent with this Order within seven (7) days.

**IT IS SO ORDERED.**

Dated: November 6, 2014

_Lucy H. Koh_
LUCY H. KOH
United States District Judge

---

[3] This ruling is consistent with the Court's decision to grant Brazil's Motion to Remove Incorrectly Filed Documents. *See* ECF No. 201 (granting Brazil's motion to remove ECF No. 180, the incorrectly redacted version of his Opposition to Dole's Motion for Summary Judgment, so that Brazil could properly redact footnote 29). Brazil re-filed the correctly redacted document on October 10, 2014. ECF No. 213.

**United States District Court**
For the Northern District of California