UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CHAD BRAZIL, an individual, on his own behalf and on behalf of all others similarly situated,<br><br>              Plaintiff,<br><br>     v.<br><br>DOLE PACKAGED FOODS, LLC,<br><br>              Defendant. | Case No.: 12-CV-01831-LHK<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, AND DENYING AS MOOT DEFENDANT'S MOTION TO STRIKE |

Before the Court is a Motion for Summary Judgment and Motion to Strike brought by Defendant Dole Packaged Foods, LLC ("Dole"), a subsidiary of Dole Food Company, Inc. ECF No. 168 ("Mot."). Plaintiff Chad Brazil ("Brazil") opposed the motion, ECF No. 180 ("Opp."), and Dole replied, ECF No. 203 ("Reply"). Having considered the submissions of the parties, the relevant law, and the record in this case, the Court hereby GRANTS Dole's Motion for Summary Judgment. The Court also DENIES as moot Dole's Motion to Strike.

**I.     BACKGROUND**

   **A.     Factual Background**

Dole, a limited liability corporation with principal place of business in Westlake Village, California, "is a leading producer of retail food products" that sells "to consumers through grocery and other retail stores throughout the United States." Third Amended Complaint ("TAC"), ECF

1

Case No.: 12-CV-01831-LHK
ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, AND DENYING AS MOOT DEFENDANT'S MOTION TO STRIKE

No. 148 ¶¶ 16-17. Brazil is a California consumer who "cares about the nutritional content of food and seeks to maintain a healthy diet." *Id.* ¶¶ 15, 76. From April 11, 2008, to the present, Brazil has spent over $25.00 on Dole's food products, which he contends are "misbranded" in violation of state law. *Id.* ¶¶ 1, 5, 76. In particular, Brazil alleges that he purchased the following three food products:

(1) Dole Frozen Wildly Nutritious Signature Blends—Mixed Fruit (12 oz. bag);

(2) Dole Mixed Fruit in 100% Fruit Juice (4 oz. cups); and

(3) Dole Tropical Fruit in Light Syrup & Passion Fruit Juice (15.25 oz. can).

*Id.* ¶ 2. Brazil refers to these products collectively as the "Purchased Products." *Id.*

The TAC also alleges claims based on seven additional products that Brazil did not purchase, but which are, according to Brazil, substantially similar to those that he did purchase in that they "(i) make the same label representations . . . as the Purchased Products and (ii) violate the same regulations." TAC ¶ 3. They include:

(4) Diced Peaches in 100% Fruit Juice (4 oz. plastic cups);

(5) Diced Apples in 100% Fruit Juice (4 oz. plastic cups);

(6) Diced Pears in 100% Fruit Juice (4 oz. plastic cups);

(7) Mandarin Oranges in 100% Fruit Juice (4 oz. plastic cups);

(8) Pineapple Tidbits in 100% Pineapple Juice (4 oz. plastic cups);

(9) Tropical Fruit in 100% Juice (4 oz. plastic cups); and

(10) Red Grapefruit Sunrise in 100% Juice (4 oz. plastic cups).

*Id.* ¶ 4. Brazil refers to this second group of products as the "Substantially Similar Products." *Id.* ¶ 3.

Brazil alleges that Dole makes representations on the labels of these ten products that are unlawful, as well as false and misleading, under California law. TAC ¶¶ 8-14. Specifically, Brazil contends that all ten of the products listed above contain the label statement "All Natural Fruit," which Brazil alleges is misleading because all ten products contain ascorbic acid (commonly known as Vitamin C) and citric acid, both allegedly synthetic ingredients. ECF No. 218 ("Decert

2

Order") at 3.

### B. Procedural History

Brazil filed his original Complaint on April 11, 2012, naming both Dole Packaged Foods, LLC, and Dole Food Company, Inc., as Defendants. ECF No. 1. As relevant here, Brazil brought claims under California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200 *et seq.*; False Advertising Law ("FAL"), *id.* § 17500 *et seq.*; and Consumers Legal Remedies Act ("CLRA"), Cal. Civ. Code § 1750 *et seq.* Defendants filed a Motion to Dismiss on July 2, 2012. ECF No. 16. Rather than responding to the motion, Brazil filed a First Amended Complaint ("FAC") on July 23, 2012. ECF No. 25. The Court then denied Defendants' Motion to Dismiss as moot. ECF No. 28.

