UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CHAD BRAZIL, an individual, on his own behalf and on behalf of all others similarly situated,<br><br>            Plaintiff,<br>    v.<br><br>DOLE PACKAGED FOODS, LLC,<br><br>            Defendant. | Case No.: 12-CV-01831-LHK<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION |

Plaintiff Chad Brazil ("Brazil") moves for leave to file a Motion for Reconsideration of two of the Court's orders. ECF No. 228.  First, Brazil asks the Court to reconsider its March 25, 2013, order granting in part and denying in part the Motion to Dismiss brought by Defendant Dole Packaged Foods, LLC ("Dole"). ECF No. 59.  Second, Brazil asks the Court to reconsider its November 6, 2014, order granting in part and denying in part Dole's Motion to Decertify. ECF No. 218.

Civil Local Rule 7-9(a) states: "Before the entry of a judgment adjudicating all of the claims and the rights and liabilities of all the parties in a case, any party may make a motion before a Judge requesting that the Judge grant the party leave to file a motion for reconsideration of any interlocutory order . . . .  No party may notice a motion for reconsideration without first obtaining leave of Court to file the motion."  Civil Local Rule 7-9(b) provides three grounds for reconsideration of an interlocutory order:

1

> (1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or
>
> (2) The emergence of new material facts or a change of law occurring after the time of such order; or
>
> (3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

Rule 7-9(c) further requires that "[n]o motion for leave to file a motion for reconsideration may repeat any oral or written argument made by the applying party in support of or in opposition to the interlocutory order which the party now seeks to have reconsidered." Whether to grant leave to file under Rule 7-9 is committed to the Court's sound discretion. *See Montebueno Mktg., Inc. v. Del Monte Corp.-USA*, 570 F. App'x 675, 676 (9th Cir. 2014).

Brazil has not established grounds for reconsideration of the Court's order decertifying the damages class. Brazil's citations to *Leyva v. Medline Industries Inc.*, 716 F.3d 510 (9th Cir. 2013), and *Jimenez v. Allstate Insurance Co.*, 765 F.3d 1161 (9th Cir. 2014), are inapposite because they concern the problem of individualized versus classwide proof for damages. By contrast, in the instant case the Court's decertification order found that Brazil had failed to isolate the price premium attributable to Dole's "All Natural Fruit" label statement, as required by *Comcast Corp. v. Behrend*, 133 S. Ct. 1426, 1433 (2013) ("[A] model purporting to serve as evidence of damages in this class action must measure only those damages attributable to [defendant's conduct].").  Brazil's cited cases do not address a plaintiff's inability to measure the damages attributable to the defendant's conduct under *Comcast*. Thus, Brazil's cited cases provide no basis for reconsidering the Court's decertification order. *See Lilly v. Jamba Juice Co.*, No. 13-CV-02998-JST, 2014 WL 4652283, at *9-10 (N.D. Cal. Sept. 18, 2014) (holding that *Leyva* and *Jimenez* did not alter *Comcast*'s requirement that plaintiffs "establish at the certification stage that damages can feasibly and efficiently be calculated once the common liability questions are adjudicated" (alterations and internal quotation marks omitted)).

Nor has Brazil shown that the Court should reconsider its order dismissing Brazil's cause of action for unjust enrichment. To start, the Court has granted summary judgment in Dole's favor on

2

1  Brazil's UCL, FAL, and CLRA claims due to insufficient evidence that Dole's "All Natural Fruit"
2  label statement was likely to mislead reasonable consumers.  *See* ECF No. 240.  Brazil's claim for
3  unjust enrichment, which would have arisen under those same statutes, fails for the same reason.
4  Brazil's contention is therefore moot.
5         Even if Brazil's argument were not moot, Brazil still cannot meet the Rule 7-9 standard for
6  reconsideration.  To be sure, it appears that California law now permits unjust enrichment to serve
7  as an independent cause of action, *see Berger v. Home Depot USA, Inc.*, 741 F.3d 1061, 1070 (9th
8  Cir. 2014), and restitution does not necessarily equal unjust enrichment, *see Meister v. Mensinger*,
9  230 Cal. App. 4th 381, 398 (2014).  That said, Brazil has made no showing that, in this particular
10 case, the damages figures for restitution and unjust enrichment would be any different.  As *Meister*
11 makes clear, "Typically, the defendant's benefit and the plaintiff's loss are the same."  230 Cal.
12 App. 4th at 398 (internal quotation marks omitted).  It is when "a benefit has been received by the
13 defendant but the plaintiff has not suffered a corresponding loss or, in some cases, any loss" that
14 unjust enrichment would not be duplicative of restitution.  *Id.* (internal quotation marks omitted).
15 In this case, by contrast, Brazil alleges that he suffered a loss by overpaying for the challenged
16 Dole products as a result of their "All Natural Fruit" label statement.  Indeed, Brazil relied on his
17 alleged loss to establish standing in this case.  *See* Third Amended Complaint, ECF No. 148 ¶¶ 76,
18 80-81; *see also Ogden v. Bumble Bee Foods, LLC*, No. 5:12-CV-01828-LHK, 2014 WL 27527, at
19 *7 (N.D. Cal. Jan. 2, 2014) ("[T]o establish standing under the UCL or FAL, a plaintiff must
20 demonstrate that she 'suffered injury in fact and lost money or property as a result of the unfair
21 competition.'" (quoting Cal. Bus. & Prof. Code § 17204)).  Brazil points to no change in the law
22 warranting reconsideration of the Court's conclusion that Brazil's unjust enrichment claim
23 appeared duplicative of his claim for restitution.  *See* ECF No. 59 at 26; *see also Leonhart v.*
24 *Nature's Path Foods, Inc*, No. 13-CV-00492-BLF, 2014 WL 6657809, at *7 (N.D. Cal. Nov. 21,
25 2014) (finding no "basis for reconsideration" of a prior order "dismiss[ing] Plaintiff's unjust
26 enrichment claim as duplicative of her claims for restitution under the UCL and CLRA").
27        For the foregoing reasons, Brazil's Motion for Leave to File a Motion for Reconsideration
28 is DENIED.

1    **IT IS SO ORDERED.**

3    Dated: December 8, 2014

        _____
        LUCY H. KOH
        United States District Judge