1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CHAD BRAZIL, an individual, on his own behalf and on behalf of all others similarly situated,<br><br>          Plaintiff,<br>   v.<br><br>DOLE PACKAGED FOODS, LLC,<br><br>          Defendant. | Case No.: 12-CV-01831-LHK<br><br>ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S ADMINISTRATIVE MOTION TO SEAL |

Before the Court is an administrative motion to seal brought by Defendant Dole Packaged Foods, LLC ("Dole"). ECF No. 225. Dole seeks to seal briefing and exhibits filed by the parties in connection with Dole's Motion to Decertify (ECF No. 171) and Dole's Motion for Summary Judgment (ECF No. 168).

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). Accordingly, when considering a sealing request, "a strong presumption in favor of access is the starting point." *Id.* (internal quotation marks omitted).

Parties seeking to seal judicial records relating to dispositive motions bear the burden of overcoming the presumption with "compelling reasons supported by specific factual findings" that

1

Case No.: 12-CV-01831-LHK
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S ADMINISTRATIVE MOTION TO SEAL

outweigh the general history of access and the public policies favoring disclosure. *Kamakana*, 447

F.3d at 1178-79. Compelling reasons justifying the sealing of court records generally exist "when

such 'court files might have become a vehicle for improper purposes,' such as the use of records to

gratify private spite, promote public scandal, circulate libelous statements, or release trade secret."

*Id.* at 1179 (quoting *Nixon*, 435 U.S. at 598). However, "[t]he mere fact that the production of

records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will

not, without more, compel the court to seal its records." *Id.* Dispositive motions include "motions

for summary judgment." *Id.*

Records attached to nondispositive motions are not subject to the strong presumption of

access. *See Kamakana*, 447 F.3d at 1179. Because the documents attached to nondispositive

motions "are often unrelated, or only tangentially related, to the underlying cause of action,"

parties moving to seal must meet the lower "good cause" standard of Rule 26(c) of the Federal

Rules of Civil Procedure. *Id.* at 1179-80 (internal quotation marks omitted). The "good cause"

standard requires a "particularized showing" that "specific prejudice or harm will result" if the

information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206,

1210-11 (9th Cir. 2002) (internal quotation marks omitted); *see* Fed. R. Civ. P. 26(c). "Broad

allegations of harm, unsubstantiated by specific examples of articulated reasoning" will not suffice.

*Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992). In general, motions for

class certification and motions to decertify are considered nondispositive. *See In re High-Tech*

*Emp. Antitrust Litig.*, No. 11-CV-02509-LHK, 2013 WL 5486230, at *2 (N.D. Cal. Sept. 30, 2013)

("As Plaintiffs' Motion for Class Certification is a non-dispositive motion, the Court finds that the

parties need only demonstrate 'good cause' in order to support their requests to seal.").

Pursuant to Rule 26(c), a trial court has broad discretion to permit sealing of court

documents for, inter alia, the protection of "a trade secret or other confidential research,

development, or commercial information." Fed. R. Civ. P. 26(c)(1)(G). The Ninth Circuit has

adopted the definition of "trade secrets" set forth in the Restatement of Torts, holding that "[a]

trade secret may consist of any formula, pattern, device or compilation of information which is

Case No.: 12-CV-01831-LHK
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S ADMINISTRATIVE MOTION TO
SEAL

**United States District Court**
For the Northern District of California

1  used in one's business, and which gives him an opportunity to obtain an advantage over

2  competitors who do not know or use it." *Clark v. Bunker*, 453 F.2d 1006, 1009 (9th Cir. 1972)

3  (quoting Restatement (First) of Torts § 757 cmt. b). "Generally [a trade secret] relates to the

4  production of goods. . . . It may, however, relate to the sale of goods or to other operations in the

5  business. . . ." *Id.* (ellipses in original). In addition, the Supreme Court has recognized that sealing

6  may be justified to prevent judicial documents from being used "as sources of business information

7  that might harm a litigant's competitive standing." *Nixon*, 435 U.S. at 598.