On August 13, 2012, Defendants filed a Motion to Dismiss the FAC. ECF No. 29. Brazil opposed the motion on August 31, 2012, ECF No. 35, and Defendants replied on September 14, 2012, ECF No. 37. After holding a motion hearing on January 24, 2013, ECF No. 53, the Court granted in part and denied in part the Motion to Dismiss on March 25, 2013, ECF No. 59. The Court granted leave to amend, and Brazil filed a Second Amended Complaint ("SAC") on April 12, 2013. ECF No. 60. In response to the SAC, Defendants again filed a Motion to Dismiss on April 29, 2013. ECF No. 62. Brazil opposed the motion on May 20, 2013, ECF No. 68, and Defendants replied on June 3, 2013, ECF No. 71. The Court granted in part and denied in part the Motion to Dismiss on September 23, 2013. ECF No. 76. The parties then stipulated to the dismissal of several products that Brazil testified he had never purchased. ECF No. 88 at 2. In addition, the stipulation dismissed Defendant Dole Food Company, Inc., from the case. *Id.*

Brazil filed a Motion for Class Certification on January 31, 2014. ECF No. 96. Dole opposed the motion on March 6, 2014, ECF No. 105, and Brazil replied on March 27, 2014, ECF No. 117. The Court granted in part and denied in part the Motion for Class Certification on May 30, 2014. ECF No. 142. The Court certified two classes. The first, certified under Rule 23(b)(2) of the Federal Rules of Civil Procedure (the "Injunction Class"), was a nationwide class of consumers "who, from April 11, 2008, until the date of notice, purchased a Dole fruit product

3

Case No.: 12-CV-01831-LHK
ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, AND DENYING AS MOOT DEFENDANT'S MOTION TO STRIKE

bearing the front panel label statement 'All Natural Fruit' but which contained citric acid and ascorbic acid." *Id.* at 35. The second, certified under Rule 23(b)(3) (the "Damages Class"), was a California class of consumers "who, from April 11, 2008, until the date of notice, purchased a Dole fruit product bearing the front panel label statement 'All Natural Fruit' but which contained citric acid and ascorbic acid." *Id.*

On June 6, 2014, Dole requested leave to move for reconsideration, ECF No. 145, and on June 12, 2014, Brazil filed his TAC, asserting six causes of action under the UCL, FAL, and CLRA, *see* TAC ¶¶ 97-161. The Court denied Dole's request for reconsideration on June 16, 2014, electing to await the close of expert discovery before revisiting the certification question. ECF No. 150.

On August 21, 2014, Dole filed a Motion to Decertify. ECF No. 171. Brazil filed his Opposition on September 11, 2014. ECF No. 177. Dole filed a Reply on September 25, 2014. ECF No. 202. On November 6, 2014, the Court granted in part and denied in part Dole's Motion to Decertify.[1] Decert Order at 25. Specifically, the Court decertified the Damages Class because Brazil could not show that the hedonic regression model he had proposed was "capable of controlling for all other factors and isolating the price premium attributable to Dole's 'All Natural Fruit' label only." *Id.* at 21. As the regression model was unable to measure the damages attributable only to the defendant's conduct under *Comcast Corp. v. Behrend*, 133 S. Ct. 1426, 1433 (2013), the Court concluded that Brazil had "not satisfied the Rule 23(b)(3) requirement that common issues predominate over individual ones." Decert Order at 21, 23. The Court allowed the Injunction Class to remain certified, but with an amended start date of January 1, 2009.[2] *Id.* at 24-25. On November 19, 2014, Brazil sought leave to move for reconsideration. ECF No. 228.

---

[1] Previously, on June 13, 2014, Dole had filed a Petition for Permission to Appeal the Court's class certification order under Rule 23(f) of the Federal Rules of Civil Procedure. ECF No. 149. On September 22, 2014, the Ninth Circuit issued an order holding the petition, as well as Brazil's "conditional cross-petition," in abeyance pending this Court's resolution of Dole's Motion to Decertify. ECF No. 193, Ex. A. On November 17, 2014, the Ninth Circuit granted Dole's motion to withdraw its Petition for Permission to Appeal, and the petition was dismissed. ECF No. 227.

[2] The Court amended the start date to January 1, 2009, because the sales data relied on by Brazil's damages expert was unavailable prior to that date. *See* Decert Order at 24.