8      In addition, parties moving to seal documents must comply with the procedures established

9  by Civil Local Rule 79-5. Pursuant to that rule, a sealing order is appropriate only upon a request

10  that establishes the document is "sealable," or "privileged or protectable as a trade secret or

11  otherwise entitled to protection under the law." Civ. L. R. 79-5(b). "The request must be narrowly

12  tailored to seek sealing only of sealable material, and must conform with Civil L.R. 79-5(d)." *Id.*

13  Civil Local Rule 79-5(d), moreover, requires the submitting party to attach a "proposed order that

14  is narrowly tailored to seal only the sealable material" and that "lists in table format each document

15  or portion thereof that is sought to be sealed," as well as an "unredacted version of the document"

16  that "indicate[s], by highlighting or other clear method, the portions of the document that have

17  been omitted from the redacted version." *Id.* R. 79-5(d)(1). "Within 4 days of the filing of the

18  Administrative Motion to File Under Seal, the Designating Party must file a declaration as required

19  by subsection 79-5(d)(1)(A) establishing that all of the designated material is sealable." *Id.* R. 79-

20  5(e)(1).

21      Below, the Court applies the "good cause" standard to Dole's request to seal documents in

22  connection with Dole's Motion to Decertify and the "compelling reasons" standard to Dole's

23  request to seal documents in connection with Dole's Motion for Summary Judgment. With these

24  standards in mind, the Court rules on the instant motion as follows:

25

26
27

| Motion to Seal | Standard | Document to be Sealed | Ruling |
|---|---|---|---|
| 225 | Good Cause | DPF00017725 Dole Sales Data (ECF No. 225-14) | GRANTED. |

28

3

Case No.: 12-CV-01831-LHK
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S ADMINISTRATIVE MOTION TO
SEAL

**United States District Court**
For the Northern District of California

| Motion to Seal | Standard | Document to be Sealed | Ruling |
|---|---|---|---|
| 225 | Compelling Reasons | 10/21/04 Hany Farag Email (ECF No. 225-15) 5/2/11 Paul Gross Email (ECF No. 225-16) 8/23/12 Paul Gross Email (ECF No. 225-17) | DENIED WITH PREJUDICE because "[t]he mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Kamakana*, 447 F.3d at 1179. |
| 225 | Compelling Reasons | 2/25/11 Hany Farag Email (ECF No. 225-18) | DENIED WITH PREJUDICE because Dr. Farag disclosed Dole's interpretation of FDA's "natural" policy in his deposition. |
| 225 | Compelling Reasons | 11/9/07 Kimberly Galante Email (ECF No. 225-19) | DENIED WITHOUT PREJUDICE because Dole's request is not narrowly tailored to seal only the document's reference to the impact on Dole's profit margins. *See* Civ. L. R. 79-5(b). |
| 225 | Compelling Reasons | Dole Internal Marketing Power Point Presentations (ECF No. 225-20) (ECF No. 225-21) Wharf Research Report (ECF No. 225-22) | DENIED WITHOUT PREJUDICE because Dole's request is not narrowly tailored to seal only the sealable material that the slides may contain. *See* Civ. L. R. 79-5(b). |
| 225 | Compelling Reasons | Ex. 30 to Brazil's Opposition to Dole's Motion for Summary Judgment: 2009 IRI Report "Time & Trends" (ECF No. 225-23) | DENIED WITH PREJUDICE because Dole has not provided compelling reasons to seal. |
| 225 | Compelling Reasons | Brazil's Opposition to Dole's Motion for Summary Judgment (ECF No. 225-24) | DENIED WITH PREJUDICE as to all proposed redactions not previously granted in ECF No. 220 because the highlighted material is not sealable. |

The parties shall file any renewed motions to seal consistent with this Order within seven

(7) days.

**IT IS SO ORDERED.**

Dated: December 8, 2014

LUCY H. KOH
United States District Judge

Case No.: 12-CV-01831-LHK
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S ADMINISTRATIVE MOTION TO SEAL