4
Case No.: 12-CV-01831-LHK
ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, AND DENYING AS MOOT DEFENDANT'S MOTION TO STRIKE

 Dole filed the instant Motion for Summary Judgment and Motion to Strike on August 21, 2014.  Mot. at 15.  Brazil opposed the motion on September 11, 2014, Opp. at 19, and Dole replied on September 25, 2014, Reply at 12.

## II.	LEGAL STANDARD

Summary judgment is appropriate if, viewing the evidence and drawing all reasonable inferences in the light most favorable to the nonmoving party, there are no genuine disputes of material fact, and the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 321 (1986).  At the summary judgment stage, the Court "does not assess credibility or weigh the evidence, but simply determines whether there is a genuine factual issue for trial."  *House v. Bell*, 547 U.S. 518, 559-60 (2006).  A fact is "material" if it "might affect the outcome of the suit under the governing law," and a dispute as to a material fact is "genuine" if there is sufficient evidence for a reasonable trier of fact to decide in favor of the nonmoving party.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The moving party bears the initial burden of identifying those portions of the pleadings, discovery, and affidavits that demonstrate the absence of a genuine issue of material fact.  *Celotex*, 477 U.S. at 323.  Where the moving party will have the burden of proof on an issue at trial, it must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party.  *Id.* at 322-23.  But on an issue for which the opposing party will have the burden of proof at trial, the party moving for summary judgment need only point out that "the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof."  *Id.* at 323.  Once the moving party meets its initial burden, the nonmoving party must set forth, by affidavit or as otherwise provided in Rule 56, "specific facts showing that there is a genuine issue for trial."  *Anderson*, 477 U.S. at 250.

If evidence produced by the moving party conflicts with evidence produced by the nonmoving party, a court must assume the truth of the evidence set forth by the nonmoving party with respect to that fact.  *See Leslie v. Grupo ICA*, 198 F.3d 1152, 1158 (9th Cir. 1999).  "Bald assertions that genuine issues of material fact exist," however, "are insufficient."  *See Galen v.*

5
Case No.: 12-CV-01831-LHK
ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, AND DENYING AS MOOT DEFENDANT'S MOTION TO STRIKE

*Cnty. of L.A.*, 477 F.3d 652, 658 (9th Cir. 2007); *see also United States ex rel. Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1061 (9th Cir. 2011) ("To survive summary judgment, a plaintiff must set forth non-speculative evidence of specific facts, not sweeping conclusory allegations."). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249-50 (citations omitted).

### III. DISCUSSION

Dole advances several bases on which the Court may grant summary judgment. First, Dole argues that there is no evidence the challenged products are anything but "natural." Mot. at 3-6. Second, Dole contends that there is no evidence of classwide deception because Brazil has made no showing that reasonable consumers likely would have been misled by Dole's "All Natural Fruit" label. *Id.* at 6-9. Third, Dole claims that there is no evidence reasonable consumers would consider the "All Natural Fruit" label material to their purchasing decision. *Id.* at 9-12. Fourth, Dole argues that the Court should, at the very least, grant summary judgment as to Brazil's "unlawful" claim because there is no evidence that Dole has violated any underlying law. *Id.* at 12-13. Finally, Dole claims that there is no evidence of classwide damages. *Id.* at 13-14. Apart from its summary judgment motion, Dole also moves to strike the expert reports of Dr. Julie Caswell and Dr. Edward Scarbrough. *Id.* at 14-15.

For the reasons stated below, the Court concludes there is insufficient evidence that the "All Natural Fruit" label statement on the challenged Dole products was likely to mislead reasonable consumers and that the label statements were therefore unlawful on that basis. Because Dole has shown an absence of a genuine dispute of material fact on these points, the Court GRANTS Dole's Motion for Summary Judgment. The Court need not address the other bases Dole advances in its summary judgment motion or Brazil's counterarguments thereto.[3]

---

[3] The Court GRANTS Brazil's requests for judicial notice. *See* ECF Nos. 182, 190. These documents are all either "matters of public record," *United States v. 14.02 Acres of Land*, 547 F.3d 943, 955 (9th Cir. 2008), exhibits filed publicly in other court proceedings, *see Holder v. Holder*, 305 F.3d 854, 866 (9th Cir. 2002), or available on publicly accessible government websites, *see Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998-99 (9th Cir. 2010).

6
Case No.: 12-CV-01831-LHK
ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, AND DENYING AS MOOT DEFENDANT'S MOTION TO STRIKE

### A. Statutory Framework

The federal Food, Drug, and Cosmetic Act ("FDCA"), codified at 21 U.S.C. § 301 *et. seq.*, gives the Food and Drug Administration ("FDA") "the responsibility to protect the public health by ensuring that 'foods are safe, wholesome, sanitary, and properly labeled.'" *Lockwood v. Conagra Foods, Inc.*, 597 F. Supp. 2d 1028, 1030 (N.D. Cal. 2009) (quoting 21 C.F.R. § 393(b)(2)(A)). For purposes of federal law, food is "misbranded" if its labeling is "false or misleading in any particular." 21 U.S.C. § 343(a)(1). California, through the Sherman Food, Drug, and Cosmetic Act ("Sherman Law"), Cal. Health & Safety Code § 109875 *et seq.*, has expressly adopted the federal labeling requirements as its own. Under the Sherman Law, "All food labeling regulations and any amendments to those regulations adopted pursuant to the federal act . . . shall be the food regulations of [California]." *Id.* § 110100. California has also enacted a number of laws and regulations that adopt and incorporate specific federal food laws and regulations. *See, e.g.*, *id.* § 110660 ("Any food is misbranded if its labeling is false or misleading in any particular."); *id.* § 110665 ("Any food is misbranded if its labeling does not conform with the requirements for nutrition labeling as set forth in" 21 U.S.C. § 343(q)); *id.* § 110670 ("Any food is misbranded if its labeling does not conform with the requirements for nutrient content or health claims as set forth in" 21 U.S.C. § 343(r)).

FDA, the parties agree, has yet to promulgate a regulation defining the word "natural" as it pertains to packaged food. *See* Food Labeling: Nutrient Content Claims, General Principles, Petitions, Definition of Terms; Definitions of Nutrient Content Claims for the Fat, Fatty Acid, and Cholesterol Content of Food ("FDA Policy Statement"), 58 Fed. Reg. 2303, 2407 (Jan. 6, 1993) (explaining that "FDA is not undertaking rulemaking to establish a definition for 'natural' at this time"). Instead, FDA opted to "maintain its current policy . . . not to restrict the use of the term 'natural' except for added color, synthetic substances, and flavors as provided in [21 C.F.R.] § 101.22." *Id.* "Additionally," FDA continued, "the agency will maintain its policy regarding the use of 'natural,' as meaning that nothing artificial or synthetic (including all color additives

7

Case No.: 12-CV-01831-LHK
ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, AND DENYING AS MOOT DEFENDANT'S MOTION TO STRIKE

regardless of source) has been included in, or has been added to, a food that would not normally be expected to be in the food." *Id.* (citation omitted).

Against that statutory backdrop, Brazil's lawsuit "has two facets." TAC ¶ 5. In particular, Brazil argues that Dole has violated the UCL, FAL, and CLRA because the "All Natural Fruit" labels on the challenged Dole products are (1) unlawful and (2) misleading. *Id.* ¶¶ 4-5, 13-14. The challenged Dole products, Brazil alleges, contain "artificial ingredients"—namely, citric acid and ascorbic acid—that Dole uses as chemical preservatives. *Id.* ¶¶ 49, 56-57, 62-63. According to Brazil, the FDA's informal definition of the term "natural" is one piece of evidence the putative class may rely on to show that Dole's food products violated the Sherman Law and deceived consumers by including the label "All Natural Fruit." The Court first addresses the question of deception.

### B.  Whether Dole's Labels Are Deceptive

Brazil's UCL, FAL, and CLRA claims are governed by the "reasonable consumer standard," which requires evidence that "members of the public are likely to be deceived." *Williams v. Gerber Prods. Co.*, 552 F.3d 934, 938 (9th Cir. 2008) (internal quotation marks omitted). To survive summary judgment, Brazil "must produce evidence showing 'a likelihood of confounding an appreciable number of reasonably prudent purchasers exercising ordinary care.'" *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1026 (9th Cir. 2008) (quoting *Brockey v. Moore*, 107 Cal. App. 4th 86, 99 (2003)). Put differently, Brazil must show "it is probable that a significant portion of the general consuming public or of targeted consumers, acting reasonably in the circumstances, could be misled." *Lavie v. Procter & Gamble Co.*, 105 Cal. App. 4th 496, 507 (2003). Although surveys and expert testimony regarding consumer expectations are not required, "a few isolated examples of actual deception are insufficient" in the Ninth Circuit. *Clemens*, 534 F.3d at 1026 (internal quotation marks omitted). Whether a business practice is deceptive is typically, but not always, a question of fact for the jury to decide. *See Williams*, 552 F.3d at 938.

Brazil's evidence is insufficient to create a genuine dispute of material fact. It is true that Brazil himself testified that he was misled by Dole's "All Natural Fruit" label. *See* Deposition of

8

Case No.: 12-CV-01831-LHK
ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, AND DENYING AS MOOT DEFENDANT'S MOTION TO STRIKE

1   Chad Brazil, ECF No. 180-1, at 10-11, 44-50.  According to Brazil, when he read the label "All
2   Natural Fruit," he understood it to mean that all "the contents of the package," not just the fruit,
3   were "all natural."  *Id.* at 10.  While the Court accepts that Brazil's non-literal interpretation of the
4   label statement is not necessarily unreasonable, *see Williams*, 552 F.3d at 939, binding Ninth
5   Circuit precedent requires the Court to conclude that Brazil's own testimony, without more, is not
6   enough to survive summary judgment.  As the Ninth Circuit explained in *Clemens*, "a few isolated
7   examples of actual deception are insufficient" to survive summary judgment.  534 F.3d at 1026
8   (internal quotation marks omitted); *see also Ries v. Ariz. Beverages USA LLC*, No. 10-01139 RS,
9   2013 WL 1287416, at *6-7 (N.D. Cal. Mar. 28, 2013) (granting summary judgment where
10  defendants' owner testified that some consumers of AriZona Iced Tea "were confused by the term
11  a hundred percent natural" because such testimony, without more, "does not demonstrate that it is
12  probable that a significant portion of the consuming public could be confused by the 'all natural'
13  labeling of defendants' products").

14  The additional "evidence" offered by Brazil falls short.  Brazil cites the FDA's informal
15  definition of the term "natural" as "evidence of how reasonable consumers would view" the "All
16  Natural Fruit" label.  Opp. at 9.  As Dole points out, however, Brazil has offered no evidence that
17  citric acid and ascorbic acid, the two allegedly synthetic ingredients found in the challenged Dole
18  products, "would not normally be expected to be in" those products, as the FDA definition
19  requires.  FDA Policy Statement, 58 Fed. Reg. at 2407; *see* Mot. at 5-6.  Confronted with this
20  language, Brazil says only: "It goes without saying that man-made ingredients added to products
21  would not normally be expected to be in food."  Opp. at 4.  Brazil does not provide any basis for
22  this conclusory statement.

23  Brazil's failure to offer any evidence on this score is not for want of opportunity.  Indeed,
24  Dole served contention interrogatories on Brazil asking him to "[s]tate all facts that support
25  [Brazil's] contention . . . that a reasonable consumer would understand that such 'All Natural'
26  products do not contain synthetic, artificial, or excessively processed ingredients."  ECF No. 169-1,
27  at 3 (alteration and internal quotation marks omitted).  Brazil objected to the question as
28  

9
Case No.: 12-CV-01831-LHK
ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, AND DENYING AS MOOT
DEFENDANT'S MOTION TO STRIKE

"premature," promising that "many of the facts supporting [his] claims will be submitted via merit expert reports." *Id.* Tellingly, those expert reports are silent on the matter. *See, e.g.*, Expert Report of Dr. Kurt M. Hong, ECF No. 180-6 (failing to opine on whether citric acid and ascorbic acid "would not normally be expected to be in" the challenged Dole products); Expert Report of Dr. F. Edward Scarbrough ("Scarbrough Report"), ECF No. 180-8 (same). Without any evidence that the FDA's informal definition has actually been violated, Brazil cannot rely on that definition as "evidence" that reasonable consumers would likely be deceived by Dole's "All Natural Fruit" label claim. *See Clemens*, 534 F.3d at 1026 (affirming a grant of summary judgment on fraud-based UCL claim where "[a]side from his bare allegations, Clemens has produced no evidence to suggest that a reasonable consumer would have expected or assumed any particular head gasket lifespan in excess of the warranty period").

For the same reason, Brazil's reliance on FDA letters to other companies is misplaced. In each of those letters, FDA concluded that the offending company had violated FDA's informal policy because "natural" means "nothing artificial or synthetic has been included in, or has been added to, a food *that would not normally be expected to be in the food*." ECF No. 180-11, at 2 (emphasis added) (FDA letter to Oak Tree Farm Dairy); *see also* ECF No. 180-12, at 2 (FDA letter to Hirzel Canning Company); ECF No. 180-28, at 2 (FDA letter to Shemshad Food Products); ECF No. 180-29, at 1 (FDA letter to Alexia Foods). One of Brazil's experts, Dr. Scarbrough, also relies on these FDA letters to conclude that "[v]iolations of FDA's 'natural' policy can lead to labels that are misleading to consumers." Scarbrough Report ¶ 10. Again, absent any evidence that reasonable consumers would not normally expect citric acid and ascorbic acid to be found in the challenged Dole products, Brazil cannot rely on FDA's informal policy to show that those consumers were likely to have been misled. Notably, neither Brazil nor Dr. Scarbrough points to a single FDA letter warning Dole about its "All Natural Fruit" labels.

Brazil's citation to *Rubio v. Capital One Bank*, 613 F.3d 1195 (9th Cir. 2010), fares no better. *See* Opp. at 9. In *Rubio*, the Ninth Circuit found that "evidence on how a reasonable consumer will understand the term 'fixed rate' is available from the Federal Reserve Board of

10
Case No.: 12-CV-01831-LHK
ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, AND DENYING AS MOOT DEFENDANT'S MOTION TO STRIKE

Governors," and such evidence was sufficient to survive a motion to dismiss.  613 F.3d at 1200.  Unlike here, the evidence in *Rubio* was based on "consumer testing" conducted by an independent "research firm."  *Id.*  That testing included "several rounds of interviews" with credit cardholding consumers.  *Id.* at 1200-01; *see also* Truth in Lending, 74 Fed. Reg. 5244, 5246-48 (Jan. 29, 2009) (describing the consumer testing that was conducted, including "a survey to conduct quantitative testing").

In the instant case, by contrast, the best Brazil can muster is that "consumer surveys are not required" under California law.  Opp. at 9 (capitalization altered).  True enough.  *See Brockey*, 107 Cal. App. 4th at 99.  The Court today does not require consumer surveys or, as Dole would have it, a showing that more than fifty percent of the public would be deceived.  *See* Mot. at 7.  Brazil, however, still must provide evidence "that a significant portion of the general consuming public or of targeted consumers, acting reasonably in the circumstances, could be misled" by Dole's "All Natural Fruit" label.  *Lavie*, 105 Cal. App. 4th at 507.  Brazil has not done so.  When given the opportunity to offer evidence in response to Dole's contention interrogatories, Brazil declined the invitation, vowing to do so later in his "expert reports."  ECF No. 169-1, at 3.  Those expert reports have come and gone, and they contain no evidence of a likelihood of deception.  Furthermore, the only survey evidence Brazil cites is in Brazil's Opposition to the instant summary judgment motion and relates to the issue of materiality of food labels.  *See* Opp. at 12-15.  These surveys, which do not involve the "All Natural Fruit" label or the challenged Dole products, say nothing about consumer deception.

As binding Ninth Circuit precedent makes clear, "a few isolated examples of actual deception are insufficient" to survive summary judgment.  *Clemens*, 534 F.3d at 1026.  Where, as here, a plaintiff offers one isolated example of deception—i.e., Brazil's—summary judgment must be granted.  *See Ries*, 2013 WL 1287416, at *6-7 (granting summary judgment where plaintiffs failed to offer "extrinsic evidence that a significant portion of the consuming public would be confused by" AriZona Iced Tea's "all natural" label statements); *Martinez v. Welk Grp., Inc.*, 907 F. Supp. 2d 1123, 1141 (S.D. Cal. 2012) (granting summary judgment where, "aside from

11

Plaintiff's bare allegations," there was "no evidence to suggest that a reasonable consumer would have expected or assumed that the entire [San Diego] Resort was, and has always been, free of any mold, mildew, or water intrusion"); *cf. Brockey*, 107 Cal. App. 4th at 99-100 (finding that "the trier of fact could conclude [defendant's] activities were likely to mislead consumers" where the evidence included expert testimony and showed that "a number of consumers were actually deceived").

For these reasons, the Court GRANTS Dole's Motion for Summary Judgment to the extent Brazil's claims are based on Dole's "All Natural Fruit" label misleading reasonable consumers.

### C. Whether Dole's Labels Are Unlawful

Brazil also alleges that Dole's "All Natural Fruit" label statement is "unlawful" for purposes of the UCL. TAC ¶ 5. "By proscribing any unlawful business practice, the UCL borrows violations of other laws and treats them as unlawful practices that the unfair competition law makes independently actionable." *Alvarez v. Chevron Corp.*, 656 F.3d 925, 933 n.8 (9th Cir. 2011) (alteration and internal quotation marks omitted). "Virtually any law federal, state or local can serve as a predicate for an action under [the UCL]." *Smith v. State Farm Mut. Auto. Ins. Co.*, 93 Cal. App. 4th 700, 718 (2001). "If a plaintiff cannot state a claim under the predicate law, however, [the UCL] claim also fails." *Stokes v. CitiMortgage, Inc.*, No. CV 14-00278 BRO SHX, 2014 WL 4359193, at *11 (C.D. Cal. Sept. 3, 2014) (internal quotation marks omitted).

In his Opposition, Brazil explains that his UCL unlawful claim is based on a violation of the Sherman Law, which "expressly prohibits false and misleading food labeling and advertising." Opp. at 18 (citing Cal. Health & Safety Code §§ 10660, 110398, 110400). Brazil's UCL unlawful claim, he insists, is grounded in Dole's "misleading" use of the "All Natural Fruit" label statement. *Id.* at 17. As Brazil emphasizes repeatedly, "The fundamental question for the trier of fact is whether Dole's labels stating 'All Natural Fruit' are misleading and deceptive to consumers." *Id.* at 1; *see also id.* ("Stated plainly, Plaintiff has alleged that Dole's labels are misleading to consumers because they claim the products are one thing, 'All Natural Fruit,' but actually are another, i.e., products containing ascorbic acid and citric acid which are synthetic and artificial

12

Case No.: 12-CV-01831-LHK
ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, AND DENYING AS MOOT DEFENDANT'S MOTION TO STRIKE

ingredients."); *id.* at 7 n.31 ("Again, the issue is whether the labels are misleading."); *id.* at 18 n.82 ("[T]his is a 'misleading' case and not a 'you violated FDA policy' case."). Brazil, thus, has confirmed that his UCL unlawful claim requires a finding that Dole's "All Natural Fruit" label violated the Sherman Law by misleading reasonable consumers. Because the Court has found no genuine dispute as to whether Dole's "All Natural Fruit" label statement was misleading to reasonable consumers, *see supra* Part III.B, the Court necessarily must find no genuine dispute as to whether the Sherman Law was violated on that very basis. With no predicate violation on which to rely, Brazil's UCL unlawful claim must fail. *See Stokes*, 2014 WL 4359193, at *11.[4]

Accordingly, the Court GRANTS Dole's Motion for Summary Judgment to the extent Brazil's claims are based on Dole's "All Natural Fruit" label being unlawful under the UCL.[5]

## IV. CONCLUSION

For the foregoing reasons, the Court hereby GRANTS Dole's Motion for Summary Judgment. The Court also DENIES as moot Dole's Motion to Strike.

The Clerk shall close the case file.

**IT IS SO ORDERED.**

Dated: December 8, 2014

*Lucy H. Koh*
LUCY H. KOH
United States District Judge

---

[4] In a footnote to his Opposition, Brazil attempts to resurrect his abandoned claim that Dole has violated 21 C.F.R. § 101.22(j) by failing to disclose on Dole's product labels that citric acid and ascorbic acid function as chemical preservatives. *See* Opp. at 18 n.85. While this theory was once part of the instant case, Brazil has long since narrowed his challenge to only the propriety of Dole's "All Natural Fruit" label statement. *See* TAC ¶ 86 (seeking to certify two classes of persons who "purchased a Dole fruit product bearing the front panel label statement 'All Natural Fruit' but which contained citric acid and ascorbic acid"); Decert Order at 25.

[5] The Court DENIES as moot Dole's Motion to Strike the expert reports of Dr. Caswell and Dr. Scarbrough. Even if these reports were admissible under Rule 702 of the Federal Rules of Evidence, the Court would still grant summary judgment in Dole's favor.

13
Case No.: 12-CV-01831-LHK
ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, AND DENYING AS MOOT DEFENDANT'S MOTION TO STRIKE